## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| CARLEY COLLINS, | |
| Plaintiff, | |
| v. | |
| SHEPHERD'S HILL ACADEMY, INC., | CIVIL ACTION NO. |
| Defendant. | |

### <u>NOTICE OF REMOVAL</u>

COMES NOW DEFENDANT SHEPHERD'S HILL ACADEMY, INC. (this "Defendant" or "SHA"), named as Defendant in the above-styled action, and timely files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Defendant specially appears in order to file this Notice of Removal, subject to and without waiving any defenses available to them under state and federal law. In support, this Defendant shows the following:

### Statement Of The Case

1.

On September 5, 2024, Plaintiff filed a Complaint in the State Court of Stephens County, Georgia, styled *Carley Collins v. Shepherd's Hill Academy LLC*, where it was assigned Civil Action No. STCV2024000294 (the "Complaint"). The

original Complaint was not served. On November 4, 2024, with Defendant's consent, Plaintiff filed her Amended Complaint correcting the misnomer of Defendant's name styled *Carley Collins v. Shepherd's Hill Academy, Inc.* (the "Amended Complaint"). This Defendant was served with the Amended Complaint on November 7, 2024.

2.

The Complaint and Amended Complaint seek damages related to injuries allegedly sustained by Plaintiff during her enrollment at SHA between from January 15, 2020 to December 16, 2020. See Amended Complaint, ¶ 1; Amended Complaint, ¶ 11. SHA is a therapeutic boarding school located in Martin, Georgia. Amended Complaint ¶ 3; Amended Complaint ¶ 8.  Plaintiff brings claims asserting: (1) breach of contract; (2) fraud and misrepresentation; (3) breach of fiduciary duty; (4) assault and battery; (5) kidnapping; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) gross negligence; (10) willful misconduct; (11) RICO violations; (12) sexual assault; (13) racial discrimination; (14) premises liability; (15) punitive damages; and (16) a request for attorney's fees under O.C.G.A. § 13-6-11. Amended Complaint, ¶ 5.

**Grounds for Removal**

3.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

4.

This case is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a), because there is complete diversity between the parties and Plaintiff claims damages in excess of $75,000, exclusive of interest and costs.

5.

Here, the Amended Complaint alleges that Plaintiff is a citizen of the State of Texas. Amended Complaint, ¶ 7. The Amended Complaint further alleges that this Defendant is a resident of the State of Georgia. Amended Complaint, ¶ 8. Therefore, complete diversity exists between Plaintiff and Defendant.

6.

While neither the Complaint nor Amended Complaint seek a specific dollar amount for Plaintiff's alleged damages, Plaintiff is seeking to recover the following damages: Count 1 Breach of Contract: "physical injuries, mental and emotional distress, exacerbation of any pre-existing conditions, pain and suffering, loss of educational opportunities and has incurred expenses for medical and psychological treatment." Amended Complaint, ¶ 52. Count 2 Fraud and Misrepresentation: "physical harm, emotional distress, exacerbation of any pre-existing conditions, interruption of her education, and incur costs for medical treatment." Amended Complaint, ¶62. Count 3 Breach of Fiduciary Duty: "physical harm, emotional distress, loss of educational opportunities, and economic injuries." Amended Complaint, ¶71. Count 4 Assault and Battery: "medical expenses, emotional counseling costs, and related economic damages." Amended Complaint, ¶80. Count 5 Kidnapping: "emotional distress, physical harm from the restraints, loss of freedom, and associated damages. Amended Complaint, ¶93. Count 6 Intentional Infliction of Emotional Distress: "the need for psychological counseling, medical treatment, pain and suffering, and other economic losses." Amended Complaint, ¶102. Count 7 Negligent Infliction of Emotional Distress: "severe emotional distress including anxiety, fear, mental anguish, loss of self-esteem, depression and other psychological trauma." Amended Complaint, ¶108. Count 8 Negligence: "physical

injuries, emotional distress, interruption of her education, and other damages." Amended Complaint, ¶113. Count 9 Gross Negligence: "severe physical injuries, emotional trauma, loss of educational opportunities, exacerbation of any existing conditions, and significant economic harm." Amended Complaint, ¶127. Count 10 Willful Misconduct: "severe physical and psychological injuries, economic losses, pain and suffering and other compensable damages." Amended Complaint, ¶138. Count 11 RICO Violations: "harm and injuries to Ms. Shepherd, including financial harm." Amended Complaint, ¶144. Count 12 Sexual Assault: "physical and emotional injuries, pain and suffering, as well as other damages…" Amended Complaint, ¶153. Count 13 Racial Discrimination: "harm including emotional distress, loss of educational opportunities, and dignity harm." Amended Complaint, ¶163. Count 14 Premises Liability: "actual physical injuries" and "emotional distress, counseling costs, and other economic losses." Amended Complaint, ¶¶ 171, 172. Count 15 Punitive Damages Under O.C.G.A. § 51-12-14. Amended Complaint, ¶¶175-182; and Count 16 Attorney's Fees for Bad Faith Under O.C.G.A. §13-6-11. Amended Complaint, ¶¶184-191.

7.

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe</u>

v. Michelin N. Am., 613 F.3d 1058, 1061 (11th Cir. 2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." Id. at 1061 (internal citations omitted). The Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Id.

8.

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 90, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495, 504 (2014).

9.

Thus, a notice of removal need cite only Plaintiff's allegations and requested relief to establish the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he Plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (citation and quotation marks omitted)).

10.

This Court can draw the reasonable inference based upon the Plaintiff's allegations that the amount in controversy is over $75,000, and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied. See Harris v. Bloomin' Brands, Inc., No. 1:18-CV-05078-ELR, 2019 U.S. Dist. LEXIS 245119, at *5 (N.D. Ga. Apr. 16, 2019) (finding plaintiff's allegations moved her across jurisdictional threshold where she alleged reduced earning capacity and permanent impairment from a slip and fall injury).

**All Procedural Requirements For Removal Have Been Met**

11.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents served upon this Defendant in the Stephens County state court action are being filed with this Notice of Removal as Exhibit "A" hereto.

12.

This Notice of Removal is filed within thirty (30) days from the date of service of the lawsuit pursuant to 28 U.S.C. § 1446(b)(1), which was November 7, 2024, 2024. (See Waiver of Service of Process Pursuant to O.C.G.A. § 9-11-4(d), which is part of Exhibit "A.").

13.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Georgia is the federal judicial district embracing Stephens County where the state court action was originally filed.

14.

Defendant has given written notice of the filing of this Notice of Removal to the Plaintiff by mailing a copy of this Notice of Removal via Certified Mail, Return Receipt Requested, Receipt Nos. 7019 1640 0001 2737 1843 and 7019 1640 0001 2737 1850, to Counsel for Plaintiff, and by serving and filing a written notice with the Clerk of State Court of Stephens County, copies of which are attached along with the Return Receipt as Exhibit "B."

15.

The Undersigned has read this Notice of Removal, and to the best of the Undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant Shepherd's Hill Academy, Inc. LLC prays that the case be removed to the United States District Court for the Northern District of Georgia, Gainesville Division.

This 5th day of December, 2024.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435

*/s/ Catherine M. Banich*
CATHERINE M. BANICH
Georgia Bar No. 260514

*/s/ Jennifer L. Clark*
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by CM/ECF and by email to the counsel of record as follows:

| **Attorneys for Plaintiffs** | **Attorneys for Plaintiffs** |
|---|---|
| Mitchell E. McGough, Esq. | Gareth S. Purnell, Esq. |
| Georgia Bar No 460942 | Texas State Bar No. 24130028 |
| MITCHELL E. MCGOUGH LAW, LLC | Simon B . Purnell |
| 945 E Paces Ferry Rd NE, Ste 2250 | (TX SBN 24003889) |
| Atlanta, Georgia 30326 | Daniel R. Griffin |
| mitchell@mitchellmcgoughlaw.com | (TXSBN 24118060) |
|  | Charles E. Hardy Jr. |
|  | (TX SBN 24107661) |
|  | Griffin Purnell, LLC |
|  | 2037 Airline Road, Suite 200 |
|  | Corpus Christi, TX 784132 |
|  | gareth@griffinpurnell.com |
|  | simon@griffinpurnell.com |
|  | dan@griffinpurnell.com |
|  | chase@griffinpurnell.com |
|  | Service email: |
|  | support@griffinpurnell.com |

This 5th day of December, 2024.

Respectfully submitted,

*/s/ Catherine M. Banich*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing pleading was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

This 5th day of December, 2024.

/s/ Catherine M. Banich
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com