**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I
**DEC 05, 2024 02:57 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

CARLEY COLLINS,

Plaintiff,

vs.

SHEPHERD'S HILL ACADEMY, INC.,

Defendant.

CIVIL ACTION FILE NO.
STCV2024000294

### NOTICE OF FILING NOTICE OF REMOVAL

TO:    CLERK, STATE COURT OF STEPHENS COUNTY

YOU ARE HEREBY notified that pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, and subject to and without waiving any defenses available to it under state and federal law, Defendant SHEPHERD'S HILL ACADEMY, INC. filed a Notice of Removal with the United States District Court for the Northern District of Georgia, Gainesville Division, contemporaneously herewith. A copy of the Notice of Removal is attached as Exhibit "1". The filing of this Notice of Removal effectuates the removal of the case to the federal court and this Court shall take no further action in the case unless and until the case is remanded. See 28 U.S.C. § 1446(d).

This 5th day of December, 2024.

<div style="border:1px solid black; text-align:center;">

**EXHIBIT**

**A**

</div>

Respectfully submitted,

*/s/ Catherine M. Banich*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **NOTICE OF FILING NOTICE OF REMOVAL** upon all parties to this matter by Peach Court and by email to the counsel of record as follows:

| **Attorneys for Plaintiffs** | **Attorneys for Plaintiffs** |
|---|---|
| Mitchell E. McGough, Esq. | Gareth S. Purnell, Esq. |
| Georgia Bar No 460942 | Texas State Bar No. 24130028 |
| MITCHELL E. MCGOUGH LAW, LLC | Simon B . Purnell |
| 945 E Paces Ferry Rd NE, Ste 2250 | (TX SBN 24003889) |
| Atlanta, Georgia 30326 | Daniel R. Griffin |
| mitchell@mitchellmcgoughlaw.com | (TXSBN 24118060) |
| | Charles E. Hardy Jr. |
| | (TX SBN 24107661) |
| | Griffin Purnell, LLC |
| | 2037 Airline Road, Suite 200 |
| | Corpus Christi, TX 784132 |
| | gareth@griffinpurnell.com |
| | simon@griffinpurnell.com |
| | dan@griffinpurnell.com |
| | chase@griffinpurnell.com |
| | Service email: support@griffinpurnell.com |

This 5th day of December, 2024.

/s/ Catherine M. Banich
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

EXHIBIT
1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

CARLEY COLLINS,

Plaintiff,

v.

SHEPHERD'S HILL ACADEMY, INC., | CIVIL ACTION NO.

Defendant.

## <u>NOTICE OF REMOVAL</u>

COMES NOW DEFENDANT SHEPHERD'S HILL ACADEMY, INC. (this "Defendant" or "SHA"), named as Defendant in the above-styled action, and timely files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Defendant specially appears in order to file this Notice of Removal, subject to and without waiving any defenses available to them under state and federal law. In support, this Defendant shows the following:

### Statement Of The Case

1.

On September 5, 2024, Plaintiff filed a Complaint in the State Court of Stephens County, Georgia, styled *Carley Collins v. Shepherd's Hill Academy LLC*, where it was assigned Civil Action No. STCV2024000294 (the "Complaint"). The

original Complaint was not served. On November 4, 2024, with Defendant's consent, Plaintiff filed her Amended Complaint correcting the misnomer of Defendant's name styled *Carley Collins v. Shepherd's Hill Academy, Inc.* (the "Amended Complaint"). This Defendant was served with the Amended Complaint on November 7, 2024.

2.

The Complaint and Amended Complaint seek damages related to injuries allegedly sustained by Plaintiff during her enrollment at SHA between from January 15, 2020 to December 16, 2020. See Amended Complaint, ¶ 1; Amended Complaint, ¶ 11. SHA is a therapeutic boarding school located in Martin, Georgia. Amended Complaint ¶ 3; Amended Complaint ¶ 8.  Plaintiff brings claims asserting: (1) breach of contract; (2) fraud and misrepresentation; (3) breach of fiduciary duty; (4) assault and battery; (5) kidnapping; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) gross negligence; (10) willful misconduct; (11) RICO violations; (12) sexual assault; (13) racial discrimination; (14) premises liability; (15) punitive damages; and (16) a request for attorney's fees under O.C.G.A. § 13-6-11. Amended Complaint, ¶ 5.

**Grounds for Removal**

3.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

4.

This case is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a), because there is complete diversity between the parties and Plaintiff claims damages in excess of $75,000, exclusive of interest and costs.

5.

Here, the Amended Complaint alleges that Plaintiff is a citizen of the State of Texas. Amended Complaint, ¶ 7. The Amended Complaint further alleges that this Defendant is a resident of the State of Georgia. Amended Complaint, ¶ 8. Therefore, complete diversity exists between Plaintiff and Defendant.

6.

While neither the Complaint nor Amended Complaint seek a specific dollar amount for Plaintiff's alleged damages, Plaintiff is seeking to recover the following damages: Count 1 Breach of Contract: "physical injuries, mental and emotional distress, exacerbation of any pre-existing conditions, pain and suffering, loss of educational opportunities and has incurred expenses for medical and psychological treatment." Amended Complaint, ¶ 52. Count 2 Fraud and Misrepresentation: "physical harm, emotional distress, exacerbation of any pre-existing conditions, interruption of her education, and incur costs for medical treatment." Amended Complaint, ¶62. Count 3 Breach of Fiduciary Duty: "physical harm, emotional distress, loss of educational opportunities, and economic injuries." Amended Complaint, ¶71. Count 4 Assault and Battery: "medical expenses, emotional counseling costs, and related economic damages." Amended Complaint, ¶80. Count 5 Kidnapping: "emotional distress, physical harm from the restraints, loss of freedom, and associated damages. Amended Complaint, ¶93. Count 6 Intentional Infliction of Emotional Distress: "the need for psychological counseling, medical treatment, pain and suffering, and other economic losses." Amended Complaint, ¶102. Count 7 Negligent Infliction of Emotional Distress: "severe emotional distress including anxiety, fear, mental anguish, loss of self-esteem, depression and other psychological trauma." Amended Complaint, ¶108. Count 8 Negligence: "physical

injuries, emotional distress, interruption of her education, and other damages." Amended Complaint, ¶113. Count 9 Gross Negligence: "severe physical injuries, emotional trauma, loss of educational opportunities, exacerbation of any existing conditions, and significant economic harm." Amended Complaint, ¶127. Count 10 Willful Misconduct: "severe physical and psychological injuries, economic losses, pain and suffering and other compensable damages." Amended Complaint, ¶138. Count 11 RICO Violations: "harm and injuries to Ms. Shepherd, including financial harm." Amended Complaint, ¶144. Count 12 Sexual Assault: "physical and emotional injuries, pain and suffering, as well as other damages…" Amended Complaint, ¶153. Count 13 Racial Discrimination: "harm including emotional distress, loss of educational opportunities, and dignity harm." Amended Complaint, ¶163. Count 14 Premises Liability: "actual physical injuries" and "emotional distress, counseling costs, and other economic losses." Amended Complaint, ¶¶ 171, 172. Count 15 Punitive Damages Under O.C.G.A. § 51-12-14. Amended Complaint, ¶¶175-182; and Count 16 Attorney's Fees for Bad Faith Under O.C.G.A. §13-6-11. Amended Complaint, ¶¶184-191.

<div align="center">7.</div>

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe</u>

v. Michelin N. Am., 613 F.3d 1058, 1061 (11th Cir. 2010).  In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." Id. at 1061 (internal citations omitted). The Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Id.

8.

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 90, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495, 504 (2014).

9.

Thus, a notice of removal need cite only Plaintiff's allegations and requested relief to establish the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he Plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (citation and quotation marks omitted)).

10.

This Court can draw the reasonable inference based upon the Plaintiff's allegations that the amount in controversy is over $75,000, and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied. See Harris v. Bloomin' Brands, Inc., No. 1:18-CV-05078-ELR, 2019 U.S. Dist. LEXIS 245119, at *5 (N.D. Ga. Apr. 16, 2019) (finding plaintiff's allegations moved her across jurisdictional threshold where she alleged reduced earning capacity and permanent impairment from a slip and fall injury).

**All Procedural Requirements For Removal Have Been Met**

11.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents served upon this Defendant in the Stephens County state court action are being filed with this Notice of Removal as Exhibit "A" hereto.

12.

This Notice of Removal is filed within thirty (30) days from the date of service of the lawsuit pursuant to 28 U.S.C. § 1446(b)(1), which was November 7, 2024, 2024. (See Waiver of Service of Process Pursuant to O.C.G.A. § 9-11-4(d), which is part of Exhibit "A.").

13.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Georgia is the federal judicial district embracing Stephens County where the state court action was originally filed.

14.

Defendant has given written notice of the filing of this Notice of Removal to the Plaintiff by mailing a copy of this Notice of Removal via Certified Mail, Return Receipt Requested, Receipt Nos. 7019 1640 0001 2737 1843 and 7019 1640 0001 2737 1850, to Counsel for Plaintiff, and by serving and filing a written notice with the Clerk of State Court of Stephens County, copies of which are attached along with the Return Receipt as Exhibit "B."

15.

The Undersigned has read this Notice of Removal, and to the best of the Undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendant Shepherd's Hill Academy, Inc. LLC prays that the case be removed to the United States District Court for the Northern District of Georgia, Gainesville Division.

This 5th day of December, 2024.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435

*/s/ Catherine M. Banich*
CATHERINE M. BANICH
Georgia Bar No. 260514

*/s/ Jennifer L. Clark*
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL upon all parties to this matter by CM/ECF and by email to the counsel of record as follows:

| **Attorneys for Plaintiffs**<br>Mitchell E. McGough, Esq.<br>Georgia Bar No 460942<br>MITCHELL E. MCGOUGH LAW, LLC<br>945 E Paces Ferry Rd NE, Ste 2250<br>Atlanta, Georgia 30326<br>mitchell@mitchellmcgoughlaw.com | **Attorneys for Plaintiffs**<br>Gareth S. Purnell, Esq.<br>Texas State Bar No. 24130028<br>Simon B . Purnell<br>(TX SBN 24003889)<br>Daniel R. Griffin<br>(TXSBN 24118060)<br>Charles E. Hardy Jr.<br>(TX SBN 24107661)<br>Griffin Purnell, LLC<br>2037 Airline Road, Suite 200<br>Corpus Christi, TX 784132<br>gareth@griffinpurnell.com<br>simon@griffinpurnell.com<br>dan@griffinpurnell.com<br>chase@griffinpurnell.com<br>Service email:<br>support@griffinpurnell.com |
| --- | --- |

This 5th day of December, 2024.

Respectfully submitted,

/s/ Catherine M. Banich
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing pleading was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1(C).

This 5th day of December, 2024.

*/s/ Catherine M. Banich*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

**General Civil and Domestic Relations Case Filing Information Form**

**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**

SEP 05, 2024 04:14 PM

Tim Quick, Clerk
Stephens County, Georgia

☐ Superior or ☑ State Court of __Stephens__ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _09-05-2024_ | **Case Number** _STCV2024000294_ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Collins, Carley | Shepherd's Hill Academy LLC |

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _McGough , Mitchell  E_    **Bar Number** _460942_    **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
    - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
    - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

STEPHENS COUNTY
TIMOTHY QUICK
CLERK OF SUPERIOR

RECEIPT NUMBER: 320579          9/10/2024
                                  11:02

NAME: MCGOUGH MITCHELL

TRANSACTION TYPE          R/C     AMOUNT

     STATE COURT CIVIL (5)

                           R      $224.00
CIVIL/OTHER
    CASE #2024-ST-CV-294-I    CARLEY
    COLLINS VS SHEPHERD'S HILL
    ACADEMY - COMPLAINT

     TOTAL DUE:                  $224.00

| CHECK #          | AMOUNT   |
|------------------|----------|
| -1               | $224.00  |
| TOTAL PAYMENT:   | $224.00  |

          BALANCE:              $0.00

OP: JULIE

# STATE COURT OF STEPHENS COUNTY
# STATE OF GEORGIA



⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**

**SEP 05, 2024 04:14 PM**

Tim Quick, Clerk
Stephens County, Georgia

CIVIL ACTION NUMBER  <u>STCV2024000294</u>

Collins, Carley

_____

**PLAINTIFF**

**VS.**

Shepherd's Hill Academy LLC

_____

**DEFENDANT**

### SUMMONS

TO: SHEPHERD'S HILL ACADEMY LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Mitchell E McGough**
> **Mitchell E McGough Law, LLC**
> **945 E Paces Ferry Rd NE Ste 2250**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of September, 2024.**

Clerk of State Court

_____

Tim Quick, Clerk
Stephens County, Georgia

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I
**SEP 05, 2024 04:14 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CARLEY COLLINS | |
| *Plaintiff* | Case No. |
| v. | |
| SHEPHERD'S HILL ACADEMY LLC | _____ |
| *Defendant* | |

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Carley Collins by and through her counsel, Griffin Purnell LLC, and for her cause of action against Defendant Shepherd's Hill Academy LLC, as the company and/or successor in interest to the company that participated in the transport to and/or internment at Shepherd's Hill Academy where Plaintiff and others throughout the United States resided. Accordingly, Plaintiff alleges and states to the Court as follows:

### I.    INTRODUCTION

1.      Plaintiff brings this civil action to recover damages within the jurisdictional limits of this Court including all (1) General Damages; (2) Special Damages; and (3) Exemplary Damages as well as other damages allowable under Georgia Law as a result of the transport to and time spent at Shepherd's Hill Academy.

2.      Shepherd's Hill Academy is one of many programs operating in what is known as the "troubled teen industry" (TTI programs). The troubled teen industry encompasses a variety of residential treatment programs and outdoor therapeutic camps claimed to be designed for adolescents struggling with issues like substance abuse, behavioral problems, mental health

disorders, or defiance toward authority figures. These programs operate across the United States and internationally. They employ a range of treatment methodologies, including wilderness therapy, emotional growth techniques, and behavior modification models. The industry generates significant annual revenue but lacks uniform regulation and external oversight.

3.      Shepherd's Hill Academy is a TTI program marketed as a therapy-based boarding school. Shepherd's Hill Academy specifically advertises itself as a Christ-centered wilderness therapy program that caters to "troubled teens" through its therapeutic activities and academic campus. The program claims to provide quality education, experiential living, and a holistic therapeutic approach to the teens enrolled in the approximately year-long program.

4.      The troubled teen industry routinely employs transport services, such as Safe Passage Global, to physically remove adolescents from their homes and transport them to residential programs or wilderness camps. Transport teams, often contracted by the facilities, arrive unannounced to teenagers' residences. They are tasked with extracting the youths and bringing them, against their will, if necessary, to the treatment camp locations.

5.      Plaintiff brings claims set forth below asserting: (1) breach of contract; (2) fraud and misrepresentation; (3) breach of fiduciary duty; (4) assault and battery; (5) kidnapping; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) gross negligence; (10) willful misconduct; (11) RICO violations; (12) sexual assault; (13) racial discrimination; (14) premises liability; (15) punitive damages; and (16) a request for attorney's fees for bad faith.

6.      These claims arise from Carley Collins' transport to, and time spent at Shepherd's Hill Academy which, due to Defendant's misconduct, resulted in a series of damages including without limitation, failure to perform under the contract, and physical and mental abuse.

## II.    PARTIES

7.    Plaintiff, Carley Collins ("Ms. Collins") is an individual residing in College Station, Brazos County, Texas.

8.    Defendant, Shepherd's Hill Academy LLC, ("SHA") is a Georgia corporation with its principal place of business located at 2200 Price Road, in Martin, Georgia. Shepherd's Hill Academy may be served with process by serving its registered agent at 2200 Price Road, Martin, Georgia 30557.

## III.    JURISDICTION & VENUE

9.    This Court has jurisdiction over the parties because the Defendant is incorporated and has their principal place of business within the State of Georgia.

10.    Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(1) and § 9-10-93, as the Defendant maintains their headquarters and/or their agent for service of process in this County, where substantial business activities related to this case's claims also occur.

## IV.    FACTUAL BACKGROUND

11.    Ms. Collins, now 20 years old, was a student at Shepherd's Hill Academy residential program in Georgia from January 15, 2020 to December 16, 2020 when she was 16-17 years old.

12.    She was transported against her will to the facility by a private transport service company on or around January 15, 2020.

13.    During this forced transport, Ms. Collins alleges she was handcuffed and shackled in a manner that caused her wrists to swell with open bleeding wounds. She had to walk through

an airport in restraints and believes she may have suffered nerve damage from the overly tight restraints.

14.    Staff took photographs of her injuries upon arrival at SHA but she did not receive adequate initial medical treatment for the wounds.

15.    Upon intake at SHA, Ms. Collins was subjected to a strip search in front of multiple people and invasive questioning about her sexual history.

16.    She underwent psychological testing that included the Rorschach inkblot test, which is not considered a scientifically valid clinical assessment tool.

17.    Ms. Collins was bluntly informed that at SHA, students had limited fundamental rights to only food, water, shelter, and showers – but no rights to basic freedoms like freedom of speech, freedom to wear clothing other than what was permitted, freedom to sleep, or to warmth. All other freedoms were deemed "privileges" that could be revoked through SHA's draconian discipline system.

18.    While at SHA, Ms. Collins resided in primitive "cabin" shelters made of tarps propped up by logs with no electricity, heating, ventilation, or proper bathroom facilities. The makeshift cabins were prone to leaks, mold growth, snake/rodent infestations, and even falling branches penetrating the tarp roofs due to the lack of a solid structure. When tornado warnings occurred, students had to sleep on the floor of a classroom trailer.

19.    Food preparation sites were equally unacceptable, consisting of open-air facilities covered in dirt and grime where food was cooked over underground fire pits in an unsanitary manner. This often resulted in students being served frozen chicken and vegetables that were undercooked. Rodent infestations were present in these areas as well.

20.     Ms. Collins was subjected to mental abuse tactics while at SHA like forced viewing of disturbing videos and media productions late into the night containing graphic content aimed at indoctrination. She claims students were made to watch videos like "Hell's Bells" which depicts secular media as satanic for hours on end. An anti-abortion film was also shown.

21.     Harsh disciplinary measures are described such as excessive exercise punishments to the point of students collapsing from exhaustion. Girls recount being made to do thousands of squats, jumping jacks, or pushups among other grueling physical consequences for even minor infractions or perceived infractions. Prolonged forced silence covering weeks or months was another tactic used.

22.     Withholding of proper nutrition through highly restricted "special meals" or so-called "meal replacements" like being given only a slice of frozen bread, small portions of beans and greens was cited. This type of food deprivation as punishment is criticized by experts as promoting disordered eating.

23.     Physical abuse in the form of forced intensive took place as well. One student claims being forced to scrub an entire shower facility with a toothbrush for days to degrading effect as punishment.

24.     Ms. Collins personally claims she was placed on "suicide watch" where staff would hold her arms constantly and watch her shower and use the bathroom, violating all privacy.

25.     Her education quality is stated as severely substandard, teaching the same basic curriculum to girls ages 12-17. She believes this lack of quality education left her completely unprepared for college initially.

26.     Communication with parents was severely restricted and monitored by staff at all times. Students could only communicate via letters that were screened, with any negativity about

SHA redacted by staff. Students were punished if they attempted to convey dissatisfaction with SHA to parents. Phone calls with parents were limited to 10 minutes monthly and always staff monitored.

27.     In-person parent visits were portrayed as a privilege that had to be earned over time via SHA's behavior level system and could be revoked for any perceived infractions like portraying SHA negatively. Any expression of a desire to leave the program or indicating one might be LGBTQ+ through conversation or in writing could result in harsh punishments.

28.     Punishments in general are described as completely excessive, with overly harsh consequences doled out for even minor offenses or perceived infractions like forgetting something, looking in the wrong direction, or accidentally positioning oneself slightly too far away from an assigned staff monitor.

29.     Restraints and being forced to be attached at all times to a staff member by links or "being on hip" were common consequences.

30.     SHA had a prominent focus on fundamentalist Christian teachings and attempted indoctrination. This included Bible courses, and required church attendance where students were publicly denigrated as "troubled" or "deeply troubled youths" SHA's founder Trace Embry was "ministering" to.

31.     Mr. Embry himself frequently conducted "chapel" sessions that were a mix of fire-and-brimstone anti-LGBTQ+ rhetoric and extreme interpretations of sexual purity. He would allegedly make derogatory comments about LGBTQ+ people, claim they were destined for hell, compare them to "abominations", and wear shirts printed with anti-gay Bible verses.

32.     Ms. Collins and other students claim SHA employed conversion therapy tactics for LGBTQ+ students – separating those who experienced "same-sex attraction", censoring LGBTQ+

topics, and having therapists directly attempt to change their sexual orientation or gender identity. Outside speakers also allegedly visited to give instructions on homosexuality being abnormal.

33.    Medical safety was severely compromised. Health incidents like scabies/lice outbreaks and broken bones are stated to have been basically ignored – with students forced to continue manual labor on crutches in some cases.

34.    Staff oversight and qualifications are called into serious question.

35.    The program was largely operated by young, potentially unqualified staff members – some still college students or recent graduates without clinical psychology credentials overseeing therapy. Embry himself had no formal mental health training but pushed his fundamentalist Christian ideology.

36.    Staff were trained in coercive "FBI interrogation tactics" to force information from students and were shown harsh physical restraint methods. One former staff member gave testimony that she was told students could "never receive enough consequences" as part of the discipline indoctrination.

37.    SHA engaged in deceptive billing practices as well, like improperly billing education savings accounts or insurance companies potentially through fraudulent mental health diagnosis assignments that did not reflect legitimate clinical evaluations.

38.    The stated reasons for Ms. Collins' admission by her mother centered primarily around disapproval of her sexual orientation as a lesbian and some minor marijuana use at the time – not acute mental health needs. This coincided with a previous clinical evaluation finding no mental health issues requiring residential treatment, only potential family dynamic conflicts.

## V.    THE DISCOVERY RULE APPLIES TO THIS MATTER

39.    All of the allegations contained in the previous paragraphs are realleged herein.

40.    Plaintiff pleads that the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence, should have known of facts indicating Plaintiff had been injured, the cause of the injury, and the tortious nature of the wrongdoing that caused the injury.

41.    The damages Plaintiff suffered could not have been discovered by a date within the applicable statute of limitations for filing of some of Plaintiff's claims.

42.    The conduct of the Defendant hampered the ability of Plaintiff to discover the injury, the cause of the injury, and the tortious nature of the wrongdoing which caused said injury. The Defendant advertised themselves as, and convinced Plaintiff that the wrongs they were committing to Plaintiff were for her own betterment. As a minor, Plaintiff was unable to grasp the extent of damage Defendant was doing to her under the guise of self-improvement. Moreover, once Plaintiff left Shepherd's Hill Academy, she attempted to obtain her records from the Defendant, which she was repeatedly denied.

43.    Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by the Defendant when they had a duty to disclose those facts.

44.    The Defendant's purposeful and fraudulent acts of concealment have kept Plaintiff ignorant of vital information essential to the pursuit of Plaintiff's claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on Plaintiff's filing of her causes of action.

45.    Further, the tortious conduct involved should be considered a continuing tort and Plaintiff is bringing this action upon the discovery through reasonable care and due diligence of the tortious conduct damages, and injury suffered.

## VI.    CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

46.    In approximately January 2020, Ms. Collins' mother entered into an enrollment agreement contract with Shepherd's Hill Academy for Ms. Collins to attend the residential program as a student.

47.    The contract represented that SHA would provide a safe, therapeutic environment aimed at addressing the behavioral and emotional needs of at-risk adolescents through appropriate clinical services, education, and residential care.

48.    SHA marketed and promoted its program as offering professional therapeutic treatment by qualified staff, coupled with a nurturing residential environment to facilitate emotional growth and continued education for students.

49.    By enrolling Ms. Collins at SHA and rendering payment for her attendance, her mother and SHA formed a valid contract, either making Ms. Collins a direct party to the agreement or an intended third-party beneficiary.

50.    The contract obligated SHA to exercise reasonable care in providing Ms. Collins with a therapeutic milieu, including:

a)  Appropriate clinical assessments and mental health treatment by qualified professionals;

b)  A safe living environment with adequate food, shelter, heating/cooling, and sanitization;

c)  Educational instruction sufficient to make academic progress; and

d)  Freedom from abuse, cruelty, excessive punitive measures, and violations of human rights.

51.    SHA committed material breaches of its contractual duties by failing to satisfy the

essential terms, resulting in harm and damages to Ms. Collins, including but not limited to:

a) Failure to provide clinically appropriate assessment, counseling, and therapy by licensed professionals, instead relying on unqualified staff to render services promoting fundamentalist Christian indoctrination and conversion therapy tactics targeting LGBTQ+ identity;

b) Failure to furnish a safe, habitable living environment by housing Ms. Collins in unsanitary, rudimentary shelters infested with rodents/insects and lacking basic utilities, exposing her to disease and injury risks;

c) Failure to deliver an adequate education by providing substandard curricula and instruction inappropriate for differing age/grade levels, leaving Ms. Collins unprepared for higher education;

d) Inflicting mental abuse through tactics like forced viewing of disturbing media, humiliation, food deprivation, excessive physical punishments, undue restraints, and violating human rights to privacy, dignity and freedoms;

e) Demonstrating deliberate indifference to medical needs;

f) Depriving Ms. Collins of reasonable communication and contact with her parents; and

g) Employing excessive disciplinary measures and harsh punishments disproportionate to any alleged misconduct and inconsistent with a therapeutic environment.

52.    As a direct and proximate result of SHA's material breaches of its contractual

duties, Ms. Collins suffered damages including physical injuries, mental and emotional distress,

exacerbation of any pre-existing conditions, pain and suffering, loss of educational opportunities

and has incurred expenses for medical and psychological treatment.

53.    SHA's failures were so fundamentally inconsistent with and contradictory to the

purpose of the enrollment agreement that it defeated the very object of the contract's intent,

amounting to a total breach.

54.    Ms. Collins is entitled to recover compensatory damages from SHA stemming from

its breach of contract in an amount to be proved at trial, as well as potential liquidated damages as

specified in the agreement, costs, and any other appropriate relief.

## COUNT 2: FRAUD AND MISREPRESENTATION

55.    Shepherd's Hill Academy made numerous false representations and misleading statements in its marketing materials, advertisements, website content, and oral communications regarding the therapeutic nature of its residential program.

56.    These representations included claims that SHA provided a safe environment with professional clinical staff, effective mental health treatment, and an appropriate educational curriculum – all aimed at rehabilitating at-risk youth.

57.    SHA knew these representations were false or made them recklessly without regard for the truth. In reality, SHA employed abusive tactics, lacked qualified staff, furnished substandard education, and failed to deliver on its promises of therapeutic care.

58.    The misrepresentations were material, going to the heart of SHA's program that Ms. Collins' mother relied upon in deciding to enroll her daughter and render payment.

59.    SHA intended that its false representations be acted upon by parents like Ms. Collins' mother seeking legitimate residential treatment options for their children.

60.    In    reasonable    reliance    on    SHA's    deliberately    deceptive    marketing misrepresentations, Ms. Collins' mother was induced to enroll her at SHA and incur financial obligations.

61.    Rather than receiving the professional therapeutic environment as advertised, Ms. Collins instead endured substandard conditions, unqualified staff, indoctrinating fundamentalist Christian teachings, conversion therapy tactics targeting LGBTQ+ identity, and outright mental/physical abuse.

62.    SHA's fraudulent conduct and misrepresentations directly and proximately caused Ms. Collins to suffer injuries including physical harm, emotional distress, exacerbation of any pre-existing conditions, interruption of her education, and incur costs for medical treatment.

63.    SHA's actions in fraudulently inducing enrollment through misrepresentations constitute fraud in the inducement, fraud in the execution, fraudulent misrepresentation, fraudulent omission by failing to disclose the true nature of its practices, and violate consumer protection statutes prohibiting deceptive trade practices.

64.    As a result of SHA's fraud, Ms. Collins is entitled to recover compensatory and punitive damages in an amount to be proven at trial, as well as potential statutory enhanced damages, reasonable attorneys' fees, costs and other relief.

## COUNT 3: BREACH OF FIDUCIARY DUTY

65.    As a residential treatment facility for adolescents, Shepherd's Hill Academy owed a fiduciary duty to its minor students like Ms. Collins. This included duties of care, loyalty, good faith, and acting in the students' best interests.

66.    The fiduciary relationship arose from SHA serving as temporary custodians and caregivers for the students, standing partially in loco parentis, with control over their living situations and well-being.

67.    SHA breached its fiduciary duties to Ms. Collins in numerous ways, including but not limited to:

a) Failing to act with reasonable care to ensure Ms. Collins' safety by housing her in substandard shelters infested with vermin and lacking proper climate control;

b) Failing to act loyally and in Ms. Collins' best interests through the use of cruel punishments, excessive deprivation tactics, and emotional abuse;

c) Failing to act in good faith by employing unqualified staff who lacked competence to provide therapeutic treatment;

d)  Acting in disloyal violation of Ms. Collins' privacy and confidentiality rights by improperly disclosing her therapy records and allowing unauthorized monitoring;

e)  Engaging in conversion therapy tactics and rhetoric designed to cause psychological abuse;

f)  Failing to provide Ms. Collins with an adequate education curriculum, prioritizing unpaid labor over her academic progress against her interests; and

g)  Demonstrating deliberate indifference to Ms. Collins' serious medical needs, withholding proper treatment in violation of duties of care.

68.    These actions and omissions by SHA amounted to bad faith and disloyalty, putting SHA's own interests ahead of Ms. Collins interests and need for safety, care, and therapeutic treatment.

69.    As a fiduciary, SHA had a duty to make full disclosure of all material facts to Ms. Collins and her parents/guardians, which it failed to do regarding its disciplinary practices, underqualified staff, and substandard conditions.

70.    SHA abused the special trust, confidence, and control it was given over Ms. Collins and violated the duty of utmost care owed to protect the vulnerable child.

71.    As a direct and proximate cause of SHA's fiduciary breaches, Ms. Collins suffered physical harm, emotional distress, loss of educational opportunities, and economic injuries.

72.    SHA is liable for actual and compensatory damages, as well as potential punitive damages where its actions demonstrated willful misconduct and conscious disregard for Ms. Collins' welfare.

## COUNT 4: ASSAULT AND BATTERY

73.    During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, she was subjected to numerous instances of unwanted and non-consensual physical contact by SHA staff members.

74. This physical contact was intended to cause harmful or offensive bodily contact to Ms. Collins and constituted battery.

75. Specific instances of battery inflicted upon Ms. Collins by SHA staff include but are not limited to:

a) Using excessive and injurious restraints like handcuffs and shackles during Ms. Collins' forced transport that caused swelling, bleeding wounds and potential nerve damage;

b) Forcibly strip searching Ms. Collins in front of multiple people against her will upon intake;

c) Physically restraining Ms. Collins through use of restraint holds and prohibiting her freedom of movement as punitive measures;

d) Subjecting Ms. Collins to excessive physical discipline including forcing her to do thousands of push-ups, jumping jacks and other exercises to the point of collapse and physical distress;

e) Intentionally depriving Ms. Collins of adequate nutrition through highly restricted "special meals" and food deprivation as punishment;

f) Compelling Ms. Collins to engage in intensive forced labor like chopping wood, digging holes, and other strenuous manual tasks under threat of discipline; and

g) Placing Ms. Collins on "suicide watch" where staff held her arms constantly and watched her shower and use the bathroom, violating her personal privacy.

76. These physical contacts and applications of force were unreasonable, unjustified, non-consensual and performed intentionally by SHA staff to cause offensive bodily harm or offensive contact to Ms. Collins.

77. At no point did Ms. Collins ever provide actual consent for these harmful physical contacts, nor was she of legal capacity to consent while a minor student enrolled at SHA's program.

78. The physical contact inflicted by SHA staff caused Ms. Collins to suffer physical injuries, severe emotional distress, anxiety, indignity, and physical and mental pain and suffering.

79. SHA staff had no legal privilege or justification to subject Ms. Collins to this

excessive and abusive physical force. Their conduct constituted both civil assault and battery for which SHA can be vicariously liable.

80.     As a direct and proximate result of the assault and battery committed against her, Ms. Collins has incurred medical expenses, emotional counseling costs, and related economic damages.

81.     SHA's staff engaged in this conduct knowingly, willfully, wantonly, oppressively, maliciously and with conscious disregard for Ms. Collins' rights, entitling her to punitive damages.

82.     Ms. Collins seeks compensatory and punitive damages in an amount to be proven at trial, costs, and other relief deemed appropriate.

## COUNT 5: KIDNAPPING

83.     In January 2020, Ms. Collins, who was 17 years old at the time, was forcibly taken from her home against her will by two transport agents from Safe Passage Global, a private transport service company contracted by Shepherd's Hill Academy.

84.     Ms. Collins did not consent to being taken from her home and did not have the legal capacity as a minor to consent to being transported in this manner even if she had.

85.     Under Georgia law, any person intentionally holding another against their will through the use of offensive force or threat constitutes the crime of kidnapping. O.C.G.A. § 16-5-40.

86.     The Safe Passage Global agents used offensive force by handcuffing and shackling Ms. Collins to physically restrain and control her movements in order to transport her against her will.

87.     At the time Safe Passage Global forcibly seized and transported the minor Ms. Collins from her home, there were no pending court orders granting them lawful authority to do

so without her consent.

88.     Any purported "consent" provided by Ms. Collins' parents was invalid, as it was obtained by Shepherd's Hill Academy through fraudulent inducement and misrepresentations about the therapeutic nature of its program.

89.     Georgia law prohibits parents from abandoning or mistreating their children through cruelty that renders the parental discretion inability. O.C.G.A. § 19-7-25. Shepherd's Hill Academy fraudulently induced the "consent" through material misrepresentations.

90.     Ms. Collins' parents were deliberately misled and defrauded by SHA's false representations that their program provided professional clinical treatment in a safe, nurturing environment that complied with laws and regulations.

91.     In reasonable reliance on these fraudulent misrepresentations from SHA, Ms. Collins' parents lacked the legal capacity to validly consent to the offensive forced transportation.

92.     Shepherd's Hill Academy conspired with and aided/abetted Safe Passage Global's kidnapping of Ms. Collins, making them co-conspirators in the criminal act.

93.     As a result, Ms. Collins suffered injuries including emotional distress, physical harm from the restraints, loss of freedom, and associated damages.

94.     The actions of SHA through their employees and/or agents, demonstrated willful misconduct, malice, wantonness, and an entire want of care raising presumption of conscious indifference to consequences.

95.     Ms. Collins seeks compensatory and punitive damages against SHA in an amount to be proven at trial for state law claims of kidnapping, false imprisonment, intentional infliction of emotional distress and associated torts.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96.    During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, SHA's employees and agents intentionally engaged in extreme and outrageous conduct through abusive disciplinary tactics and residential conditions.

97.    The conduct by SHA staff was intentional and reckless, as it involved subjecting Carley Collins, a minor teenager at the time, to cruel punishments, forced labor, prolonged deprivations, and violations of human dignity.

98.    Specific instances of SHA's extreme and outrageous conduct included but were not limited to:

a)  Forcibly transporting Ms. Collins against her will using excessive restraints that caused physical injuries;

b)  Compelling Ms. Collins to endure harsh punishments like prolonged silence, "meal replacements" amounting to food deprivation, and excessive physical discipline to the point of collapse;

c)  Forcing Ms. Collins to engage in intensive manual labor under threat of punishment;

d)  Subjecting Ms. Collins to humiliating practices like strip searches and invasions of privacy during "suicide watch" monitoring;

e)  Indoctrinating Ms. Collins with fundamentalist Christian teachings and rhetoric condemning her sexual orientation through conversion therapy tactics;

f)  Failing to provide a safe living environment by housing Ms. Collins in unsanitary conditions infested with rodents/insects, lacking proper climate control, and risking injury;

g)  Demonstrating deliberate indifference to Ms. Collins' medical needs; and

h)  Subjecting Ms. Collins to severe limits on family communication and retaliation if she portrayed SHA negatively.

99.    This extreme and outrageous conduct by SHA staff was utterly intolerable in a civilized society and went beyond the bounds of any reasonable treatment program.

100.    SHA's conduct intentionally or recklessly caused Ms. Collins severe emotional distress, including anxiety, depression, anguish, emotional trauma, loss of self-esteem, and dignity.

101.    The emotional distress inflicted on Ms. Collins was so severe that no reasonable person could be expected to endure it, resulting in injury.

102.    As a direct result, Ms. Collins has suffered damages including the need for psychological counseling, medical treatment, pain and suffering, and other economic losses.

103.    The actions of SHA employees were willful, wanton, malicious and demonstrated an extreme indifference to the consequences of their conduct toward Ms. Collins.

104.    Ms. Collins seeks to recover compensatory damages and punitive damages against SHA in an amount to be proven at trial.

<u>**COUNT 7:**</u> **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

105.    Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services by qualified professionals, and freedom from abusive or harmful treatment tactics while she was enrolled as a student.

106.    SHA breached its duty of care to Ms. Collins through numerous negligent actions and failures, including but not limited to:

a)  Negligently failing to furnish a safe living space by housing Ms. Collins in substandard shelters infested with rodents/insects and lacking proper climate control, utilities, and sanitization;

b)  Negligently failing to provide an appropriate educational curriculum by utilizing the same inadequate instruction for a wide range of age groups;

c)  Negligently failing to ensure qualified clinical staff by employing underqualified and unlicensed individuals to provide therapy and mental health services;

d) Negligently failing to follow acceptable and lawful standards of care in therapeutic practices by subjecting Ms. Collins to cruel punishments, forced labor, deprivation of necessities, and emotional abuse tactics;

e) Negligently failing to protect Ms. Collins' safety and well-being by demonstrating deliberate indifference towards proper medical care; and

f) Negligently allowing staff members to inflict emotional distress through harsh disciplinary measures and humiliating practices like public shaming and strip searches.

107.    SHA had an obligation to anticipate that its negligent actions and failures could foreseeably result in emotional distress to Carley Collins as a minor child under its care and supervision.

108.    As a direct and proximate result of SHA's negligent conduct, Ms. Collins suffered severe emotional distress including anxiety, fear, mental anguish, loss of self-esteem, depression and other psychological trauma.

109.    The emotional harm Ms. Collins experienced was a reasonably foreseeable consequence of SHA's negligent actions, failures, and lack of reasonable care toward her health, safety and well-being.

110.    Ms. Collins seeks to recover compensatory damages from SHA in an amount to be proven at trial for the emotional distress caused by SHA's negligence.

## <u>COUNT 8: NEGLIGENCE</u>

111.    Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services, education, and freedom from abusive treatment while she was enrolled as a student.

112.    SHA breached its duty through numerous negligent acts and omissions that failed to meet the applicable standard of care, placing Ms. Collins at foreseeable risk of harm.

113.    As a direct and proximate result of SHA's negligence, Ms. Collins suffered physical injuries, emotional distress, interruption of her education, and other damages.

### Medical Neglect

114.    SHA acted negligently in failing to provide Ms. Collins with adequate medical care and attention to her health needs, including:

a)  Denying outside medical treatment when she or other students fell sick;

b)  Failing to properly isolate, treat, or prevent the spread of disease on campus;

c)  Delaying treatment of wounds caused by excessive restraints during transport; and

d)  Failing to address scabies/lice outbreaks and other health issues in a timely manner.

### Spiritual Neglect

115.    SHA acted negligently by subjecting Ms. Collins to spiritually abusive and damaging practices, including:

a)  Forcing fundamentalist Christian indoctrination through disturbing media and rhetoric;

b)  Employing conversion therapy tactics targeting her sexual orientation; and

c)  Inflicting psychological abuse by shaming her sexuality and promoting "purity culture."

### Educational Neglect

116.    SHA acted negligently in failing to provide Ms. Collins with an adequate education, including:

a)  Utilizing a substandard curriculum taught at the same level for all girls ages 12-17;

b)  Failing to ensure instruction enabled academic progress and college preparedness; and

c)  Prioritizing unpaid manual labor over Ms. Collins' educational development.

*Emotional Neglect*

117.    SHA acted negligently by failing to provide an environment conducive to emotional well-being for Ms. Collins, including:

a) Subjecting her to cruel punishments, humiliation, and excessive disciplinary tactics;
b) Demonstrating deliberate indifference to her emotional distress from conditions;

c) Creating an atmosphere of fear, hostility and dehumanizing treatment; and

d) Restricting communication with parents and support systems outside SHA.

*Physical Neglect*

118.    SHA acted negligently by failing to ensure Ms. Collins' physical safety and well-being, including:

a) Housing her in substandard shelters infested with rodents/insects and lacking utilities;

b) Depriving her of adequate food, water, shelter, warmth, hygiene and clothing at times;

c) Forcing her to engage in intensive manual labor at risk of physical injury or distress; and

d) Authorizing excessive physical force and restraints by staff against Ms. Collins.

*Mental Neglect*

119.    SHA acted negligently by failing to provide an environment conducive to mental health for Ms. Collins, including:

a) Housing her in isolating, dehumanizing, and unstable living conditions;

b) Imposing harsh punishments, forced deprivations, and cruel disciplinary practices;

c) Employing underqualified, unlicensed staff to provide mental health treatment; and

d) Inflicting conversion therapy and anti-LGBTQ+ practices causing psychological distress.

*Negligent Hiring, Training and Supervision*

120.    SHA acted negligently in its hiring, training, and supervision of staff, including:

a)  Hiring underqualified, unlicensed staff lacking education/credentials for roles;

b)  Providing inadequate training on appropriate standards of care for students;

c)  Training staff to use coercive "interrogation tactics" and harsh restraints;

d)  Failing to properly supervise staff's use of excessive punishments and abuses; and

e)  Retaining staff known to inflict emotional abuse, humiliation and cruel tactics

121.    Ms. Collins is entitled to recover compensatory damages from SHA for all injuries proximately caused by its negligence.

## <u>COUNT 9</u>: <u>GROSS NEGLIGENCE</u>

122.    Shepherd's Hill Academy owed Ms. Collins, as a minor student enrolled in its residential program, a heightened duty to exercise a rigorous degree of care to prevent foreseeable harm or injury to her.

123.    SHA's conduct demonstrated an extreme degree of negligent misconduct that created an unreasonable risk of physical and emotional harm to the minor Carley Collins, who was particularly vulnerable while in SHA's custody and care.

124.    SHA engaged in numerous grossly negligent acts and omissions that violated the heightened duty of care and demonstrated a conscious indifference to the consequences, including but not limited to:

a)  Housing Ms. Collins in unsanitary, substandard shelters infested with rodents/insects and lacking proper climate control, utilities, sanitation, and protection from potential injuries like falling debris, creating an unreasonable risk to her health and safety;

b)  Imposing cruel, excessive and injurious disciplinary punishments and forced manual labor on Ms. Collins that violated standards of care and human rights, amounting to child abuse and neglect;

c)  Intentionally depriving Ms. Collins of adequate nutrition, medical care, freedom of movement, and basic life necessities at times as a punitive measure, putting her at

severe risk;

d) Subjecting Ms. Collins to severe emotional distress, humiliation, and dehumanizing tactics like strip searches, suicide watch violations of privacy, seclusion and conversion therapy, designed to break her will;

e) Employing grossly unqualified, unlicensed staff who lacked basic credentials, training or clinical competence to provide therapeutic or mental health treatment for adolescents;

f) With conscious disregard, having staff members improperly physically restrain and excessively forcibly transport Ms. Collins resulting in physical injuries; and

g) Willfully ignoring reports of abuses by staff and failing to properly supervise them, allowing continued mistreatment of students like Ms. Collins.

125.    Through its gross negligence, SHA created an ongoing unreasonable risk of harm, and its failure to exercise slight care constituted a higher risk than lack of ordinary care.

126.    SHA's acts and omissions demonstrated a conscious indifference to the harmful consequences that its misconduct could have on Ms. Collins, an adolescent in its care.

127.    As a direct result of SHA's gross negligence, Ms. Collins suffered severe physical injuries, emotional trauma, loss of educational opportunities, exacerbation of any existing conditions, and significant economic harm.

128.    SHA's actions evidenced willful misconduct, malice, wantonness, and an entire want of care that would raise a presumption of conscious indifference to the consequences of its conduct.

129.    Due to the aggravating circumstances involved, Ms. Collins is entitled to recover compensatory damages and punitive damages from SHA in an amount to be proven at trial.

## COUNT 10: WILLFUL MISCONDUCT

130.    Under Georgia law, an employer is liable for the willful misconduct of its employees when such conduct injures another person.

131.    Shepherd's Hill Academy, through the actions of its employees and agents, engaged in willful misconduct toward Ms. Collins that caused her severe injuries and damages.

132.    Georgia law defines willful misconduct as conduct involving conscious indifference to the consequences of one's acts – essentially a wanton or reckless disregard for the rights of others.

133.    SHA employees demonstrated conscious indifference and reckless disregard for Ms. Collins' rights through numerous intentional acts and omissions, including but not limited to:

   a)  Forcibly transporting and excessively restraining the minor Ms. Collins during intake, resulting in physical injuries despite knowing the dangers;

   b)  Knowingly subjecting Ms. Collins to dehumanizing punishments like forced deprivation of food, water and basic necessities;

   c)  Intentionally inflicting harsh physical discipline like excessive forced exercise with conscious disregard for her well-being;

   d)  Willfully compelling Ms. Collins to do strenuous, injurious forced manual labor against her will and physical capability;

   e)  Consciously disregarding Ms. Collins' serious medical needs;

   f)  Recklessly subjecting Ms. Collins to mentally, emotionally and spiritually abusive practices like humiliation, seclusion and conversion therapy; and

   g)  Wantonly ignoring standards of care by employing unlicensed, unqualified staff to provide therapeutic treatment and supervision.

134.    These acts and omissions by SHA employees were intentional, willful, and demonstrated a conscious indifference to the known risks and dangers they posed to the minor Carley Collins.

135.    SHA is directly liable for the willful misconduct of its employees under the doctrine of respondeat superior.

136.    The willful and wanton nature of SHA's egregious actions showed an entire want

of care that would raise a presumption of conscious indifference to their consequences.

137.    Under Georgia law, willful misconduct is a greater degree of culpability than gross negligence and lacks any mitigating circumstances.

138.    As a direct and proximate result of SHA's willful misconduct, Ms. Collins suffered severe physical and psychological injuries, economic losses, pain and suffering and other compensable damages.

139.    Due to the heightened level of culpable misconduct involved, Ms. Collins is entitled to recover punitive damages against SHA in addition to compensatory damages.

## <u>COUNT 11</u>: RICO VIOLATIONS

140.    The Georgia RICO act prohibits any person from participating in an "enterprise' through a pattern of racketeering activity involving predicate criminal acts committed with criminal intent.

141.    Shepherd's Hill Academy constitutes an "enterprise" as defined by conducting its affairs through a continuous organizational structure with associates and employees.

142.    SHA and its associates, including but not limited to Trace Embry, transport companies, and certain employees, engaged in a pattern of racketeering activity involving numerous indictable offenses under Georgia laws.

143.    These predicate acts committed by SHA and its associates constitute racketeering activity and include:

a)  Kidnapping (O.C.G.A. § 16-5-40) for forcibly abducting students like Ms. Collins through transport services;

b)  False imprisonment (O.C.G.A. § 16-5-41) by unlawfully restraining students' personal liberty;

c)  Cruelty to children (O.C.G.A. § 16-5-70) through excessive physical/mental pain or allowing cruel treatment;

d) Sexual battery (O.C.G.A. § 16-6-22.1) by subjecting students to non-consensual sexual contact;

e) Deceptive business practices and fraud (O.C.G.A. § 16-9-50 et seq.) through false marketing/misrepresentations;

f) Insurance fraud and inflating charges for services not rendered (O.C.G.A. § 33-1-9); and

g) Potential labor violations and illegal employment of unlicensed or unqualified personnel.

144.    This pattern of racketeering activity directly and proximately caused harm and injuries to Ms. Collins, including financial harm from the fraud and deceptive practices.

145.    SHA and its associates exhibited the specific statutory intent to engage in these predicate offenses through their actions, threats, acts of deception, and knowing code of silence.

146.    There was a direct relationship between SHA's racketeering activity and Ms. Collins' injuries, entitling her to treble damages and other remedies under RICO.

## <u>COUNT 12</u>: SEXUAL ASSAULT

147.    Under Georgia law, sexual assault is defined in part as sexual contact with another person without the consent of that person. O.C.G.A. § 16-6-5.1.

148.    "Sexual contact" means any intentional touching of the victim's intimate body parts or clothing covering those areas, for the purpose of sexual gratification. O.C.G.A. § 16-6-22.1.

149.    During Ms. Collins' enrollment at SHA, she alleges being subjected to non-consensual sexual contact by one or more SHA staff members in potential violation of Georgia's sexual assault laws, including but not limited to:

a) Being forcibly strip searched by staff in view of others without consent;

b) Having staff members touch her in areas constituting intimate body parts while forcibly restraining her against her will;

c) Staff intentionally watching and monitoring Ms. Collins while nude/undressed without consent, including during showers and use of bathroom facilities; and

d) Staff making inappropriate sexualized comments about Ms. Collins' body or attire.

150.    At no point did Ms. Collins, who was a minor teenager at the time, provide actual legal consent to any of these acts involving sexual contact and/or invasions of bodily privacy.

151.    Even if Ms. Collins had verbally consented, Georgia law recognizes that minors lack legal capacity to consent to sexual acts with adults.

152.    The alleged sexual contact was committed intentionally and for the purpose of gratifying the staff perpetrators' prurient interests, thereby meeting the definition of sexual assault.

153.    Ms. Collins has suffered physical and emotional injuries, pain and suffering, as well as other damages as a direct result of these sexual assaults.

154.    SHA is directly liable for the intentional sexual torts of assault and battery committed by its employees against Ms. Collins under the doctrine of respondeat superior.

155.    Ms. Collins is entitled to recover compensatory and punitive damages from SHA for all losses caused by the sexual assaults.

## <u>COUNT 13</u>: RACIAL DISCRIMINATION

156.    Georgia state law (O.C.G.A. § 51-1-6) also prohibits racial discrimination and harassment in public and private sectors.

157.    During Ms. Collins' enrollment, she witnessed a Black female student at SHA being subjected to intentional racial discrimination by at least one SHA staff member.

158.    Specifically, the staff member allegedly forced the Black student to perform the degrading and dehumanizing task of picking up cotton balls scattered on the ground solely because of her race.

159.    The staff member's actions in singling out the student for this demeaning

punishment invoking racist historical symbolism was a hostile act based on the student's race.

160.    The racist comment and punitive action created a hostile educational environment at SHA that was subjectively and objectively offensive, hostile and abusive to the student victim.

161.    Ms. Collins has sufficiently close statutory standing to bring claims on the student's behalf as an aggrieved party who witnessed the discriminatory conduct.

162.    SHA failed to adequately respond and prevent a racially hostile environment from existing despite its notice of the staff member's conduct.

163.    As a direct result, the student victim suffered harm including emotional distress, loss of educational opportunities, and dignity harm.

164.    SHA is liable for the staff's intentional racial discrimination and failure to address a known hostile environment under state law.

165.    Ms. Collins, as an SHA student and aggrieved party, seeks injunctive relief, compensatory damages, attorneys' fees and other remedies.

## COUNT 14: PREMISES LIABILITY

166.    As the operator and manager of the residential premises where Shepherd's Hill Academy was located, SHA owed a duty to students like Ms. Collins to exercise ordinary care in keeping the premises reasonably safe from foreseeable hazards and dangers.

167.    SHA breached this duty of care by allowing numerous unsafe and hazardous conditions to exist on the premises, including but not limited to:

a)  Substandard and poorly constructed shelters that lacked proper insulation, ventilation, utilities, and structural integrity to withstand the elements and prevent intrusion from rodents, insects, and potential falling debris;

b)  Unsanitary food preparation areas that were uncovered, unhygienic, lacked proper cooking equipment, and created risks of foodborne illnesses;

c) Cluttered premises with tools, building materials, dirt piles, and other hazards that created slip, trip and fall risks as well as potential obstructions/objects to injure students;

d) Lack of adequate safety equipment, railing/guardrails, signage, lighting and other precautions given the rustic and rural nature of the premises; and

e) Presence of wild animals and vermin infestations on the premises without proper deterrents, control or warnings to students.

168.    SHA knew or reasonably should have known about these hazardous premises conditions that posed an unreasonable risk of harm.

169.    As a residential student living on-site, Ms. Collins was lawfully present on the premises as an invitee to whom SHA owed a duty of reasonable care.

170.    In fact, as a minor child under SHA's custody and control, she belonged to a Class of persons requiring an even higher duty of care.

171.    Ms. Collins suffered actual physical injuries and emotional distress proximately caused by SHA's failure to remediate or warn about hazardous conditions like:

a) Substandard shelter conditions leading to illnesses, rashes, and exposure to the elements;

b) Unsanitary food areas causing foodborne illnesses and sickness;

c) Slip/trip and fall injuries from cluttered premises and lack of lighting/safety equipment; and

d) Bites, scratches, or distress from wild animal/vermin intrusions.

172.    In addition to damages for physical harm, Ms. Collins is entitled to compensation for her emotional distress, counseling costs, and other economic losses stemming from SHA's premises liability.

173.    SHA had actual knowledge of injury-causing hazards through incident reports and direct staff observations yet failed to take corrective action, demonstrating potential wantonness authorizing punitive damages.

### COUNT 15: PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-14

174.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

175.    Pursuant to O.C.G.A. § 51-12-14, Plaintiff hereby gives notice that she is seeking punitive damages in this action.

176.    At least 30 days prior to the filing of this lawsuit, Plaintiff provided written notice to the Defendant of her intent to seek punitive damages, as required by O.C.G.A. § 51-12-14(a).

177.    The actions of Defendant Shepherd's Hill Academy LLC, as described in the preceding paragraphs, demonstrate willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

178.    Specifically, Defendant's conduct warranting punitive damages includes, but is not limited to:

a) Knowingly subjecting Ms. Collins, a minor, to cruel and inhumane treatment, including forced labor, excessive physical discipline, and deprivation of basic necessities;

b) Deliberately ignoring Ms. Collins' serious medical needs;

c) Intentionally inflicting severe emotional distress through abusive practices, including conversion therapy tactics and public humiliation;

d) Willfully employing unqualified staff to provide mental health treatment, showing a reckless disregard for Ms. Collins' well-being;

e) Consciously disregarding the safety and security of students by housing them in substandard, unsanitary, and dangerous living conditions;

f) Engaging in fraudulent misrepresentation to induce enrollment and payments from Ms. Collins' parents; and

g) Conspiring to kidnap and falsely imprison Ms. Collins through the use of a transport service.

179. These actions demonstrate a pattern of behavior that goes beyond mere negligence and rises to the level of willful misconduct and conscious indifference to the consequences of their actions.

180. The imposition of punitive damages on the Defendant is warranted to punish them for their egregious conduct and to deter them and others from engaging in similar conduct in the future.

181. Plaintiff seeks punitive damages in an amount to be determined by the enlightened conscience of a jury.

182. Pursuant to O.C.G.A. § 51-12-14(b), Plaintiff reserves the right to amend this complaint to state a claim for punitive damages against any party with respect to one or more claims for relief as allowed by law.

## COUNT 16: ATTORNEY'S FEES FOR BAD FAITH UNDER O.C.G.A. § 13-6-11

183. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

184. Under O.C.G.A. § 13-6-11, expenses of litigation, including attorney's fees, may be allowed as part of the damages where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.

185. Defendant Shepherd's Hill Academy LLC has acted in bad faith in the transactions and occurrences giving rise to this cause of action.

186. Defendant's bad faith is evidenced by, but not limited to, the following actions:

a) Knowingly misrepresenting the nature of their program and services to induce enrollment and payment;

b) Deliberately violating state regulations and standards of care for residential treatment facilities;

c) Intentionally subjecting Ms. Collins to abusive and harmful practices under the guise of treatment;

d) Willfully disregarding Ms. Collins' physical and mental health needs;

e) Consciously employing unqualified staff to provide mental health services;

f) Purposefully restricting Ms. Collins' communication with her parents to conceal the true nature of the program;

g) Intentionally inflicting emotional distress through cruel and unusual punishments; and

h) Knowingly conspiring to kidnap and falsely imprison Ms.Collins.

187.    These actions demonstrate a conscious and deliberate disregard for Ms. Collins' rights and well-being, as well as a pattern of deceptive and harmful practices that go beyond mere negligence or breach of contract.

188.    Defendant's bad faith has caused Ms. Collins unnecessary trouble and expense, including the need to pursue this litigation to seek redress for the harms she has suffered.

189.    As a result of Defendant's bad faith, Ms. Collins has incurred and continues to incur substantial attorney's fees and expenses of litigation.

190.    Pursuant to O.C.G.A. § 13-6-11, Ms. Collins is entitled to recover all expenses of litigation, including reasonable attorney's fees, incurred as a result of Defendant's bad faith actions.

191.    Plaintiff seeks an award of attorney's fees and expenses of litigation in an amount to be proven at trial.

## VII.    RESERVATION OF RIGHTS

192.    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend her Petition to add or remove counts upon further discovery and as her investigation continues.

## VIII.    JURY DEMAND

193.    Plaintiff hereby requests that all causes of action alleged herein be tried before a properly impaneled jury.

## IX.    PRAYER FOR RELIEF – DAMAGES

194.    The conduct of the Defendant, as alleged hereinabove, was a direct, proximate, and producing cause of the damages to Plaintiff, and of the following general and special damages including:

a)  All available compensatory damages for the described losses with respect to each cause of action;

b)  Past and future medical expenses, as well as the cost associated with past and future life care;

c)  Past and future lost wages and loss of earning capacity;

d)  Past and future emotional distress;

e)  Consequential damages;

f)  All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g)  Damages to punish Defendant for proximately causing physical pain and mental anguish;

h)  Enter judgment against Defendant, awarding Plaintiff damages in an amount to be determined at trial and their costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate them for all damages;

i)  Punitive damages;

j) Attorneys' fees;

k) Prejudgment and post judgment interest, costs, and disbursements;

l) Any and all other recoverable personal injury damages for Plaintiff; and

m) Such and further relief at law or in equity as this Court may deem just and appropriate.

## X. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands that the Defendant be cited to appear and answer herein. Upon final judgment against the Defendant, awarding Plaintiff damages in an amount to be determined at trial and her costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate her for all damages listed herein and such and further relief at law or in equity as this Court may deem just and appropriate.

Respectfully submitted this 5th day of September.

_/s/ Mitchell E. McGough_
Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
 (TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287

mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**

OCT 03, 2024 11:39 AM

Tim Quick, Clerk
Stephens County, Georgia

**IN THE STATE COURT OF STEPHENS COUNTY**

**STATE OF GEORGIA**

CARLEY COLLINS

     *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY LLC

     *Defendant*

Case No. STCV2024000294

## VERIFIED APPLICATION FOR *PRO HAC VICE* ADMISSION

Pursuant to Georgia Uniform Superior Court Rule 4.4, I, Mr. Gareth S. Purnell (Applicant), hereby applies to this Honorable Court for admission to practice in the above-styled case *pro hac vice*. In support of this application, Applicant states as follows:

1.     I reside at:

   5314 Wooldridge Rd.
   Corpus Christi, Texas 78413.

2.     My business address is:

   Griffin Purnell, LLC
   2037 Airline Rd. Suite 200
   Corpus Christi, Texas 78412
   (361) 262-1776
   gareth@griffinpurnell.com.

3.     I have been retained to represent the following client:

   Carley Collins
   8175 Atlas Pear Dr., Apt. 5202
   College Station, Texas 77845.

4.     I am a member in good standing of the following jurisdictions:

   Jurisdiction:    State of Texas
   Date Admitted:    10/04/23

Current Status:       Active
Bar/Registration No:  24130028

Jurisdiction:         Southern District of Texas
Date Admitted:        10/06/23
Current Status:       Active
Bar/Registration No:  3861365

Jurisdiction:         Northern District of Texas
Date Admitted:        06/11/24
Current Status:       Active
Bar/Registration No:  24130028

5.    I have never been a member of the State Bar of Georgia.

6.    I have never been denied *pro hac vice* admission in Georgia.

7.    I have never had *pro hac vice* admission revoked in Georgia.

8.    I have never been sanctioned or formally disciplined by a court in Georgia.

9.    I have never been the subject of any formal disciplinary proceedings.

10.   I have never been formally held in contempt, or otherwise sanctioned by a court in a written order, for disobedience to its rules of orders.

11.   In the past two years, I have not filed for *pro hac vice* admission in Georgia.

12.   I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court in which I am seeking admission.

13.   My local sponsor is:

      Mitchell E. McGough
      Mitchell E. McGough Law, LLC
      945 E. Paces Ferry Rd. NE. Suite 2250
      Atlanta, Georgia 30326
      (404) 994-4357
      Bar Number: 460942

14.   I am currently representing one or all of the clients listed above in matters related to this proceeding.

2

15.　　Is there any additional information you would like to provide to the Court?

No.

16.　　My sponsor will file my verified application with the Court. I will forward a copy of my verified application to the State Bar of Georgia with a payment of $275.00, as I have not submitted the annual fee for this calendar year.

I, Gareth S. Purnell, applicant in the foregoing Verified Application for *Pro Hac Vice* Admission, hereby verify the facts contained therein are true and accurate to the best of my knowledge.

_____
Applicant

Sworn to before me this 16th day of September, 2024.

_____
Notary Public

ANGELICA CHRISTENSEN
Notary Public, State of Texas
Comm. Expires 11-14-2027
Notary ID 10302291

3

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**SEP 05, 2024 04:14 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CARLEY COLLINS | |
| *Plaintiff* | Case No. |
| v. | _____ |
| SHEPHERD'S HILL ACADEMY LLC | |
| *Defendant* | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHEPHERD'S HILL ACADEMY, LLC

**TO:** Defendant, Shepherd's Hill Academy LLC, by and through its counsel of record, Jennifer Clark, Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339.

NOW COME Plaintiff, Carley Collins, (hereinafter "Ms. Collins" and/or "Plaintiff"), by and through her counsel of record, Griffin Purnell LLC, and serves the following Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant Shepherd's Hill Academy LLC.

Each of the following Interrogatories is addressed to said Defendant's personal knowledge, as well as to the knowledge and information of Defendant's attorneys, investigators, insurers, agents, employees, and other representatives. They are to be answered within the time provided by law. The responses should be furnished to **Mitchell E. McGough Law, LLC, 945 E Paces Ferry Road NE, Suite 2250, Atlanta, Georgia and Gareth S. Purnell, Simon B. Purnell, Dan R. Griffin, and Chase E. Hardy, Jr., Griffin Purnell LLC, 2037 Airline Rd., Suite 200, Corpus Christi, Texas 78412.**

Plaintiff's First Continuing Interrogatories and
Request for Production of Documents to
Defendant Shepherd's Hill Academy LLC

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326

These Requests shall be deemed **continuing** in nature, and the Georgia Civil Practice Act requires your responses to them to be seasonably supplemented as outlined in O.C.G.A. § 9-11-26(e). In the event you fail to supplement your responses to these Requests as required by O.C.G.A. § 9-11-26(e), such failure may result in sanctions against you as outlined in O.C.G.A. §§§§ 9-11-26(a)(4), 9-11-26(b), 9-11-26(d) and 9-11-26(e).

These Requests will be provided to you in a digitally editable format.  You are requested to insert your responses beneath the applicable request.

## INSTRUCTIONS

(a)    Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Petition.

(b)    Where name and identity of a person is required, please state full name, home address, and business address.

(c)    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, its attorney. When an answer is made by a corporate defendant, state the name, address, and title of the person(s) supplying the information and making the affidavit and announce the source of his or her information.

(d)    The pronoun "You" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

(e)    "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title(s), by whom employed by, and address of the place of employment.

Plaintiff's First Continuing Interrogatories and                    2                    Mitchell McGough Law LLC
Request for Production of Documents to                                                 945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                                    Atlanta, Georgia 30326

(f)    An evasive or incomplete answer is deemed to be a failure to answer.

(g)    As you know, you are under a continuing duty to supplement your answers to these interrogatories. You are also under a continuing duty to correct any response that you later determine is incorrect.

(h)    "Defendant," "You" and "Your," their plurals or any synonyms thereof, are intended and shall embrace and include: the answering party; any company now or previously related to the answering party (e.g., subsidiaries, divisions, departments, predecessor-in-interest of all types, including companies which sold assets to or merged with the answering party or another predecessor, directly or indirectly, successors-in-interest, and parent companies); and alternate entities listed in Plaintiff's anticipated complaint in this matter; and all counsel, agents, servants, employees, representatives, investigators or others who are in possession of or who may have obtained information for or on behalf of said answering party or any related company.

(i)    "Document" means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person, which is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes, transcripts, notes or other memorialization's of meetings, conferences, and telephone calls or other conversations or communications; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; voice-mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

Plaintiff's First Continuing Interrogatories and         3                 Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                              Atlanta, Georgia 30326

(j)    The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

(k)    "Predecessor" or "predecessor entity or company" as used herein means any entity which owned any assets or owner's equity of this Defendant at any time prior to and including the present. The term predecessor or predecessor entity or company as used herein specifically includes any parent entity which now owns or has in the past owned ten percent or more of the named Defendant either directly or indirectly through another entity.

(l)    The terms "Insurer(s)" or "insurance company" mean any entity or individual carrying on an insurance business and/or who underwrites an insurance risk, such as but not limited to any entity or person that provided you insurance at any time (including in the past) in any form, including but not limited to primary coverage, excess coverage, commercial coverage, umbrella coverage, re-insurance coverage, general coverage or any other form of coverage.

(m)    "Customers" as used herein means an individual, business or organization that purchases a commodity or service.

(n)    Where appropriate, the singular includes the plural and vice-versa.

Plaintiff's First Continuing Interrogatories and          4          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                   Atlanta, Georgia 30326

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SHEPHERD'S HILL ACADEMY, LLC**

**INTERROGATORY NO. 1:**

Describe in detail the intake process for new students at Shepherd's Hill Academy, including any physical examinations, searches, or confiscation of personal items.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all staff members who had direct contact with Carley Collins during her enrollment, including their job titles, qualifications, and current employment status.

**ANSWER:**

**INTERROGATORY NO. 3:**

Describe the educational curriculum provided to Carley Collins during her enrollment, including the subjects taught, teaching methods, and assessment procedures.

**ANSWER:**

**INTERROGATORY NO. 4:**

Explain in detail the disciplinary policies and procedures in place at Shepherd's Hill Academy during Carley Collins's enrollment, including any level or point systems used.

**ANSWER:**

Plaintiff's First Continuing Interrogatories and          5                    Mitchell McGough Law LLC
Request for Production of Documents to                                     945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                      Atlanta, Georgia 30326

**INTERROGATORY NO. 5:**

Describe the living conditions provided to students at Shepherd's Hill Academy, including the type of shelter, sanitation facilities, and climate control measures.

**ANSWER:**

**INTERROGATORY NO. 6:**

Explain the policies and procedures for providing medical care to students at Shepherd's Hill Academy, including both routine and emergency care.

**ANSWER:**

**INTERROGATORY NO. 7:**

Describe the mental health services provided to Carley Collins during her enrollment, including the frequency of sessions, types of therapy, and qualifications of the providers.

**ANSWER:**

**INTERROGATORY NO. 8:**

Explain the policies and procedures for communication between students and their families, including any restrictions or monitoring of such communications.

**ANSWER:**

**INTERROGATORY NO. 9:**

Describe any manual labor or work programs in which Carley Collins participated, including the nature of the work, duration, and any safety measures in place.

**ANSWER:**

Plaintiff's First Continuing Interrogatories and    6    Mitchell McGough Law LLC
Request for Production of Documents to    945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC    Atlanta, Georgia 30326

**INTERROGATORY NO. 10:**

Explain the religious or spiritual practices incorporated into the Shepherd's Hill Academy program, including any mandatory participation requirements.

**ANSWER:**

**INTERROGATORY NO. 11:**

Describe the nutritional program at Shepherd's Hill Academy, including meal planning, preparation, and any use of food restriction as a disciplinary measure.

**ANSWER:**

**INTERROGATORY NO. 12:**

Explain the policies and procedures for physical restraint of students, including the circumstances under which restraints were used and the training provided to staff.

**ANSWER:**

**INTERROGATORY NO. 13:**

Describe any incidents involving Carley Collins that required disciplinary action, including the nature of the incident, the disciplinary measures taken, and the staff members involved.

**ANSWER:**

**INTERROGATORY NO. 14:**

Explain the policies and procedures for addressing and preventing bullying or peer abuse among students at Shepherd's Hill Academy.

**ANSWER:**

Plaintiff's First Continuing Interrogatories and          7          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                  Atlanta, Georgia 30326

**INTERROGATORY NO. 15:**

Describe the process for hiring, training, and supervising staff members at Shepherd's Hill Academy during the relevant time period.

**ANSWER:**


**INTERROGATORY NO. 16:**

Explain in detail any conversion therapy practices or tactics used at Shepherd's Hill Academy, including how they were implemented and who conducted them.

**ANSWER:**


**INTERROGATORY NO. 17:**

Describe all measures taken to prevent, diagnose, and treat COVID-19 at Shepherd's Hill Academy during Carley Collins's enrollment.

**ANSWER:**


**INTERROGATORY NO. 18:**

Explain the qualifications and training of staff members who provided mental health services to Carley Collins, including any licenses or certifications held.

**ANSWER:**


**INTERROGATORY NO. 19:**

Describe in detail the circumstances surrounding Carley Collins's report of suicidal thoughts, including the date, time, staff members involved, and actions taken in response.

**ANSWER:**


Plaintiff's First Continuing Interrogatories and          8          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                              Atlanta, Georgia 30326

**INTERROGATORY NO. 20:**

Explain the process by which Shepherd's Hill Academy obtained consent from Carley Collins's parents or guardians for her participation in the program, including any disclosures made about the nature of the program.

**ANSWER:**


**INTERROGATORY NO. 21:**

Describe any policies or procedures in place to address potential conflicts between Shepherd's Hill Academy's religious teachings and students' personal beliefs or identities.

**ANSWER:**


**INTERROGATORY NO. 22:**

Explain the process by which Shepherd's Hill Academy staff monitored and censored students' communications with their parents, including any criteria used to determine what information could be shared.

**ANSWER:**


**INTERROGATORY NO. 23:**

Describe in detail any "FBI interrogation tactics" or similar techniques used by staff to extract information from students, including how staff were trained in these methods.

**ANSWER:**


**INTERROGATORY NO. 24:**

Explain the process by which Shepherd's Hill Academy determined the educational needs and appropriate grade level for Carley Collins, including any assessments or evaluations conducted.

Plaintiff's First Continuing Interrogatories and          9          Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                          Atlanta, Georgia 30326

**ANSWER:**


**INTERROGATORY NO. 25:**

Describe all efforts made by Shepherd's Hill Academy to ensure that credits earned by Carley Collins during her enrollment would be transferable to other educational institutions.

**ANSWER:**


**INTERROGATORY NO. 26:**

Describe in detail all information provided to Carley Collins and her parents/guardians about the nature of the program, including any risks, before her enrollment. Include the format in which this information was provided (e.g., written materials, verbal discussions) and who provided it.

**ANSWER:**


**INTERROGATORY NO. 27:**

Explain in detail how Shepherd's Hill Academy determined that its practices were in line with accepted industry standards. Provide specific examples of how these standards were researched, implemented, and monitored.

**ANSWER:**


**INTERROGATORY NO. 28:**

Describe all steps taken by Shepherd's Hill Academy to ensure compliance with state and federal laws governing residential treatment facilities for adolescents during Carley Collins's enrollment.

**ANSWER:**

Plaintiff's First Continuing Interrogatories and          10          Mitchell McGough Law LLC
Request for Production of Documents to                                945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                      Atlanta, Georgia 30326

**INTERROGATORY NO. 29:**

Describe all efforts made by Shepherd's Hill Academy to address and accommodate any complaints or concerns raised by Carley Collins or her parents/guardians during her enrollment.

**ANSWER:**

**INTERROGATORY NO. 30:**

Explain in detail how Shepherd's Hill Academy determined the appropriate level of physical and psychological treatment for Carley Collins, including any assessments or evaluations conducted.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to Carley Collins's enrollment at Shepherd's Hill Academy, including but not limited to application forms, contracts, and agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All internal policies, procedures, and guidelines of Shepherd's Hill Academy in effect during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to the hiring, training, and supervision of staff members at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and        11        Mitchell McGough Law LLC
Request for Production of Documents to                            945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                            Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 4:**

All medical records, including physical and mental health records, pertaining to Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All disciplinary records related to Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All communication records between Shepherd's Hill Academy staff and Carley Collins's parents or guardians during her enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to the educational curriculum and academic progress of Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All incident reports involving Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and          12          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                              Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the physical facilities and living conditions at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All financial records related to Carley Collins's enrollment, including invoices, payments, and insurance claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All marketing materials, brochures, and website content used by Shepherd's Hill Academy to promote its services during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to state licensing, accreditation, or regulatory compliance of Shepherd's Hill Academy during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All staff schedules and duty rosters for the period of Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and          13          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                      Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to any complaints, grievances, or lawsuits filed against Shepherd's Hill Academy in the five years preceding Carley Collins's enrollment.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

All insurance policies that may provide coverage for the claims alleged in the complaint.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the use of physical restraints or seclusion on students, including Carley Collins, at Shepherd's Hill Academy.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

All documents related to the spiritual practices, religious instruction, or conversion therapy methods used at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

All documents related to the nutritional plans, meal schedules, and food preparation practices at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and        14        Mitchell McGough Law LLC
Request for Production of Documents to                           945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                              Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to the transportation of Carley Collins to Shepherd's Hill Academy, including any agreements with transport services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All documents related to the mental health assessments, psychological evaluations, or therapy sessions conducted with Carley Collins at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents related to the COVID-19 protocols, policies, and incidents at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to any manual labor or work programs in which Carley Collins participated during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to the qualifications, credentials, and licensing of staff members who provided mental health services to Carley Collins.

Plaintiff's First Continuing Interrogatories and        15              Mitchell McGough Law LLC
Request for Production of Documents to                      945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                        Atlanta, Georgia 30326

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to any waivers, releases, or consent forms signed by Carley Collins or her parents/guardians, including any explanations or disclosures provided alongside these documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All documents related to any investigations, audits, or reviews of Shepherd's Hill Academy's practices conducted by any governmental or accrediting body during or after Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All documents detailing the risks associated with enrollment at Shepherd's Hill Academy that were disclosed to Carley Collins or her parents/guardians prior to her enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All internal documents, memos, or communications discussing compliance with industry standards, state regulations, or best practices for residential treatment facilities for adolescents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to any government funding, approvals, or certifications received by Shepherd's Hill Academy during the relevant time period.

Plaintiff's First Continuing Interrogatories and          16          Mitchell McGough Law LLC
Request for Production of Documents to                            945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                            Atlanta, Georgia 30326

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**

All documents related to Carley Collins's mental and physical health status upon enrollment, including any pre-existing conditions noted.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**

All documents detailing Shepherd's Hill Academy's policies and procedures for addressing and accommodating students' religious beliefs or lack thereof.

**RESPONSE:**


Respectfully submitted this 5th day of September.


> _/s/ Mitchell E. McGough_
> Mitchell E. McGough
> Georgia Bar No. 460942
> Gareth S. Purnell
> (TX SBN 24130028)
> Simon B. Purnell
> (TX SBN 24003889)
> Daniel R. Griffin
> (TX SBN 24118060)
> Charles E. Hardy Jr.
>  (TX SBN 24107661)
>
> **ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

Plaintiff's First Continuing Interrogatories and          17          Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                              Atlanta, Georgia 30326

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

Plaintiff's First Continuing Interrogatories and          18          Mitchell McGough Law LLC
Request for Production of Documents to                                  945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy LLC                                  Atlanta, Georgia 30326

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**SEP 05, 2024 04:14 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

CARLEY COLLINS

      *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY LLC

      *Defendant*

Case No.

_____

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
### DEFENDANT SHEPHERD'S HILL ACADEMY, LLC

TO:    Defendant, Shepherd's Hill Academy LLC, by and through its counsel of record, Jennifer Clark, Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339.

NOW COME Plaintiff, Carley Collins, (hereinafter "Ms. Collins" and/or "Plaintiff"), by and through her counsel of record, Griffin Purnell LLC, pursuant to O.C.G.A. § 9-11-36 and other relevant laws and serves the following Plaintiff's First Requests for Admission to Defendant Shepherd's Hill Academy LLC. Each Request is addressed to said Defendant's personal knowledge, as well as to the knowledge and information of each of said Defendant's attorneys, investigators, agents, insurers, employees, and other representatives.

Absent any of these Requests being held objectionable under O.C.G.A. § 9-11-36(a), in the event you fail to admit the genuineness of any document or the truth of any matter as requested herein, and Plaintiff thereafter proves the genuineness of the document or the truth of the matter, the provisions of O.C.G.A. § 9-11-37(e) require, upon application for the same by the Plaintiff, the Court shall order you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

These Requests will be provided to you electronically in a digitally editable format. Please insert your responses beneath the applicable request.

## INSTRUCTIONS

(a)    These Requests for Admission are continuing in character so as to require you to file supplementary answers if you obtain any further, or different, information before trial.

(b)    Unless otherwise stated, these Requests for Admission refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

(c)    The pronoun "you" refers to the party to whom the requests for admission are directed.

(d)    "Defendant," "you" and "your," their plurals or any synonyms thereof, are intended and shall embrace and include: the answering party; any company now or previously related to the answering party (e.g., subsidiaries, divisions, departments, predecessor-in-interest of all types, including companies which sold assets to or merged with the answering party or another predecessor, directly or indirectly, successors-in-interest, and parent companies); and alternate entities listed in Plaintiff's anticipated complaint in this matter; and all counsel, agents, servants, employees, representatives, investigators or others who are in possession of or who may have obtained information for or on behalf of said answering party or any related company.

(e)    "Document" means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person, which is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a

Plaintiff's First Request for Admission                    2                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                       945 E Paces Ferry Rd NE, Ste 2250
                                                                              Atlanta, Georgia 30326

final document; minutes, transcripts, notes or other memorialization's of meetings, conferences, and telephone calls or other conversations or communications; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; voice-mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

(f)    The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

(g)    "Predecessor" or "predecessor entity or company" as used herein means any entity which owned any assets or owner's equity of this Defendant at any time prior to and including the present. The term predecessor or predecessor entity or company as used herein specifically includes any parent entity which now owns or has in the past owned ten percent or more of the named Defendant either directly or indirectly through another entity.

(h)    The terms "Insurer(s)" or "insurance company" mean any entity or individual carrying on an insurance business and/or who underwrites an insurance risk, such as but not limited to any entity or person that provided you insurance at any time (including in the past) in any form, including but not limited to primary coverage, excess coverage, commercial coverage, umbrella coverage, re-insurance coverage, general coverage or any other form of coverage.

Plaintiff's First Request for Admission                3                Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                945 E Paces Ferry Rd NE, Ste 2250
                                                                                        Atlanta, Georgia 30326

(i)     "Customers" as used herein means an individual, business or organization that purchases a commodity or service.

(j)     Where appropriate, the singular includes the plural and vice-versa.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT SHEPHERD'S HILL ACADEMY, LLC

**REQUEST FOR ADMISSION NO. 1:**

Admit or Deny that Shepherd's Hill Academy was properly and timely served in the above-captioned case.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**

Admit or Deny that Shepherd's Hill Academy has no basis to assert as a defense or affirmative defense the lack of subject matter jurisdiction or the lack of personal jurisdiction.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**

Admit or Deny that Shepherd's Hill Academy has no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that she failed to mitigate her damages.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**

Admit or Deny that Shepherd's Hill Academy has no evidence to support the affirmative defense that the Plaintiff's case is barred by the Statute of Limitations.

**RESPONSE:**

Plaintiff's First Request for Admission                    4                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                      945 E Paces Ferry Rd NE, Ste 2250
                                                                             Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 5:**

Admit or Deny that Shepherd's Hill Academy agrees that strip-searching a minor or an adult watching a minor bathe naked constitutes sexual assault.

**RESPONSE:**
**REQUEST FOR ADMISSION NO. 6:**

Admit or Deny that Shepherd's Hill Academy was operating as a residential treatment facility for adolescents during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit or Deny that Carley Collins was a minor at the time of her enrollment at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit or Deny that Shepherd's Hill Academy employed staff members who were not licensed mental health professionals.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit or Deny that Shepherd's Hill Academy used physical restraints on students during the period of Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Plaintiff's First Request for Admission                                5                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                              945 E Paces Ferry Rd NE, Ste 2250
                                                                                                    Atlanta, Georgia 30326

Admit or Deny that Shepherd's Hill Academy restricted communication between students and their parents/guardians.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit or Deny that Shepherd's Hill Academy employed disciplinary measures that included food restrictions or deprivations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit or Deny that Shepherd's Hill Academy required students to engage in manual labor as part of its program.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit or Deny that Shepherd's Hill Academy conducted strip searches of students upon intake.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit or Deny that Shepherd's Hill Academy promoted Christian religious practices as part of its program.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Plaintiff's First Request for Admission                6                Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                945 E Paces Ferry Rd NE, Ste 2250
                                                                        Atlanta, Georgia 30326

Admit or Deny that Shepherd's Hill Academy housed students in structures that lacked permanent walls and climate control.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit or Deny that Shepherd's Hill Academy was aware of rodent and insect infestations in student living areas during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit or Deny that Shepherd's Hill Academy used a level system to determine student privileges.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit or Deny that Shepherd's Hill Academy restricted students' access to outside medical care.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit or Deny that Shepherd's Hill Academy used a transport service to bring Carley Collins to the facility.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit or Deny that Shepherd's Hill Academy was aware that Carley Collins contracted COVID-19 during her enrollment.

Plaintiff's First Request for Admission                    7                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                         945 E Paces Ferry Rd NE, Ste 2250
                                                                                  Atlanta, Georgia 30326

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 21:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins with hospitalization when she had a fever of 103.9 degrees.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 22:**

Admit or Deny that Shepherd's Hill Academy used conversion therapy tactics on students who identified as LGBTQ+.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 23:**

Admit or Deny that Shepherd's Hill Academy did not have Carley Collins's explicit consent to participate in all aspects of the program.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 24:**

Admit or Deny that Shepherd's Hill Academy was aware that its educational curriculum was not fully transferable to other school districts.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 25:**

Admit or Deny that Shepherd's Hill Academy staff monitored and censored students' communications with their parents.

**RESPONSE:**

Plaintiff's First Request for Admission                8                Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                945 E Paces Ferry Rd NE, Ste 2250
                                                                        Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 26:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins with immediate medical attention when she reported thoughts of suicide.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit or Deny that Shepherd's Hill Academy had denied Carley Collins access to her complete records from her time at the facility.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins or her parents/guardians with a comprehensive list of all potential risks associated with enrollment prior to her admission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit or Deny that Shepherd's Hill Academy's enrollment agreement did not explicitly state that students would be subjected to forced labor, food deprivation, or prolonged isolation as disciplinary measures.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**

Admit or Deny that Shepherd's Hill Academy was aware that some of its practices, including conversion therapy tactics, were controversial and not universally accepted in the mental health community.

**RESPONSE:**

Plaintiff's First Request for Admission                9            Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                        945 E Paces Ferry Rd NE, Ste 2250
                                                                Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 31:**

Admit or Deny that Shepherd's Hill Academy did not have a licensed medical doctor on staff full-time during Carley Collins's enrollment.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 32:**

Admit or Deny that Shepherd's Hill Academy did not obtain separate, specific consent for each type of therapy or treatment method used on Carley Collins.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 33:**

Admit or Deny that Shepherd's Hill Academy continued to use practices on Carley Collins that she or her parents/guardians had specifically objected to at any point during her enrollment.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 34:**

Admit or Deny that Shepherd's Hill Academy did not have a formal, written policy for accommodating students whose personal religious beliefs conflicted with the Christian teachings of the program.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 35:**

Admit or Deny that Shepherd's Hill Academy was aware of at least one instance where a staff member deviated from official policies or procedures in their treatment of Carley Collins.

**RESPONSE:**

Plaintiff's First Request for Admission                    10                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                          945 E Paces Ferry Rd NE, Ste 2250
                                                                                 Atlanta, Georgia 30326

Respectfully submitted this 5th day of September.

/s/ Mitchell E. McGough
Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
 (TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

Plaintiff's First Request for Admission                    11                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy LLC                                        945 E Paces Ferry Rd NE, Ste 2250
                                                                                                Atlanta, Georgia 30326

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**OCT 03, 2024 11:39 AM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY

## STATE OF GEORGIA

CARLEY COLLINS

*Plaintiff*                                    Case No.

v.                                               STCV2024000294

SHEPHERD'S HILL ACADEMY INC.

*Defendant*

## PLAINTIFF'S MOTION TO CORRECT MISNOMER

The Plaintiff, Carley Collins, by and through her undersigned counsel, and pursuant to O.C.G.A. § 9-10-132, which provides, in pertinent part,

> "[a]ll misnomers, whether in the Christian name or surname, made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same." O.C.G.A. § 9-10-132.

Based on the foregoing, Plaintiff moves the Court for entry of the attached proposed order granting Plaintiff leave to file the amended complaint, attached hereto as Exhibit "A" in which the case caption has been amended to read "Shepherd's Hill Academy Inc." in place of "Shepherd's Hill Academy LLC."

## CERTIFICATE OF CONFERENCE

On September 19, 2024, and September 23, 3024, Counsel for Plaintiff attempted to confer with Counsel for Defendant to determine if they would agree to or oppose this motion. On September 24, 2024, Attorney Jennifer Clark advised that Attorney Brynda Insley, the partner on this case was out of the country until next week and could not provide a response until she returns. *See* Exhibit "B".

Respectfully submitted this 3rd day of October, 2024.

/s/ *Mitchell E. McGough*
Mitchell E. McGough, Esq.
Georgia Bar No. 460942
Gareth S. Purnell
(Texas Bar No. 24130028)
Simon B. Purnell
(Texas Bar No. 24003889)
Daniel R. Griffin
(Texas Bar No. 24118060)
Charles E. Hardy Jr.
(Texas Bar No. 24107661)

**ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E. Paces Ferry Rd. NE, Ste. 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Facsimile
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service Email: support@griffinpurnell.com

## IN THE STATE COURT OF STEPHENS COUNTY

## STATE OF GEORGIA

CARLEY COLLINS

       *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

       *Defendant*

Case No.

STCV2024000294

## <u>ORDER</u>

In accordance with the foregoing, this COURT hereby GRANTS the Plaintiff's *Motion to Correct Misnomer*. Plaintiff shall file the Amended Complaint attached to her Motion in which the caption has been amended to name "Shepherd's Hill Academy Inc." instead of "Shepherd's Hill Academy LLC" instanter.

SO ORDERED this _____ day of _____, 2024.

_____

Honorable James T. Irvin
Judge, Stephens County State Court

**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**OCT 03, 2024 11:39 AM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY

## STATE OF GEORGIA

CARLEY COLLINS

*Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

*Defendant*

Case No.

STCV2024000294

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Carley Collins by and through her counsel, Griffin Purnell LLC, and for her cause of action against Defendant Shepherd's Hill Academy Inc., as the company and/or successor in interest to the company that participated in the transport to and/or internment at Shepherd's Hill Academy where Plaintiff and others throughout the United States resided. Accordingly, Plaintiff alleges and states to the Court as follows:

### I.   **INTRODUCTION**

1.    Plaintiff brings this civil action to recover damages within the jurisdictional limits of this Court including all (1) General Damages; (2) Special Damages; and (3) Exemplary Damages as well as other damages allowable under Georgia Law as a result of the transport to and time spent at Shepherd's Hill Academy.

2.    Shepherd's Hill Academy is one of many programs operating in what is known as the "troubled teen industry" (TTI programs). The troubled teen industry encompasses a variety of residential treatment programs and outdoor therapeutic camps claimed to be designed for adolescents struggling with issues like substance abuse, behavioral problems, mental health

Plaintiff's First Amended Complaint
and Jury Demand

Page 1 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

disorders, or defiance toward authority figures. These programs operate across the United States and internationally. They employ a range of treatment methodologies, including wilderness therapy, emotional growth techniques, and behavior modification models. The industry generates significant annual revenue but lacks uniform regulation and external oversight.

3.      Shepherd's Hill Academy is a TTI program marketed as a therapy-based boarding school. Shepherd's Hill Academy specifically advertises itself as a Christ-centered wilderness therapy program that caters to "troubled teens" through its therapeutic activities and academic campus. The program claims to provide quality education, experiential living, and a holistic therapeutic approach to the teens enrolled in the approximately year-long program.

4.      The troubled teen industry routinely employs transport services, such as Safe Passage Global, to physically remove adolescents from their homes and transport them to residential programs or wilderness camps. Transport teams, often contracted by the facilities, arrive unannounced to teenagers' residences. They are tasked with extracting the youths and bringing them, against their will, if necessary, to the treatment camp locations.

5.      Plaintiff brings claims set forth below asserting: (1) breach of contract; (2) fraud and misrepresentation; (3) breach of fiduciary duty; (4) assault and battery; (5) kidnapping; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) gross negligence; (10) willful misconduct; (11) RICO violations; (12) sexual assault; (13) racial discrimination; (14) premises liability; (15) punitive damages; and (16) a request for attorney's fees for bad faith.

6.      These claims arise from Carley Collins' transport to, and time spent at Shepherd's Hill Academy which, due to Defendant's misconduct, resulted in a series of damages including without limitation, failure to perform under the contract, and physical and mental abuse.

## II.    **PARTIES**

7.     Plaintiff, Carley Collins ("Ms. Collins") is an individual residing in College Station, Brazos County, Texas.

8.     Defendant, Shepherd's Hill Academy Inc., ("SHA") is a Georgia corporation with its principal place of business located at 2200 Price Road, in Martin, Georgia. Shepherd's Hill Academy may be served with process by serving its registered agent at 2200 Price Road, Martin, Georgia 30557.

### III.    **JURISDICTION & VENUE**

9.     This Court has jurisdiction over the parties because the Defendant is incorporated and has their principal place of business within the State of Georgia.

10.     Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(1) and § 9-10-93, as the Defendant maintains their headquarters and/or their agent for service of process in this County, where substantial business activities related to this case's claims also occur.

### IV.    **FACTUAL BACKGROUND**

11.     Ms. Collins, now 20 years old, was a student at Shepherd's Hill Academy residential program in Georgia from January 15, 2020 to December 16, 2020 when she was 16-17 years old.

12.     She was transported against her will to the facility by a private transport service company on or around January 15, 2020.

13.     During this forced transport, Ms. Collins alleges she was handcuffed and shackled in a manner that caused her wrists to swell with open bleeding wounds. She had to walk through an airport in restraints and believes she may have suffered nerve damage from the overly tight restraints.

14.    Staff took photographs of her injuries upon arrival at SHA but she did not receive adequate initial medical treatment for the wounds.

15.    Upon intake at SHA, Ms. Collins was subjected to a strip search in front of multiple people and invasive questioning about her sexual history.

16.    She underwent psychological testing that included the Rorschach inkblot test, which is not considered a scientifically valid clinical assessment tool.

17.    Ms. Collins was bluntly informed that at SHA, students had limited fundamental rights to only food, water, shelter, and showers – but no rights to basic freedoms like freedom of speech, freedom to wear clothing other than what was permitted, freedom to sleep, or to warmth. All other freedoms were deemed "privileges" that could be revoked through SHA's draconian discipline system.

18.    While at SHA, Ms. Collins resided in primitive "cabin" shelters made of tarps propped up by logs with no electricity, heating, ventilation, or proper bathroom facilities. The makeshift cabins were prone to leaks, mold growth, snake/rodent infestations, and even falling branches penetrating the tarp roofs due to the lack of a solid structure. When tornado warnings occurred, students had to sleep on the floor of a classroom trailer.

19.    Food preparation sites were equally unacceptable, consisting of open-air facilities covered in dirt and grime where food was cooked over underground fire pits in an unsanitary manner. This often resulted in students being served frozen chicken and vegetables that were undercooked. Rodent infestations were present in these areas as well.

20.    Ms. Collins was subjected to mental abuse tactics while at SHA like forced viewing of disturbing videos and media productions late into the night containing graphic content aimed at

indoctrination. She claims students were made to watch videos like "Hell's Bells" which depicts secular media as satanic for hours on end. An anti-abortion film was also shown.

21.    Harsh disciplinary measures are described such as excessive exercise punishments to the point of students collapsing from exhaustion. Girls recount being made to do thousands of squats, jumping jacks, or pushups among other grueling physical consequences for even minor infractions or perceived infractions. Prolonged forced silence covering weeks or months was another tactic used.

22.    Withholding of proper nutrition through highly restricted "special meals" or so-called "meal replacements" like being given only a slice of frozen bread, small portions of beans and greens was cited. This type of food deprivation as punishment is criticized by experts as promoting disordered eating.

23.    Physical abuse in the form of forced intensive took place as well. One student claims being forced to scrub an entire shower facility with a toothbrush for days to degrading effect as punishment.

24.    Ms. Collins personally claims she was placed on "suicide watch" where staff would hold her arms constantly and watch her shower and use the bathroom, violating all privacy.

25.    Her education quality is stated as severely substandard, teaching the same basic curriculum to girls ages 12-17. She believes this lack of quality education left her completely unprepared for college initially.

26.    Communication with parents was severely restricted and monitored by staff at all times. Students could only communicate via letters that were screened, with any negativity about SHA redacted by staff. Students were punished if they attempted to convey dissatisfaction with SHA to parents. Phone calls with parents were limited to 10 minutes monthly and always staff

monitored.

27.    In-person parent visits were portrayed as a privilege that had to be earned over time via SHA's behavior level system and could be revoked for any perceived infractions like portraying SHA negatively. Any expression of a desire to leave the program or indicating one might be LGBTQ+ through conversation or in writing could result in harsh punishments.

28.    Punishments in general are described as completely excessive, with overly harsh consequences doled out for even minor offenses or perceived infractions like forgetting something, looking in the wrong direction, or accidentally positioning oneself slightly too far away from an assigned staff monitor.

29.    Restraints and being forced to be attached at all times to a staff member by links or "being on hip" were common consequences.

30.    SHA had a prominent focus on fundamentalist Christian teachings and attempted indoctrination. This included Bible courses, and required church attendance where students were publicly denigrated as "troubled" or "deeply troubled youths" SHA's founder Trace Embry was "ministering" to.

31.    Mr. Embry himself frequently conducted "chapel" sessions that were a mix of fire-and-brimstone anti-LGBTQ+ rhetoric and extreme interpretations of sexual purity. He would allegedly make derogatory comments about LGBTQ+ people, claim they were destined for hell, compare them to "abominations", and wear shirts printed with anti-gay Bible verses.

32.    Ms. Collins and other students claim SHA employed conversion therapy tactics for LGBTQ+ students – separating those who experienced "same-sex attraction", censoring LGBTQ+ topics, and having therapists directly attempt to change their sexual orientation or gender identity. Outside speakers also allegedly visited to give instructions on homosexuality being abnormal.

33.     Medical safety was severely compromised. Health incidents like scabies/lice outbreaks and broken bones are stated to have been basically ignored – with students forced to continue manual labor on crutches in some cases.

34.     Staff oversight and qualifications are called into serious question.

35.     The program was largely operated by young, potentially unqualified staff members – some still college students or recent graduates without clinical psychology credentials overseeing therapy. Embry himself had no formal mental health training but pushed his fundamentalist Christian ideology.

36.     Staff were trained in coercive "FBI interrogation tactics" to force information from students and were shown harsh physical restraint methods. One former staff member gave testimony that she was told students could "never receive enough consequences" as part of the discipline indoctrination.

37.     SHA engaged in deceptive billing practices as well, like improperly billing education savings accounts or insurance companies potentially through fraudulent mental health diagnosis assignments that did not reflect legitimate clinical evaluations.

38.     The stated reasons for Ms. Collins' admission by her mother centered primarily around disapproval of her sexual orientation as a lesbian and some minor marijuana use at the time – not acute mental health needs. This coincided with a previous clinical evaluation finding no mental health issues requiring residential treatment, only potential family dynamic conflicts.

## V.    THE DISCOVERY RULE APPLIES TO THIS MATTER

39.     All of the allegations contained in the previous paragraphs are realleged herein.

40.     Plaintiff pleads that the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence,

should have known of facts indicating Plaintiff had been injured, the cause of the injury, and the tortious nature of the wrongdoing that caused the injury.

41.    The damages Plaintiff suffered could not have been discovered by a date within the applicable statute of limitations for filing of some of Plaintiff's claims.

42.    The conduct of the Defendant hampered the ability of Plaintiff to discover the injury, the cause of the injury, and the tortious nature of the wrongdoing which caused said injury. The Defendant advertised themselves as, and convinced Plaintiff that the wrongs they were committing to Plaintiff were for her own betterment. As a minor, Plaintiff was unable to grasp the extent of damage Defendant was doing to her under the guise of self-improvement. Moreover, once Plaintiff left Shepherd's Hill Academy, she attempted to obtain her records from the Defendant, which she was repeatedly denied.

43.    Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by the Defendant when they had a duty to disclose those facts.

44.    The Defendant's purposeful and fraudulent acts of concealment have kept Plaintiff ignorant of vital information essential to the pursuit of Plaintiff's claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on Plaintiff's filing of her causes of action.

45.    Further, the tortious conduct involved should be considered a continuing tort and Plaintiff is bringing this action upon the discovery through reasonable care and due diligence of the tortious conduct damages, and injury suffered.

## VI.    CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT

46.    In approximately January 2020, Ms. Collins' mother entered into an enrollment agreement contract with Shepherd's Hill Academy for Ms. Collins to attend the residential program as a student.

47.    The contract represented that SHA would provide a safe, therapeutic environment aimed at addressing the behavioral and emotional needs of at-risk adolescents through appropriate clinical services, education, and residential care.

48.    SHA marketed and promoted its program as offering professional therapeutic treatment by qualified staff, coupled with a nurturing residential environment to facilitate emotional growth and continued education for students.

49.    By enrolling Ms. Collins at SHA and rendering payment for her attendance, her mother and SHA formed a valid contract, either making Ms. Collins a direct party to the agreement or an intended third-party beneficiary.

50.    The contract obligated SHA to exercise reasonable care in providing Ms. Collins with a therapeutic milieu, including:

   a)  Appropriate clinical assessments and mental health treatment by qualified professionals;

   b)  A safe living environment with adequate food, shelter, heating/cooling, and sanitization;

   c)  Educational instruction sufficient to make academic progress; and

   d)  Freedom from abuse, cruelty, excessive punitive measures, and violations of human rights.

51.    SHA committed material breaches of its contractual duties by failing to satisfy the essential terms, resulting in harm and damages to Ms. Collins, including but not limited to:

a)  Failure to provide clinically appropriate assessment, counseling, and therapy by licensed professionals, instead relying on unqualified staff to render services promoting fundamentalist Christian indoctrination and conversion therapy tactics targeting LGBTQ+ identity;

b)  Failure to furnish a safe, habitable living environment by housing Ms. Collins in unsanitary, rudimentary shelters infested with rodents/insects and lacking basic utilities, exposing her to disease and injury risks;

c)  Failure to deliver an adequate education by providing substandard curricula and instruction inappropriate for differing age/grade levels, leaving Ms. Collins unprepared for higher education;

d)  Inflicting mental abuse through tactics like forced viewing of disturbing media, humiliation, food deprivation, excessive physical punishments, undue restraints, and violating human rights to privacy, dignity and freedoms;

e)  Demonstrating deliberate indifference to medical needs;

f)  Depriving Ms. Collins of reasonable communication and contact with her parents; and

g)  Employing excessive disciplinary measures and harsh punishments disproportionate to any alleged misconduct and inconsistent with a therapeutic environment.

52.     As a direct and proximate result of SHA's material breaches of its contractual duties, Ms. Collins suffered damages including physical injuries, mental and emotional distress, exacerbation of any pre-existing conditions, pain and suffering, loss of educational opportunities and has incurred expenses for medical and psychological treatment.

53.     SHA's failures were so fundamentally inconsistent with and contradictory to the purpose of the enrollment agreement that it defeated the very object of the contract's intent, amounting to a total breach.

54.     Ms. Collins is entitled to recover compensatory damages from SHA stemming from its breach of contract in an amount to be proved at trial, as well as potential liquidated damages as specified in the agreement, costs, and any other appropriate relief.

## COUNT 2: FRAUD AND MISREPRESENTATION

55.     Shepherd's Hill Academy made numerous false representations and misleading statements in its marketing materials, advertisements, website content, and oral communications regarding the therapeutic nature of its residential program.

56.     These representations included claims that SHA provided a safe environment with professional clinical staff, effective mental health treatment, and an appropriate educational curriculum – all aimed at rehabilitating at-risk youth.

57.     SHA knew these representations were false or made them recklessly without regard for the truth. In reality, SHA employed abusive tactics, lacked qualified staff, furnished substandard education, and failed to deliver on its promises of therapeutic care.

58.     The misrepresentations were material, going to the heart of SHA's program that Ms. Collins' mother relied upon in deciding to enroll her daughter and render payment.

59.     SHA intended that its false representations be acted upon by parents like Ms. Collins' mother seeking legitimate residential treatment options for their children.

60.     In reasonable reliance on SHA's deliberately deceptive marketing misrepresentations, Ms. Collins' mother was induced to enroll her at SHA and incur financial obligations.

61.     Rather than receiving the professional therapeutic environment as advertised, Ms. Collins instead endured substandard conditions, unqualified staff, indoctrinating fundamentalist Christian teachings, conversion therapy tactics targeting LGBTQ+ identity, and outright mental/physical abuse.

62.     SHA's fraudulent conduct and misrepresentations directly and proximately caused Ms. Collins to suffer injuries including physical harm, emotional distress, exacerbation of any pre-

Plaintiff's First Amended Complaint
and Jury Demand

Page 11 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

existing conditions, interruption of her education, and incur costs for medical treatment.

63.     SHA's actions in fraudulently inducing enrollment through misrepresentations constitute fraud in the inducement, fraud in the execution, fraudulent misrepresentation, fraudulent omission by failing to disclose the true nature of its practices, and violate consumer protection statutes prohibiting deceptive trade practices.

64.     As a result of SHA's fraud, Ms. Collins is entitled to recover compensatory and punitive damages in an amount to be proven at trial, as well as potential statutory enhanced damages, reasonable attorneys' fees, costs and other relief.

## COUNT 3: BREACH OF FIDUCIARY DUTY

65.     As a residential treatment facility for adolescents, Shepherd's Hill Academy owed a fiduciary duty to its minor students like Ms. Collins. This included duties of care, loyalty, good faith, and acting in the students' best interests.

66.     The fiduciary relationship arose from SHA serving as temporary custodians and caregivers for the students, standing partially in loco parentis, with control over their living situations and well-being.

67.     SHA breached its fiduciary duties to Ms. Collins in numerous ways, including but not limited to:

a)  Failing to act with reasonable care to ensure Ms. Collins' safety by housing her in substandard shelters infested with vermin and lacking proper climate control;

b)  Failing to act loyally and in Ms. Collins' best interests through the use of cruel punishments, excessive deprivation tactics, and emotional abuse;

c)  Failing to act in good faith by employing unqualified staff who lacked competence to provide therapeutic treatment;

d)  Acting in disloyal violation of Ms. Collins' privacy and confidentiality rights by improperly disclosing her therapy records and allowing unauthorized monitoring;

e)   Engaging in conversion therapy tactics and rhetoric designed to cause psychological abuse;

f)   Failing to provide Ms. Collins with an adequate education curriculum, prioritizing unpaid labor over her academic progress against her interests; and

g)   Demonstrating deliberate indifference to Ms. Collins' serious medical needs, withholding proper treatment in violation of duties of care.

68.    These actions and omissions by SHA amounted to bad faith and disloyalty, putting SHA's own interests ahead of Ms. Collins interests and need for safety, care, and therapeutic treatment.

69.    As a fiduciary, SHA had a duty to make full disclosure of all material facts to Ms. Collins and her parents/guardians, which it failed to do regarding its disciplinary practices, underqualified staff, and substandard conditions.

70.    SHA abused the special trust, confidence, and control it was given over Ms. Collins and violated the duty of utmost care owed to protect the vulnerable child.

71.    As a direct and proximate cause of SHA's fiduciary breaches, Ms. Collins suffered physical harm, emotional distress, loss of educational opportunities, and economic injuries.

72.    SHA is liable for actual and compensatory damages, as well as potential punitive damages where its actions demonstrated willful misconduct and conscious disregard for Ms. Collins' welfare.

## <u>COUNT 4:</u> ASSAULT AND BATTERY

73.    During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, she was subjected to numerous instances of unwanted and non-consensual physical contact by SHA staff members.

74.    This physical contact was intended to cause harmful or offensive bodily contact to Ms. Collins and constituted battery.

75.     Specific instances of battery inflicted upon Ms. Collins by SHA staff include but are not limited to:

a)  Using excessive and injurious restraints like handcuffs and shackles during Ms. Collins' forced transport that caused swelling, bleeding wounds and potential nerve damage;

b)  Forcibly strip searching Ms. Collins in front of multiple people against her will upon intake;

c)  Physically restraining Ms. Collins through use of restraint holds and prohibiting her freedom of movement as punitive measures;

d)  Subjecting Ms. Collins to excessive physical discipline including forcing her to do thousands of push-ups, jumping jacks and other exercises to the point of collapse and physical distress;

e)  Intentionally depriving Ms. Collins of adequate nutrition through highly restricted "special meals" and food deprivation as punishment;

f)  Compelling Ms. Collins to engage in intensive forced labor like chopping wood, digging holes, and other strenuous manual tasks under threat of discipline; and

g)  Placing Ms. Collins on "suicide watch" where staff held her arms constantly and watched her shower and use the bathroom, violating her personal privacy.

76.     These physical contacts and applications of force were unreasonable, unjustified, non-consensual and performed intentionally by SHA staff to cause offensive bodily harm or offensive contact to Ms. Collins.

77.     At no point did Ms. Collins ever provide actual consent for these harmful physical contacts, nor was she of legal capacity to consent while a minor student enrolled at SHA's program.

78.     The physical contact inflicted by SHA staff caused Ms. Collins to suffer physical injuries, severe emotional distress, anxiety, indignity, and physical and mental pain and suffering.

79.     SHA staff had no legal privilege or justification to subject Ms. Collins to this excessive and abusive physical force. Their conduct constituted both civil assault and battery for which SHA can be vicariously liable.

80.     As a direct and proximate result of the assault and battery committed against her, Ms. Collins has incurred medical expenses, emotional counseling costs, and related economic damages.

81.     SHA's staff engaged in this conduct knowingly, willfully, wantonly, oppressively, maliciously and with conscious disregard for Ms. Collins' rights, entitling her to punitive damages.

82.     Ms. Collins seeks compensatory and punitive damages in an amount to be proven at trial, costs, and other relief deemed appropriate.

## COUNT 5: KIDNAPPING

83.     In January 2020, Ms. Collins, who was 17 years old at the time, was forcibly taken from her home against her will by two transport agents from Safe Passage Global, a private transport service company contracted by Shepherd's Hill Academy.

84.     Ms. Collins did not consent to being taken from her home and did not have the legal capacity as a minor to consent to being transported in this manner even if she had.

85.     Under Georgia law, any person intentionally holding another against their will through the use of offensive force or threat constitutes the crime of kidnapping. O.C.G.A. § 16-5-40.

86.     The Safe Passage Global agents used offensive force by handcuffing and shackling Ms. Collins to physically restrain and control her movements in order to transport her against her will.

87.     At the time Safe Passage Global forcibly seized and transported the minor Ms. Collins from her home, there were no pending court orders granting them lawful authority to do so without her consent.

88.     Any purported "consent" provided by Ms. Collins' parents was invalid, as it was

obtained by Shepherd's Hill Academy through fraudulent inducement and misrepresentations about the therapeutic nature of its program.

89.    Georgia law prohibits parents from abandoning or mistreating their children through cruelty that renders the parental discretion inability. O.C.G.A. § 19-7-25. Shepherd's Hill Academy fraudulently induced the "consent" through material misrepresentations.

90.    Ms. Collins' parents were deliberately misled and defrauded by SHA's false representations that their program provided professional clinical treatment in a safe, nurturing environment that complied with laws and regulations.

91.    In reasonable reliance on these fraudulent misrepresentations from SHA, Ms. Collins' parents lacked the legal capacity to validly consent to the offensive forced transportation.

92.    Shepherd's Hill Academy conspired with and aided/abetted Safe Passage Global's kidnapping of Ms. Collins, making them co-conspirators in the criminal act.

93.    As a result, Ms. Collins suffered injuries including emotional distress, physical harm from the restraints, loss of freedom, and associated damages.

94.    The actions of SHA through their employees and/or agents, demonstrated willful misconduct, malice, wantonness, and an entire want of care raising presumption of conscious indifference to consequences.

95.    Ms. Collins seeks compensatory and punitive damages against SHA in an amount to be proven at trial for state law claims of kidnapping, false imprisonment, intentional infliction of emotional distress and associated torts.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96.    During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, SHA's employees and agents intentionally engaged in extreme and outrageous

conduct through abusive disciplinary tactics and residential conditions.

97.    The conduct by SHA staff was intentional and reckless, as it involved subjecting Carley Collins, a minor teenager at the time, to cruel punishments, forced labor, prolonged deprivations, and violations of human dignity.

98.    Specific instances of SHA's extreme and outrageous conduct included but were not limited to:

a)  Forcibly transporting Ms. Collins against her will using excessive restraints that caused physical injuries;

b)  Compelling Ms. Collins to endure harsh punishments like prolonged silence, "meal replacements" amounting to food deprivation, and excessive physical discipline to the point of collapse;

c)  Forcing Ms. Collins to engage in intensive manual labor under threat of punishment;

d)  Subjecting Ms. Collins to humiliating practices like strip searches and invasions of privacy during "suicide watch" monitoring;

e)  Indoctrinating Ms. Collins with fundamentalist Christian teachings and rhetoric condemning her sexual orientation through conversion therapy tactics;

f)  Failing to provide a safe living environment by housing Ms. Collins in unsanitary conditions infested with rodents/insects, lacking proper climate control, and risking injury;

g)  Demonstrating deliberate indifference to Ms. Collins' medical needs; and

h)  Subjecting Ms. Collins to severe limits on family communication and retaliation if she portrayed SHA negatively.

99.    This extreme and outrageous conduct by SHA staff was utterly intolerable in a civilized society and went beyond the bounds of any reasonable treatment program.

100.    SHA's conduct intentionally or recklessly caused Ms. Collins severe emotional distress, including anxiety, depression, anguish, emotional trauma, loss of self-esteem, and dignity.

101.    The emotional distress inflicted on Ms. Collins was so severe that no reasonable person could be expected to endure it, resulting in injury.

102.    As a direct result, Ms. Collins has suffered damages including the need for psychological counseling, medical treatment, pain and suffering, and other economic losses.

103.    The actions of SHA employees were willful, wanton, malicious and demonstrated an extreme indifference to the consequences of their conduct toward Ms. Collins.

104.    Ms. Collins seeks to recover compensatory damages and punitive damages against SHA in an amount to be proven at trial.

## COUNT 7: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

105.    Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services by qualified professionals, and freedom from abusive or harmful treatment tactics while she was enrolled as a student.

106.    SHA breached its duty of care to Ms. Collins through numerous negligent actions and failures, including but not limited to:

a)  Negligently failing to furnish a safe living space by housing Ms. Collins in substandard shelters infested with rodents/insects and lacking proper climate control, utilities, and sanitization;

b)  Negligently failing to provide an appropriate educational curriculum by utilizing the same inadequate instruction for a wide range of age groups;

c)  Negligently failing to ensure qualified clinical staff by employing underqualified and unlicensed individuals to provide therapy and mental health services;

d)  Negligently failing to follow acceptable and lawful standards of care in therapeutic practices by subjecting Ms. Collins to cruel punishments, forced labor, deprivation of necessities, and emotional abuse tactics;

e)  Negligently failing to protect Ms. Collins' safety and well-being by demonstrating deliberate indifference towards proper medical care; and

f)  Negligently allowing staff members to inflict emotional distress through harsh disciplinary measures and humiliating practices like public shaming and strip searches.

107.   SHA had an obligation to anticipate that its negligent actions and failures could foreseeably result in emotional distress to Carley Collins as a minor child under its care and supervision.

108.   As a direct and proximate result of SHA's negligent conduct, Ms. Collins suffered severe emotional distress including anxiety, fear, mental anguish, loss of self-esteem, depression and other psychological trauma.

109.   The emotional harm Ms. Collins experienced was a reasonably foreseeable consequence of SHA's negligent actions, failures, and lack of reasonable care toward her health, safety and well-being.

110.   Ms. Collins seeks to recover compensatory damages from SHA in an amount to be proven at trial for the emotional distress caused by SHA's negligence.

## <u>COUNT 8:</u> NEGLIGENCE

111.   Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services, education, and freedom from abusive treatment while she was enrolled as a student.

112.   SHA breached its duty through numerous negligent acts and omissions that failed to meet the applicable standard of care, placing Ms. Collins at foreseeable risk of harm.

113.   As a direct and proximate result of SHA's negligence, Ms. Collins suffered physical injuries, emotional distress, interruption of her education, and other damages.

Plaintiff's First Amended Complaint
and Jury Demand

Page 19 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

*Medical Neglect*

114.    SHA acted negligently in failing to provide Ms. Collins with adequate medical care and attention to her health needs, including:

a)  Denying outside medical treatment when she or other students fell sick;

b)  Failing to properly isolate, treat, or prevent the spread of disease on campus;

c)  Delaying treatment of wounds caused by excessive restraints during transport; and

d)  Failing to address scabies/lice outbreaks and other health issues in a timely manner.

*Spiritual Neglect*

115.    SHA acted negligently by subjecting Ms. Collins to spiritually abusive and damaging practices, including:

a)  Forcing fundamentalist Christian indoctrination through disturbing media and rhetoric;

b)  Employing conversion therapy tactics targeting her sexual orientation; and

c)  Inflicting psychological abuse by shaming her sexuality and promoting "purity culture."

*Educational Neglect*

116.    SHA acted negligently in failing to provide Ms. Collins with an adequate education, including:

a)  Utilizing a substandard curriculum taught at the same level for all girls ages 12-17;

b)  Failing to ensure instruction enabled academic progress and college preparedness; and

c)  Prioritizing unpaid manual labor over Ms. Collins' educational development.

*Emotional Neglect*

117.    SHA acted negligently by failing to provide an environment conducive to emotional well-being for Ms. Collins, including:

a)  Subjecting her to cruel punishments, humiliation, and excessive disciplinary tactics;

b) Demonstrating deliberate indifference to her emotional distress from conditions;

c) Creating an atmosphere of fear, hostility and dehumanizing treatment; and

d) Restricting communication with parents and support systems outside SHA.

### *Physical Neglect*

118.    SHA acted negligently by failing to ensure Ms. Collins' physical safety and well-being, including:

a) Housing her in substandard shelters infested with rodents/insects and lacking utilities;

b) Depriving her of adequate food, water, shelter, warmth, hygiene and clothing at times;

c) Forcing her to engage in intensive manual labor at risk of physical injury or distress; and

d) Authorizing excessive physical force and restraints by staff against Ms. Collins.

### *Mental Neglect*

119.    SHA acted negligently by failing to provide an environment conducive to mental health for Ms. Collins, including:

a) Housing her in isolating, dehumanizing, and unstable living conditions;

b) Imposing harsh punishments, forced deprivations, and cruel disciplinary practices;

c) Employing underqualified, unlicensed staff to provide mental health treatment; and

d) Inflicting conversion therapy and anti-LGBTQ+ practices causing psychological distress.

### *Negligent Hiring, Training and Supervision*

120.    SHA acted negligently in its hiring, training, and supervision of staff, including:

a) Hiring underqualified, unlicensed staff lacking education/credentials for roles;

b) Providing inadequate training on appropriate standards of care for students;

c) Training staff to use coercive "interrogation tactics" and harsh restraints;

Plaintiff's First Amended Complaint
and Jury Demand

Page 21 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

d)  Failing to properly supervise staff's use of excessive punishments and abuses; and

e)  Retaining staff known to inflict emotional abuse, humiliation and cruel tactics

121.    Ms. Collins is entitled to recover compensatory damages from SHA for all injuries proximately caused by its negligence.

## <u>COUNT 9: GROSS NEGLIGENCE</u>

122.    Shepherd's Hill Academy owed Ms. Collins, as a minor student enrolled in its residential program, a heightened duty to exercise a rigorous degree of care to prevent foreseeable harm or injury to her.

123.    SHA's conduct demonstrated an extreme degree of negligent misconduct that created an unreasonable risk of physical and emotional harm to the minor Carley Collins, who was particularly vulnerable while in SHA's custody and care.

124.    SHA engaged in numerous grossly negligent acts and omissions that violated the heightened duty of care and demonstrated a conscious indifference to the consequences, including but not limited to:

a)  Housing Ms. Collins in unsanitary, substandard shelters infested with rodents/insects and lacking proper climate control, utilities, sanitation, and protection from potential injuries like falling debris, creating an unreasonable risk to her health and safety;

b)  Imposing cruel, excessive and injurious disciplinary punishments and forced manual labor on Ms. Collins that violated standards of care and human rights, amounting to child abuse and neglect;

c)  Intentionally depriving Ms. Collins of adequate nutrition, medical care, freedom of movement, and basic life necessities at times as a punitive measure, putting her at severe risk;

d)  Subjecting Ms. Collins to severe emotional distress, humiliation, and dehumanizing tactics like strip searches, suicide watch violations of privacy, seclusion and conversion therapy, designed to break her will;

e)  Employing grossly unqualified, unlicensed staff who lacked basic credentials, training or clinical competence to provide therapeutic or mental health treatment for

adolescents;

f) With conscious disregard, having staff members improperly physically restrain and excessively forcibly transport Ms. Collins resulting in physical injuries; and

g) Willfully ignoring reports of abuses by staff and failing to properly supervise them, allowing continued mistreatment of students like Ms. Collins.

125.    Through its gross negligence, SHA created an ongoing unreasonable risk of harm, and its failure to exercise slight care constituted a higher risk than lack of ordinary care.

126.    SHA's acts and omissions demonstrated a conscious indifference to the harmful consequences that its misconduct could have on Ms. Collins, an adolescent in its care.

127.    As a direct result of SHA's gross negligence, Ms. Collins suffered severe physical injuries, emotional trauma, loss of educational opportunities, exacerbation of any existing conditions, and significant economic harm.

128.    SHA's actions evidenced willful misconduct, malice, wantonness, and an entire want of care that would raise a presumption of conscious indifference to the consequences of its conduct.

129.    Due to the aggravating circumstances involved, Ms. Collins is entitled to recover compensatory damages and punitive damages from SHA in an amount to be proven at trial.

## COUNT 10: WILLFUL MISCONDUCT

130.    Under Georgia law, an employer is liable for the willful misconduct of its employees when such conduct injures another person.

131.    Shepherd's Hill Academy, through the actions of its employees and agents, engaged in willful misconduct toward Ms. Collins that caused her severe injuries and damages.

132.    Georgia law defines willful misconduct as conduct involving conscious indifference to the consequences of one's acts – essentially a wanton or reckless disregard for the

rights of others.

133.     SHA employees demonstrated conscious indifference and reckless disregard for

Ms. Collins' rights through numerous intentional acts and omissions, including but not limited to:

a) Forcibly transporting and excessively restraining the minor Ms. Collins during intake, resulting in physical injuries despite knowing the dangers;

b) Knowingly subjecting Ms. Collins to dehumanizing punishments like forced deprivation of food, water and basic necessities;

c) Intentionally inflicting harsh physical discipline like excessive forced exercise with conscious disregard for her well-being;

d) Willfully compelling Ms. Collins to do strenuous, injurious forced manual labor against her will and physical capability;

e) Consciously disregarding Ms. Collins' serious medical needs;

f) Recklessly subjecting Ms. Collins to mentally, emotionally and spiritually abusive practices like humiliation, seclusion and conversion therapy; and

g) Wantonly ignoring standards of care by employing unlicensed, unqualified staff to provide therapeutic treatment and supervision.

134.     These acts and omissions by SHA employees were intentional, willful, and

demonstrated a conscious indifference to the known risks and dangers they posed to the minor

Carley Collins.

135.     SHA is directly liable for the willful misconduct of its employees under the doctrine

of respondeat superior.

136.     The willful and wanton nature of SHA's egregious actions showed an entire want

of care that would raise a presumption of conscious indifference to their consequences.

137.     Under Georgia law, willful misconduct is a greater degree of culpability than gross

negligence and lacks any mitigating circumstances.

138.     As a direct and proximate result of SHA's willful misconduct, Ms. Collins suffered

severe physical and psychological injuries, economic losses, pain and suffering and other compensable damages.

139.    Due to the heightened level of culpable misconduct involved, Ms. Collins is entitled to recover punitive damages against SHA in addition to compensatory damages.

## <u>COUNT 11</u>: RICO VIOLATIONS

140.    The Georgia RICO act prohibits any person from participating in an "enterprise" through a pattern of racketeering activity involving predicate criminal acts committed with criminal intent.

141.    Shepherd's Hill Academy constitutes an "enterprise" as defined by conducting its affairs through a continuous organizational structure with associates and employees.

142.    SHA and its associates, including but not limited to Trace Embry, transport companies, and certain employees, engaged in a pattern of racketeering activity involving numerous indictable offenses under Georgia laws.

143.    These predicate acts committed by SHA and its associates constitute racketeering activity and include:

a) Kidnapping (O.C.G.A. § 16-5-40) for forcibly abducting students like Ms. Collins through transport services;

b) False imprisonment (O.C.G.A. § 16-5-41) by unlawfully restraining students' personal liberty;

c) Cruelty to children (O.C.G.A. § 16-5-70) through excessive physical/mental pain or allowing cruel treatment;

d) Sexual battery (O.C.G.A. § 16-6-22.1) by subjecting students to non-consensual sexual contact;

e) Deceptive business practices and fraud (O.C.G.A. § 16-9-50 et seq.) through false marketing/misrepresentations;

f)  Insurance fraud and inflating charges for services not rendered (O.C.G.A. § 33-1-9); and

g)  Potential labor violations and illegal employment of unlicensed or unqualified personnel.

144.    This pattern of racketeering activity directly and proximately caused harm and injuries to Ms. Collins, including financial harm from the fraud and deceptive practices.

145.    SHA and its associates exhibited the specific statutory intent to engage in these predicate offenses through their actions, threats, acts of deception, and knowing code of silence.

146.    There was a direct relationship between SHA's racketeering activity and Ms. Collins' injuries, entitling her to treble damages and other remedies under RICO.

## COUNT 12: SEXUAL ASSAULT

147.    Under Georgia law, sexual assault is defined in part as sexual contact with another person without the consent of that person. O.C.G.A. § 16-6-5.1.

148.    "Sexual contact" means any intentional touching of the victim's intimate body parts or clothing covering those areas, for the purpose of sexual gratification. O.C.G.A. § 16-6-22.1.

149.    During Ms. Collins' enrollment at SHA, she alleges being subjected to non-consensual sexual contact by one or more SHA staff members in potential violation of Georgia's sexual assault laws, including but not limited to:

a)  Being forcibly strip searched by staff in view of others without consent;

b)  Having staff members touch her in areas constituting intimate body parts while forcibly restraining her against her will;

c)  Staff intentionally watching and monitoring Ms. Collins while nude/undressed without consent, including during showers and use of bathroom facilities; and

d)  Staff making inappropriate sexualized comments about Ms. Collins' body or attire.

150.    At no point did Ms. Collins, who was a minor teenager at the time, provide actual legal consent to any of these acts involving sexual contact and/or invasions of bodily privacy.

151.    Even if Ms. Collins had verbally consented, Georgia law recognizes that minors lack legal capacity to consent to sexual acts with adults.

152.    The alleged sexual contact was committed intentionally and for the purpose of gratifying the staff perpetrators' prurient interests, thereby meeting the definition of sexual assault.

153.    Ms. Collins has suffered physical and emotional injuries, pain and suffering, as well as other damages as a direct result of these sexual assaults.

154.    SHA is directly liable for the intentional sexual torts of assault and battery committed by its employees against Ms. Collins under the doctrine of respondeat superior.

155.    Ms. Collins is entitled to recover compensatory and punitive damages from SHA for all losses caused by the sexual assaults.

## COUNT 13: RACIAL DISCRIMINATION

156.    Georgia state law (O.C.G.A. § 51-1-6) also prohibits racial discrimination and harassment in public and private sectors.

157.    During Ms. Collins' enrollment, she witnessed a Black female student at SHA being subjected to intentional racial discrimination by at least one SHA staff member.

158.    Specifically, the staff member allegedly forced the Black student to perform the degrading and dehumanizing task of picking up cotton balls scattered on the ground solely because of her race.

159.    The staff member's actions in singling out the student for this demeaning punishment invoking racist historical symbolism was a hostile act based on the student's race.

160.    The racist comment and punitive action created a hostile educational environment

at SHA that was subjectively and objectively offensive, hostile and abusive to the student victim.

161.    Ms. Collins has sufficiently close statutory standing to bring claims on the student's behalf as an aggrieved party who witnessed the discriminatory conduct.

162.    SHA failed to adequately respond and prevent a racially hostile environment from existing despite its notice of the staff member's conduct.

163.    As a direct result, the student victim suffered harm including emotional distress, loss of educational opportunities, and dignity harm.

164.    SHA is liable for the staff's intentional racial discrimination and failure to address a known hostile environment under state law.

165.    Ms. Collins, as an SHA student and aggrieved party, seeks injunctive relief, compensatory damages, attorneys' fees and other remedies.

## <u>COUNT 14</u>: PREMISES LIABILITY

166.    As the operator and manager of the residential premises where Shepherd's Hill Academy was located, SHA owed a duty to students like Ms. Collins to exercise ordinary care in keeping the premises reasonably safe from foreseeable hazards and dangers.

167.    SHA breached this duty of care by allowing numerous unsafe and hazardous conditions to exist on the premises, including but not limited to:

a) Substandard and poorly constructed shelters that lacked proper insulation, ventilation, utilities, and structural integrity to withstand the elements and prevent intrusion from rodents, insects, and potential falling debris;

b) Unsanitary food preparation areas that were uncovered, unhygienic, lacked proper cooking equipment, and created risks of foodborne illnesses;

c) Cluttered premises with tools, building materials, dirt piles, and other hazards that created slip, trip and fall risks as well as potential obstructions/objects to injure students;

d) Lack of adequate safety equipment, railing/guardrails, signage, lighting and other precautions given the rustic and rural nature of the premises; and

e) Presence of wild animals and vermin infestations on the premises without proper deterrents, control or warnings to students.

168.    SHA knew or reasonably should have known about these hazardous premises conditions that posed an unreasonable risk of harm.

169.    As a residential student living on-site, Ms. Collins was lawfully present on the premises as an invitee to whom SHA owed a duty of reasonable care.

170.    In fact, as a minor child under SHA's custody and control, she belonged to a Class of persons requiring an even higher duty of care.

171.    Ms. Collins suffered actual physical injuries and emotional distress proximately caused by SHA's failure to remediate or warn about hazardous conditions like:

a) Substandard shelter conditions leading to illnesses, rashes, and exposure to the elements;

b) Unsanitary food areas causing foodborne illnesses and sickness;

c) Slip/trip and fall injuries from cluttered premises and lack of lighting/safety equipment; and

d) Bites, scratches, or distress from wild animal/vermin intrusions.

172.    In addition to damages for physical harm, Ms. Collins is entitled to compensation for her emotional distress, counseling costs, and other economic losses stemming from SHA's premises liability.

173.    SHA had actual knowledge of injury-causing hazards through incident reports and direct staff observations yet failed to take corrective action, demonstrating potential wantonness authorizing punitive damages.

## COUNT 15: PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-14

174.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

175.    Pursuant to O.C.G.A. § 51-12-14, Plaintiff hereby gives notice that she is seeking punitive damages in this action.

176.    At least 30 days prior to the filing of this lawsuit, Plaintiff provided written notice to the Defendant of her intent to seek punitive damages, as required by O.C.G.A. § 51-12-14(a).

177.    The actions of Defendant Shepherd's Hill Academy Inc., as described in the preceding paragraphs, demonstrate willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

178.    Specifically, Defendant's conduct warranting punitive damages includes, but is not limited to:

a)    Knowingly subjecting Ms. Collins, a minor, to cruel and inhumane treatment, including forced labor, excessive physical discipline, and deprivation of basic necessities;

b)    Deliberately ignoring Ms. Collins' serious medical needs;

c)    Intentionally inflicting severe emotional distress through abusive practices, including conversion therapy tactics and public humiliation;

d)    Willfully employing unqualified staff to provide mental health treatment, showing a reckless disregard for Ms. Collins' well-being;

e)    Consciously disregarding the safety and security of students by housing them in substandard, unsanitary, and dangerous living conditions;

f)    Engaging in fraudulent misrepresentation to induce enrollment and payments from Ms. Collins' parents; and

g)    Conspiring to kidnap and falsely imprison Ms. Collins through the use of a transport service.

179.    These actions demonstrate a pattern of behavior that goes beyond mere negligence and rises to the level of willful misconduct and conscious indifference to the consequences of their actions.

180.    The imposition of punitive damages on the Defendant is warranted to punish them for their egregious conduct and to deter them and others from engaging in similar conduct in the future.

181.    Plaintiff seeks punitive damages in an amount to be determined by the enlightened conscience of a jury.

182.    Pursuant to O.C.G.A. § 51-12-14(b), Plaintiff reserves the right to amend this complaint to state a claim for punitive damages against any party with respect to one or more claims for relief as allowed by law.

## COUNT 16: ATTORNEY'S FEES FOR BAD FAITH UNDER O.C.G.A. § 13-6-11

183.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

184.    Under O.C.G.A. § 13-6-11, expenses of litigation, including attorney's fees, may be allowed as part of the damages where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.

185.    Defendant Shepherd's Hill Academy Inc. has acted in bad faith in the transactions and occurrences giving rise to this cause of action.

186.    Defendant's bad faith is evidenced by, but not limited to, the following actions:

a) Knowingly misrepresenting the nature of their program and services to induce enrollment and payment;

b) Deliberately violating state regulations and standards of care for residential treatment facilities;

c) Intentionally subjecting Ms. Collins to abusive and harmful practices under the guise of treatment;

d) Willfully disregarding Ms. Collins' physical and mental health needs;

e) Consciously employing unqualified staff to provide mental health services;

f) Purposefully restricting Ms. Collins' communication with her parents to conceal the true nature of the program;

g) Intentionally inflicting emotional distress through cruel and unusual punishments; and

h) Knowingly conspiring to kidnap and falsely imprison Ms.Collins.

187. These actions demonstrate a conscious and deliberate disregard for Ms. Collins' rights and well-being, as well as a pattern of deceptive and harmful practices that go beyond mere negligence or breach of contract.

188. Defendant's bad faith has caused Ms. Collins unnecessary trouble and expense, including the need to pursue this litigation to seek redress for the harms she has suffered.

189. As a result of Defendant's bad faith, Ms. Collins has incurred and continues to incur substantial attorney's fees and expenses of litigation.

190. Pursuant to O.C.G.A. § 13-6-11, Ms. Collins is entitled to recover all expenses of litigation, including reasonable attorney's fees, incurred as a result of Defendant's bad faith actions.

191. Plaintiff seeks an award of attorney's fees and expenses of litigation in an amount to be proven at trial.

## VII.    <u>RESERVATION OF RIGHTS</u>

192. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend her Petition to add or remove counts upon further discovery and as her investigation continues.

## VIII.   JURY DEMAND

193.    Plaintiff hereby requests that all causes of action alleged herein be tried before a properly impaneled jury.

## IX.   PRAYER FOR RELIEF – DAMAGES

194.    The conduct of the Defendant, as alleged hereinabove, was a direct, proximate, and producing cause of the damages to Plaintiff, and of the following general and special damages including:

a) All available compensatory damages for the described losses with respect to each cause of action;

b) Past and future medical expenses, as well as the cost associated with past and future life care;

c) Past and future lost wages and loss of earning capacity;

d) Past and future emotional distress;

e) Consequential damages;

f) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g) Damages to punish Defendant for proximately causing physical pain and mental anguish;

h) Enter judgment against Defendant, awarding Plaintiff damages in an amount to be determined at trial and their costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate them for all damages;

i) Punitive damages;

j) Attorneys' fees;

k) Prejudgment and post judgment interest, costs, and disbursements;

l) Any and all other recoverable personal injury damages for Plaintiff; and

m) Such and further relief at law or in equity as this Court may deem just and appropriate.

## X.    CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands that the Defendant be cited to appear and answer herein. Upon final judgment against the Defendant, awarding Plaintiff damages in an amount to be determined at trial and her costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate her for all damages listed herein and such and further relief at law or in equity as this Court may deem just and appropriate.

Respectfully submitted this 3ʳᵈ day of October, 2024.

<div align="right">

/s/ *Mitchell E. McGough*

Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
(TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**

</div>

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com

dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

Plaintiff's First Amended Complaint
and Jury Demand

Page 35 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

**IN THE STATE COURT OF STEPHENS COUNTY**

**STATE OF GEORGIA**

CARLEY COLLINS

     *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

     *Defendant*

Case No.

STCV2024000294

## **ORDER**

In accordance with the foregoing, this COURT hereby GRANTS the Plaintiff's *Motion to Correct Misnomer*. Plaintiff shall file the Amended Complaint attached to her Motion in which the caption has been amended to name "Shepherd's Hill Academy Inc." instead of "Shepherd's Hill Academy LLC" instanter.

SO ORDERED this _16_ day of ___Oct___, 2024.

Honorable James T. Irvin
Judge, Stephens County State Court

## IN THE STATE COURT OF STEPHENS COUNTY

### STATE OF GEORGIA

CARLEY COLLINS

*Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

*Defendant*

Case No.

STCV2024000294

### <u>ORDER</u>

In accordance with the foregoing, this COURT hereby GRANTS the Plaintiff's *Motion to Correct Misnomer*. Plaintiff shall file the Amended Complaint attached to her Motion in which the caption has been amended to name "Shepherd's Hill Academy Inc." instead of "Shepherd's Hill Academy LLC" instanter.

SO ORDERED this __16__ day of __OCT__, 2024.

Honorable James T. Irvin
Judge, Stephens County State Court

STEPHENS COUNTY CLERK
OCT 16 '24 AM11:11

🔒 **EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**

NOV 04, 2024 02:34 PM

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY

## STATE OF GEORGIA

CARLEY COLLINS

*Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

*Defendant*

Case No.

STCV2024000294

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Carley Collins by and through her counsel, Griffin Purnell LLC, and for her cause of action against Defendant Shepherd's Hill Academy Inc., as the company and/or successor in interest to the company that participated in the transport to and/or internment at Shepherd's Hill Academy where Plaintiff and others throughout the United States resided. Accordingly, Plaintiff alleges and states to the Court as follows:

### I.    INTRODUCTION

1.    Plaintiff brings this civil action to recover damages within the jurisdictional limits of this Court including all (1) General Damages; (2) Special Damages; and (3) Exemplary Damages as well as other damages allowable under Georgia Law as a result of the transport to and time spent at Shepherd's Hill Academy.

2.    Shepherd's Hill Academy is one of many programs operating in what is known as the "troubled teen industry" (TTI programs). The troubled teen industry encompasses a variety of residential treatment programs and outdoor therapeutic camps claimed to be designed for adolescents struggling with issues like substance abuse, behavioral problems, mental health

Plaintiff's First Amended Complaint
and Jury Demand

Page 1 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

disorders, or defiance toward authority figures. These programs operate across the United States and internationally. They employ a range of treatment methodologies, including wilderness therapy, emotional growth techniques, and behavior modification models. The industry generates significant annual revenue but lacks uniform regulation and external oversight.

3.    Shepherd's Hill Academy is a TTI program marketed as a therapy-based boarding school. Shepherd's Hill Academy specifically advertises itself as a Christ-centered wilderness therapy program that caters to "troubled teens" through its therapeutic activities and academic campus. The program claims to provide quality education, experiential living, and a holistic therapeutic approach to the teens enrolled in the approximately year-long program.

4.    The troubled teen industry routinely employs transport services, such as Safe Passage Global, to physically remove adolescents from their homes and transport them to residential programs or wilderness camps. Transport teams, often contracted by the facilities, arrive unannounced to teenagers' residences. They are tasked with extracting the youths and bringing them, against their will, if necessary, to the treatment camp locations.

5.    Plaintiff brings claims set forth below asserting: (1) breach of contract; (2) fraud and misrepresentation; (3) breach of fiduciary duty; (4) assault and battery; (5) kidnapping; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) negligence; (9) gross negligence; (10) willful misconduct; (11) RICO violations; (12) sexual assault; (13) racial discrimination; (14) premises liability; (15) punitive damages; and (16) a request for attorney's fees for bad faith.

6.    These claims arise from Carley Collins' transport to, and time spent at Shepherd's Hill Academy which, due to Defendant's misconduct, resulted in a series of damages including without limitation, failure to perform under the contract, and physical and mental abuse.

## II.    PARTIES

7.    Plaintiff, Carley Collins ("Ms. Collins") is an individual residing in College Station, Brazos County, Texas.

8.    Defendant, Shepherd's Hill Academy Inc., ("SHA") is a Georgia corporation with its principal place of business located at 2200 Price Road, in Martin, Georgia. Shepherd's Hill Academy may be served with process by serving its registered agent at 2200 Price Road, Martin, Georgia 30557.

## III.    JURISDICTION & VENUE

9.    This Court has jurisdiction over the parties because the Defendant is incorporated and has their principal place of business within the State of Georgia.

10.    Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(1) and § 9-10-93, as the Defendant maintains their headquarters and/or their agent for service of process in this County, where substantial business activities related to this case's claims also occur.

## IV.    FACTUAL BACKGROUND

11.    Ms. Collins, now 20 years old, was a student at Shepherd's Hill Academy residential program in Georgia from January 15, 2020 to December 16, 2020 when she was 16-17 years old.

12.    She was transported against her will to the facility by a private transport service company on or around January 15, 2020.

13.    During this forced transport, Ms. Collins alleges she was handcuffed and shackled in a manner that caused her wrists to swell with open bleeding wounds. She had to walk through an airport in restraints and believes she may have suffered nerve damage from the overly tight restraints.

14.     Staff took photographs of her injuries upon arrival at SHA but she did not receive adequate initial medical treatment for the wounds.

15.     Upon intake at SHA, Ms. Collins was subjected to a strip search in front of multiple people and invasive questioning about her sexual history.

16.     She underwent psychological testing that included the Rorschach inkblot test, which is not considered a scientifically valid clinical assessment tool.

17.     Ms. Collins was bluntly informed that at SHA, students had limited fundamental rights to only food, water, shelter, and showers – but no rights to basic freedoms like freedom of speech, freedom to wear clothing other than what was permitted, freedom to sleep, or to warmth. All other freedoms were deemed "privileges" that could be revoked through SHA's draconian discipline system.

18.     While at SHA, Ms. Collins resided in primitive "cabin" shelters made of tarps propped up by logs with no electricity, heating, ventilation, or proper bathroom facilities. The makeshift cabins were prone to leaks, mold growth, snake/rodent infestations, and even falling branches penetrating the tarp roofs due to the lack of a solid structure. When tornado warnings occurred, students had to sleep on the floor of a classroom trailer.

19.     Food preparation sites were equally unacceptable, consisting of open-air facilities covered in dirt and grime where food was cooked over underground fire pits in an unsanitary manner. This often resulted in students being served frozen chicken and vegetables that were undercooked. Rodent infestations were present in these areas as well.

20.     Ms. Collins was subjected to mental abuse tactics while at SHA like forced viewing of disturbing videos and media productions late into the night containing graphic content aimed at

indoctrination. She claims students were made to watch videos like "Hell's Bells" which depicts secular media as satanic for hours on end. An anti-abortion film was also shown.

21.     Harsh disciplinary measures are described such as excessive exercise punishments to the point of students collapsing from exhaustion. Girls recount being made to do thousands of squats, jumping jacks, or pushups among other grueling physical consequences for even minor infractions or perceived infractions. Prolonged forced silence covering weeks or months was another tactic used.

22.     Withholding of proper nutrition through highly restricted "special meals" or so-called "meal replacements" like being given only a slice of frozen bread, small portions of beans and greens was cited. This type of food deprivation as punishment is criticized by experts as promoting disordered eating.

23.     Physical abuse in the form of forced intensive took place as well. One student claims being forced to scrub an entire shower facility with a toothbrush for days to degrading effect as punishment.

24.     Ms. Collins personally claims she was placed on "suicide watch" where staff would hold her arms constantly and watch her shower and use the bathroom, violating all privacy.

25.     Her education quality is stated as severely substandard, teaching the same basic curriculum to girls ages 12-17. She believes this lack of quality education left her completely unprepared for college initially.

26.     Communication with parents was severely restricted and monitored by staff at all times. Students could only communicate via letters that were screened, with any negativity about SHA redacted by staff. Students were punished if they attempted to convey dissatisfaction with SHA to parents. Phone calls with parents were limited to 10 minutes monthly and always staff

monitored.

27.     In-person parent visits were portrayed as a privilege that had to be earned over time via SHA's behavior level system and could be revoked for any perceived infractions like portraying SHA negatively. Any expression of a desire to leave the program or indicating one might be LGBTQ+ through conversation or in writing could result in harsh punishments.

28.     Punishments in general are described as completely excessive, with overly harsh consequences doled out for even minor offenses or perceived infractions like forgetting something, looking in the wrong direction, or accidentally positioning oneself slightly too far away from an assigned staff monitor.

29.     Restraints and being forced to be attached at all times to a staff member by links or "being on hip" were common consequences.

30.     SHA had a prominent focus on fundamentalist Christian teachings and attempted indoctrination. This included Bible courses, and required church attendance where students were publicly denigrated as "troubled" or "deeply troubled youths" SHA's founder Trace Embry was "ministering" to.

31.     Mr. Embry himself frequently conducted "chapel" sessions that were a mix of fire-and-brimstone anti-LGBTQ+ rhetoric and extreme interpretations of sexual purity. He would allegedly make derogatory comments about LGBTQ+ people, claim they were destined for hell, compare them to "abominations", and wear shirts printed with anti-gay Bible verses.

32.     Ms. Collins and other students claim SHA employed conversion therapy tactics for LGBTQ+ students – separating those who experienced "same-sex attraction", censoring LGBTQ+ topics, and having therapists directly attempt to change their sexual orientation or gender identity. Outside speakers also allegedly visited to give instructions on homosexuality being abnormal.

33.     Medical safety was severely compromised. Health incidents like scabies/lice outbreaks and broken bones are stated to have been basically ignored – with students forced to continue manual labor on crutches in some cases.

34.     Staff oversight and qualifications are called into serious question.

35.     The program was largely operated by young, potentially unqualified staff members – some still college students or recent graduates without clinical psychology credentials overseeing therapy. Embry himself had no formal mental health training but pushed his fundamentalist Christian ideology.

36.     Staff were trained in coercive "FBI interrogation tactics" to force information from students and were shown harsh physical restraint methods. One former staff member gave testimony that she was told students could "never receive enough consequences" as part of the discipline indoctrination.

37.     SHA engaged in deceptive billing practices as well, like improperly billing education savings accounts or insurance companies potentially through fraudulent mental health diagnosis assignments that did not reflect legitimate clinical evaluations.

38.     The stated reasons for Ms. Collins' admission by her mother centered primarily around disapproval of her sexual orientation as a lesbian and some minor marijuana use at the time – not acute mental health needs. This coincided with a previous clinical evaluation finding no mental health issues requiring residential treatment, only potential family dynamic conflicts.

## V.     THE DISCOVERY RULE APPLIES TO THIS MATTER

39.     All of the allegations contained in the previous paragraphs are realleged herein.

40.     Plaintiff pleads that the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence,

should have known of facts indicating Plaintiff had been injured, the cause of the injury, and the tortious nature of the wrongdoing that caused the injury.

41.    The damages Plaintiff suffered could not have been discovered by a date within the applicable statute of limitations for filing of some of Plaintiff's claims.

42.    The conduct of the Defendant hampered the ability of Plaintiff to discover the injury, the cause of the injury, and the tortious nature of the wrongdoing which caused said injury. The Defendant advertised themselves as, and convinced Plaintiff that the wrongs they were committing to Plaintiff were for her own betterment. As a minor, Plaintiff was unable to grasp the extent of damage Defendant was doing to her under the guise of self-improvement. Moreover, once Plaintiff left Shepherd's Hill Academy, she attempted to obtain her records from the Defendant, which she was repeatedly denied.

43.    Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by the Defendant when they had a duty to disclose those facts.

44.    The Defendant's purposeful and fraudulent acts of concealment have kept Plaintiff ignorant of vital information essential to the pursuit of Plaintiff's claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on Plaintiff's filing of her causes of action.

45.    Further, the tortious conduct involved should be considered a continuing tort and Plaintiff is bringing this action upon the discovery through reasonable care and due diligence of the tortious conduct damages, and injury suffered.

## VI.    CAUSES OF ACTION

## COUNT 1: BREACH OF CONTRACT

46.    In approximately January 2020, Ms. Collins' mother entered into an enrollment agreement contract with Shepherd's Hill Academy for Ms. Collins to attend the residential program as a student.

47.    The contract represented that SHA would provide a safe, therapeutic environment aimed at addressing the behavioral and emotional needs of at-risk adolescents through appropriate clinical services, education, and residential care.

48.    SHA marketed and promoted its program as offering professional therapeutic treatment by qualified staff, coupled with a nurturing residential environment to facilitate emotional growth and continued education for students.

49.    By enrolling Ms. Collins at SHA and rendering payment for her attendance, her mother and SHA formed a valid contract, either making Ms. Collins a direct party to the agreement or an intended third-party beneficiary.

50.    The contract obligated SHA to exercise reasonable care in providing Ms. Collins with a therapeutic milieu, including:

    a) Appropriate clinical assessments and mental health treatment by qualified professionals;

    b) A safe living environment with adequate food, shelter, heating/cooling, and sanitization;

    c) Educational instruction sufficient to make academic progress; and

    d) Freedom from abuse, cruelty, excessive punitive measures, and violations of human rights.

51.    SHA committed material breaches of its contractual duties by failing to satisfy the essential terms, resulting in harm and damages to Ms. Collins, including but not limited to:

a) Failure to provide clinically appropriate assessment, counseling, and therapy by licensed professionals, instead relying on unqualified staff to render services promoting fundamentalist Christian indoctrination and conversion therapy tactics targeting LGBTQ+ identity;

b) Failure to furnish a safe, habitable living environment by housing Ms. Collins in unsanitary, rudimentary shelters infested with rodents/insects and lacking basic utilities, exposing her to disease and injury risks;

c) Failure to deliver an adequate education by providing substandard curricula and instruction inappropriate for differing age/grade levels, leaving Ms. Collins unprepared for higher education;

d) Inflicting mental abuse through tactics like forced viewing of disturbing media, humiliation, food deprivation, excessive physical punishments, undue restraints, and violating human rights to privacy, dignity and freedoms;

e) Demonstrating deliberate indifference to medical needs;

f) Depriving Ms. Collins of reasonable communication and contact with her parents; and

g) Employing excessive disciplinary measures and harsh punishments disproportionate to any alleged misconduct and inconsistent with a therapeutic environment.

52.    As a direct and proximate result of SHA's material breaches of its contractual duties, Ms. Collins suffered damages including physical injuries, mental and emotional distress, exacerbation of any pre-existing conditions, pain and suffering, loss of educational opportunities and has incurred expenses for medical and psychological treatment.

53.    SHA's failures were so fundamentally inconsistent with and contradictory to the purpose of the enrollment agreement that it defeated the very object of the contract's intent, amounting to a total breach.

54.    Ms. Collins is entitled to recover compensatory damages from SHA stemming from its breach of contract in an amount to be proved at trial, as well as potential liquidated damages as specified in the agreement, costs, and any other appropriate relief.

## COUNT 2: FRAUD AND MISREPRESENTATION

55.     Shepherd's Hill Academy made numerous false representations and misleading statements in its marketing materials, advertisements, website content, and oral communications regarding the therapeutic nature of its residential program.

56.     These representations included claims that SHA provided a safe environment with professional clinical staff, effective mental health treatment, and an appropriate educational curriculum – all aimed at rehabilitating at-risk youth.

57.     SHA knew these representations were false or made them recklessly without regard for the truth. In reality, SHA employed abusive tactics, lacked qualified staff, furnished substandard education, and failed to deliver on its promises of therapeutic care.

58.     The misrepresentations were material, going to the heart of SHA's program that Ms. Collins' mother relied upon in deciding to enroll her daughter and render payment.

59.     SHA intended that its false representations be acted upon by parents like Ms. Collins' mother seeking legitimate residential treatment options for their children.

60.     In  reasonable  reliance  on  SHA's  deliberately  deceptive  marketing misrepresentations, Ms. Collins' mother was induced to enroll her at SHA and incur financial obligations.

61.     Rather than receiving the professional therapeutic environment as advertised, Ms. Collins instead endured substandard conditions, unqualified staff, indoctrinating fundamentalist Christian teachings, conversion therapy tactics targeting LGBTQ+ identity, and outright mental/physical abuse.

62.     SHA's fraudulent conduct and misrepresentations directly and proximately caused Ms. Collins to suffer injuries including physical harm, emotional distress, exacerbation of any pre-

Plaintiff's First Amended Complaint
and Jury Demand

Page 11 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

existing conditions, interruption of her education, and incur costs for medical treatment.

63.    SHA's actions in fraudulently inducing enrollment through misrepresentations constitute fraud in the inducement, fraud in the execution, fraudulent misrepresentation, fraudulent omission by failing to disclose the true nature of its practices, and violate consumer protection statutes prohibiting deceptive trade practices.

64.    As a result of SHA's fraud, Ms. Collins is entitled to recover compensatory and punitive damages in an amount to be proven at trial, as well as potential statutory enhanced damages, reasonable attorneys' fees, costs and other relief.

## COUNT 3: BREACH OF FIDUCIARY DUTY

65.    As a residential treatment facility for adolescents, Shepherd's Hill Academy owed a fiduciary duty to its minor students like Ms. Collins. This included duties of care, loyalty, good faith, and acting in the students' best interests.

66.    The fiduciary relationship arose from SHA serving as temporary custodians and caregivers for the students, standing partially in loco parentis, with control over their living situations and well-being.

67.    SHA breached its fiduciary duties to Ms. Collins in numerous ways, including but not limited to:

a) Failing to act with reasonable care to ensure Ms. Collins' safety by housing her in substandard shelters infested with vermin and lacking proper climate control;

b) Failing to act loyally and in Ms. Collins' best interests through the use of cruel punishments, excessive deprivation tactics, and emotional abuse;

c) Failing to act in good faith by employing unqualified staff who lacked competence to provide therapeutic treatment;

d) Acting in disloyal violation of Ms. Collins' privacy and confidentiality rights by improperly disclosing her therapy records and allowing unauthorized monitoring;

e) Engaging in conversion therapy tactics and rhetoric designed to cause psychological abuse;

f) Failing to provide Ms. Collins with an adequate education curriculum, prioritizing unpaid labor over her academic progress against her interests; and

g) Demonstrating deliberate indifference to Ms. Collins' serious medical needs, withholding proper treatment in violation of duties of care.

68.     These actions and omissions by SHA amounted to bad faith and disloyalty, putting SHA's own interests ahead of Ms. Collins interests and need for safety, care, and therapeutic treatment.

69.     As a fiduciary, SHA had a duty to make full disclosure of all material facts to Ms. Collins and her parents/guardians, which it failed to do regarding its disciplinary practices, underqualified staff, and substandard conditions.

70.     SHA abused the special trust, confidence, and control it was given over Ms. Collins and violated the duty of utmost care owed to protect the vulnerable child.

71.     As a direct and proximate cause of SHA's fiduciary breaches, Ms. Collins suffered physical harm, emotional distress, loss of educational opportunities, and economic injuries.

72.     SHA is liable for actual and compensatory damages, as well as potential punitive damages where its actions demonstrated willful misconduct and conscious disregard for Ms. Collins' welfare.

## COUNT 4: ASSAULT AND BATTERY

73.     During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, she was subjected to numerous instances of unwanted and non-consensual physical contact by SHA staff members.

74.     This physical contact was intended to cause harmful or offensive bodily contact to Ms. Collins and constituted battery.

75.     Specific instances of battery inflicted upon Ms. Collins by SHA staff include but are not limited to:

a) Using excessive and injurious restraints like handcuffs and shackles during Ms. Collins' forced transport that caused swelling, bleeding wounds and potential nerve damage;

b) Forcibly strip searching Ms. Collins in front of multiple people against her will upon intake;

c) Physically restraining Ms. Collins through use of restraint holds and prohibiting her freedom of movement as punitive measures;

d) Subjecting Ms. Collins to excessive physical discipline including forcing her to do thousands of push-ups, jumping jacks and other exercises to the point of collapse and physical distress;

e) Intentionally depriving Ms. Collins of adequate nutrition through highly restricted "special meals" and food deprivation as punishment;

f) Compelling Ms. Collins to engage in intensive forced labor like chopping wood, digging holes, and other strenuous manual tasks under threat of discipline; and

g) Placing Ms. Collins on "suicide watch" where staff held her arms constantly and watched her shower and use the bathroom, violating her personal privacy.

76.     These physical contacts and applications of force were unreasonable, unjustified, non-consensual and performed intentionally by SHA staff to cause offensive bodily harm or offensive contact to Ms. Collins.

77.     At no point did Ms. Collins ever provide actual consent for these harmful physical contacts, nor was she of legal capacity to consent while a minor student enrolled at SHA's program.

78.     The physical contact inflicted by SHA staff caused Ms. Collins to suffer physical injuries, severe emotional distress, anxiety, indignity, and physical and mental pain and suffering.

79.     SHA staff had no legal privilege or justification to subject Ms. Collins to this excessive and abusive physical force. Their conduct constituted both civil assault and battery for which SHA can be vicariously liable.

80.    As a direct and proximate result of the assault and battery committed against her, Ms. Collins has incurred medical expenses, emotional counseling costs, and related economic damages.

81.    SHA's staff engaged in this conduct knowingly, willfully, wantonly, oppressively, maliciously and with conscious disregard for Ms. Collins' rights, entitling her to punitive damages.

82.    Ms. Collins seeks compensatory and punitive damages in an amount to be proven at trial, costs, and other relief deemed appropriate.

## <u>COUNT 5</u>: KIDNAPPING

83.    In January 2020, Ms. Collins, who was 17 years old at the time, was forcibly taken from her home against her will by two transport agents from Safe Passage Global, a private transport service company contracted by Shepherd's Hill Academy.

84.    Ms. Collins did not consent to being taken from her home and did not have the legal capacity as a minor to consent to being transported in this manner even if she had.

85.    Under Georgia law, any person intentionally holding another against their will through the use of offensive force or threat constitutes the crime of kidnapping. O.C.G.A. § 16-5-40.

86.    The Safe Passage Global agents used offensive force by handcuffing and shackling Ms. Collins to physically restrain and control her movements in order to transport her against her will.

87.    At the time Safe Passage Global forcibly seized and transported the minor Ms. Collins from her home, there were no pending court orders granting them lawful authority to do so without her consent.

88.    Any purported "consent" provided by Ms. Collins' parents was invalid, as it was

obtained by Shepherd's Hill Academy through fraudulent inducement and misrepresentations about the therapeutic nature of its program.

89.     Georgia law prohibits parents from abandoning or mistreating their children through cruelty that renders the parental discretion inability. O.C.G.A. § 19-7-25. Shepherd's Hill Academy fraudulently induced the "consent" through material misrepresentations.

90.     Ms. Collins' parents were deliberately misled and defrauded by SHA's false representations that their program provided professional clinical treatment in a safe, nurturing environment that complied with laws and regulations.

91.     In reasonable reliance on these fraudulent misrepresentations from SHA, Ms. Collins' parents lacked the legal capacity to validly consent to the offensive forced transportation.

92.     Shepherd's Hill Academy conspired with and aided/abetted Safe Passage Global's kidnapping of Ms. Collins, making them co-conspirators in the criminal act.

93.     As a result, Ms. Collins suffered injuries including emotional distress, physical harm from the restraints, loss of freedom, and associated damages.

94.     The actions of SHA through their employees and/or agents, demonstrated willful misconduct, malice, wantonness, and an entire want of care raising presumption of conscious indifference to consequences.

95.     Ms. Collins seeks compensatory and punitive damages against SHA in an amount to be proven at trial for state law claims of kidnapping, false imprisonment, intentional infliction of emotional distress and associated torts.

## **COUNT 6:** **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

96.     During Ms. Collins' enrollment at Shepherd's Hill Academy from January 2020 to December 2020, SHA's employees and agents intentionally engaged in extreme and outrageous

conduct through abusive disciplinary tactics and residential conditions.

97.    The conduct by SHA staff was intentional and reckless, as it involved subjecting Carley Collins, a minor teenager at the time, to cruel punishments, forced labor, prolonged deprivations, and violations of human dignity.

98.    Specific instances of SHA's extreme and outrageous conduct included but were not limited to:

a) Forcibly transporting Ms. Collins against her will using excessive restraints that caused physical injuries;

b) Compelling Ms. Collins to endure harsh punishments like prolonged silence, "meal replacements" amounting to food deprivation, and excessive physical discipline to the point of collapse;

c) Forcing Ms. Collins to engage in intensive manual labor under threat of punishment;

d) Subjecting Ms. Collins to humiliating practices like strip searches and invasions of privacy during "suicide watch" monitoring;

e) Indoctrinating Ms. Collins with fundamentalist Christian teachings and rhetoric condemning her sexual orientation through conversion therapy tactics;

f) Failing to provide a safe living environment by housing Ms. Collins in unsanitary conditions infested with rodents/insects, lacking proper climate control, and risking injury;

g) Demonstrating deliberate indifference to Ms. Collins' medical needs; and

h) Subjecting Ms. Collins to severe limits on family communication and retaliation if she portrayed SHA negatively.

99.    This extreme and outrageous conduct by SHA staff was utterly intolerable in a civilized society and went beyond the bounds of any reasonable treatment program.

100.    SHA's conduct intentionally or recklessly caused Ms. Collins severe emotional distress, including anxiety, depression, anguish, emotional trauma, loss of self-esteem, and dignity.

Plaintiff's First Amended Complaint
and Jury Demand

Page 17 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

101.   The emotional distress inflicted on Ms. Collins was so severe that no reasonable person could be expected to endure it, resulting in injury.

102.   As a direct result, Ms. Collins has suffered damages including the need for psychological counseling, medical treatment, pain and suffering, and other economic losses.

103.   The actions of SHA employees were willful, wanton, malicious and demonstrated an extreme indifference to the consequences of their conduct toward Ms. Collins.

104.   Ms. Collins seeks to recover compensatory damages and punitive damages against SHA in an amount to be proven at trial.

**COUNT 7:** **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

105.   Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services by qualified professionals, and freedom from abusive or harmful treatment tactics while she was enrolled as a student.

106.   SHA breached its duty of care to Ms. Collins through numerous negligent actions and failures, including but not limited to:

a)  Negligently failing to furnish a safe living space by housing Ms. Collins in substandard shelters infested with rodents/insects and lacking proper climate control, utilities, and sanitization;

b)  Negligently failing to provide an appropriate educational curriculum by utilizing the same inadequate instruction for a wide range of age groups;

c)  Negligently failing to ensure qualified clinical staff by employing underqualified and unlicensed individuals to provide therapy and mental health services;

d)  Negligently failing to follow acceptable and lawful standards of care in therapeutic practices by subjecting Ms. Collins to cruel punishments, forced labor, deprivation of necessities, and emotional abuse tactics;

e)  Negligently failing to protect Ms. Collins' safety and well-being by demonstrating deliberate indifference towards proper medical care; and

Plaintiff's First Amended Complaint
and Jury Demand

Page 18 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

f) Negligently allowing staff members to inflict emotional distress through harsh disciplinary measures and humiliating practices like public shaming and strip searches.

107.    SHA had an obligation to anticipate that its negligent actions and failures could foreseeably result in emotional distress to Carley Collins as a minor child under its care and supervision.

108.    As a direct and proximate result of SHA's negligent conduct, Ms. Collins suffered severe emotional distress including anxiety, fear, mental anguish, loss of self-esteem, depression and other psychological trauma.

109.    The emotional harm Ms. Collins experienced was a reasonably foreseeable consequence of SHA's negligent actions, failures, and lack of reasonable care toward her health, safety and well-being.

110.    Ms. Collins seeks to recover compensatory damages from SHA in an amount to be proven at trial for the emotional distress caused by SHA's negligence.

## <u>COUNT 8:</u> NEGLIGENCE

111.    Shepherd's Hill Academy owed a duty to Ms. Collins to exercise reasonable care in providing a safe residential environment, appropriate therapeutic services, education, and freedom from abusive treatment while she was enrolled as a student.

112.    SHA breached its duty through numerous negligent acts and omissions that failed to meet the applicable standard of care, placing Ms. Collins at foreseeable risk of harm.

113.    As a direct and proximate result of SHA's negligence, Ms. Collins suffered physical injuries, emotional distress, interruption of her education, and other damages.

Plaintiff's First Amended Complaint
and Jury Demand

Page 19 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

*Medical Neglect*

114.   SHA acted negligently in failing to provide Ms. Collins with adequate medical care and attention to her health needs, including:

   a)  Denying outside medical treatment when she or other students fell sick;

   b)  Failing to properly isolate, treat, or prevent the spread of disease on campus;

   c)  Delaying treatment of wounds caused by excessive restraints during transport; and

   d)  Failing to address scabies/lice outbreaks and other health issues in a timely manner.

*Spiritual Neglect*

115.   SHA acted negligently by subjecting Ms. Collins to spiritually abusive and damaging practices, including:

   a)  Forcing fundamentalist Christian indoctrination through disturbing media and rhetoric;

   b)  Employing conversion therapy tactics targeting her sexual orientation; and

   c)  Inflicting psychological abuse by shaming her sexuality and promoting "purity culture."

*Educational Neglect*

116.   SHA acted negligently in failing to provide Ms. Collins with an adequate education, including:

   a)  Utilizing a substandard curriculum taught at the same level for all girls ages 12-17;

   b)  Failing to ensure instruction enabled academic progress and college preparedness; and

   c)  Prioritizing unpaid manual labor over Ms. Collins' educational development.

*Emotional Neglect*

117.   SHA acted negligently by failing to provide an environment conducive to emotional well-being for Ms. Collins, including:

   a)  Subjecting her to cruel punishments, humiliation, and excessive disciplinary tactics;

Plaintiff's First Amended Complaint
and Jury Demand

Page 20 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

b) Demonstrating deliberate indifference to her emotional distress from conditions;

c) Creating an atmosphere of fear, hostility and dehumanizing treatment; and

d) Restricting communication with parents and support systems outside SHA.

### *Physical Neglect*

118.    SHA acted negligently by failing to ensure Ms. Collins' physical safety and well-being, including:

a) Housing her in substandard shelters infested with rodents/insects and lacking utilities;

b) Depriving her of adequate food, water, shelter, warmth, hygiene and clothing at times;

c) Forcing her to engage in intensive manual labor at risk of physical injury or distress; and

d) Authorizing excessive physical force and restraints by staff against Ms. Collins.

### *Mental Neglect*

119.    SHA acted negligently by failing to provide an environment conducive to mental health for Ms. Collins, including:

a) Housing her in isolating, dehumanizing, and unstable living conditions;

b) Imposing harsh punishments, forced deprivations, and cruel disciplinary practices;

c) Employing underqualified, unlicensed staff to provide mental health treatment; and

d) Inflicting conversion therapy and anti-LGBTQ+ practices causing psychological distress.

### *Negligent Hiring, Training and Supervision*

120.    SHA acted negligently in its hiring, training, and supervision of staff, including:

a) Hiring underqualified, unlicensed staff lacking education/credentials for roles;

b) Providing inadequate training on appropriate standards of care for students;

c) Training staff to use coercive "interrogation tactics" and harsh restraints;

Plaintiff's First Amended Complaint
and Jury Demand

Page 21 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

d) Failing to properly supervise staff's use of excessive punishments and abuses; and

e) Retaining staff known to inflict emotional abuse, humiliation and cruel tactics

121.    Ms. Collins is entitled to recover compensatory damages from SHA for all injuries proximately caused by its negligence.

## <u>COUNT 9: GROSS NEGLIGENCE</u>

122.    Shepherd's Hill Academy owed Ms. Collins, as a minor student enrolled in its residential program, a heightened duty to exercise a rigorous degree of care to prevent foreseeable harm or injury to her.

123.    SHA's conduct demonstrated an extreme degree of negligent misconduct that created an unreasonable risk of physical and emotional harm to the minor Carley Collins, who was particularly vulnerable while in SHA's custody and care.

124.    SHA engaged in numerous grossly negligent acts and omissions that violated the heightened duty of care and demonstrated a conscious indifference to the consequences, including but not limited to:

a) Housing Ms. Collins in unsanitary, substandard shelters infested with rodents/insects and lacking proper climate control, utilities, sanitation, and protection from potential injuries like falling debris, creating an unreasonable risk to her health and safety;

b) Imposing cruel, excessive and injurious disciplinary punishments and forced manual labor on Ms. Collins that violated standards of care and human rights, amounting to child abuse and neglect;

c) Intentionally depriving Ms. Collins of adequate nutrition, medical care, freedom of movement, and basic life necessities at times as a punitive measure, putting her at severe risk;

d) Subjecting Ms. Collins to severe emotional distress, humiliation, and dehumanizing tactics like strip searches, suicide watch violations of privacy, seclusion and conversion therapy, designed to break her will;

e) Employing grossly unqualified, unlicensed staff who lacked basic credentials, training or clinical competence to provide therapeutic or mental health treatment for

adolescents;

f)  With conscious disregard, having staff members improperly physically restrain and excessively forcibly transport Ms. Collins resulting in physical injuries; and

g)  Willfully ignoring reports of abuses by staff and failing to properly supervise them, allowing continued mistreatment of students like Ms. Collins.

125.    Through its gross negligence, SHA created an ongoing unreasonable risk of harm, and its failure to exercise slight care constituted a higher risk than lack of ordinary care.

126.    SHA's acts and omissions demonstrated a conscious indifference to the harmful consequences that its misconduct could have on Ms. Collins, an adolescent in its care.

127.    As a direct result of SHA's gross negligence, Ms. Collins suffered severe physical injuries, emotional trauma, loss of educational opportunities, exacerbation of any existing conditions, and significant economic harm.

128.    SHA's actions evidenced willful misconduct, malice, wantonness, and an entire want of care that would raise a presumption of conscious indifference to the consequences of its conduct.

129.    Due to the aggravating circumstances involved, Ms. Collins is entitled to recover compensatory damages and punitive damages from SHA in an amount to be proven at trial.

## COUNT 10: WILLFUL MISCONDUCT

130.    Under Georgia law, an employer is liable for the willful misconduct of its employees when such conduct injures another person.

131.    Shepherd's Hill Academy, through the actions of its employees and agents, engaged in willful misconduct toward Ms. Collins that caused her severe injuries and damages.

132.    Georgia law defines willful misconduct as conduct involving conscious indifference to the consequences of one's acts – essentially a wanton or reckless disregard for the

rights of others.

133.    SHA employees demonstrated conscious indifference and reckless disregard for Ms. Collins' rights through numerous intentional acts and omissions, including but not limited to:

a) Forcibly transporting and excessively restraining the minor Ms. Collins during intake, resulting in physical injuries despite knowing the dangers;

b) Knowingly subjecting Ms. Collins to dehumanizing punishments like forced deprivation of food, water and basic necessities;

c) Intentionally inflicting harsh physical discipline like excessive forced exercise with conscious disregard for her well-being;

d) Willfully compelling Ms. Collins to do strenuous, injurious forced manual labor against her will and physical capability;

e) Consciously disregarding Ms. Collins' serious medical needs;

f) Recklessly subjecting Ms. Collins to mentally, emotionally and spiritually abusive practices like humiliation, seclusion and conversion therapy; and

g) Wantonly ignoring standards of care by employing unlicensed, unqualified staff to provide therapeutic treatment and supervision.

134.    These acts and omissions by SHA employees were intentional, willful, and demonstrated a conscious indifference to the known risks and dangers they posed to the minor Carley Collins.

135.    SHA is directly liable for the willful misconduct of its employees under the doctrine of respondeat superior.

136.    The willful and wanton nature of SHA's egregious actions showed an entire want of care that would raise a presumption of conscious indifference to their consequences.

137.    Under Georgia law, willful misconduct is a greater degree of culpability than gross negligence and lacks any mitigating circumstances.

138.    As a direct and proximate result of SHA's willful misconduct, Ms. Collins suffered

severe physical and psychological injuries, economic losses, pain and suffering and other compensable damages.

139.    Due to the heightened level of culpable misconduct involved, Ms. Collins is entitled to recover punitive damages against SHA in addition to compensatory damages.

## **COUNT 11: RICO VIOLATIONS**

140.    The Georgia RICO act prohibits any person from participating in an "enterprise" through a pattern of racketeering activity involving predicate criminal acts committed with criminal intent.

141.    Shepherd's Hill Academy constitutes an "enterprise" as defined by conducting its affairs through a continuous organizational structure with associates and employees.

142.    SHA and its associates, including but not limited to Trace Embry, transport companies, and certain employees, engaged in a pattern of racketeering activity involving numerous indictable offenses under Georgia laws.

143.    These predicate acts committed by SHA and its associates constitute racketeering activity and include:

a)    Kidnapping (O.C.G.A. § 16-5-40) for forcibly abducting students like Ms. Collins through transport services;

b)    False imprisonment (O.C.G.A. § 16-5-41) by unlawfully restraining students' personal liberty;

c)    Cruelty to children (O.C.G.A. § 16-5-70) through excessive physical/mental pain or allowing cruel treatment;

d)    Sexual battery (O.C.G.A. § 16-6-22.1) by subjecting students to non-consensual sexual contact;

e)    Deceptive business practices and fraud (O.C.G.A. § 16-9-50 et seq.) through false marketing/misrepresentations;

f)   Insurance fraud and inflating charges for services not rendered (O.C.G.A. § 33-1-9); and

g)   Potential labor violations and illegal employment of unlicensed or unqualified personnel.

144.   This pattern of racketeering activity directly and proximately caused harm and injuries to Ms. Collins, including financial harm from the fraud and deceptive practices.

145.   SHA and its associates exhibited the specific statutory intent to engage in these predicate offenses through their actions, threats, acts of deception, and knowing code of silence.

146.   There was a direct relationship between SHA's racketeering activity and Ms. Collins' injuries, entitling her to treble damages and other remedies under RICO.

## COUNT 12: SEXUAL ASSAULT

147.   Under Georgia law, sexual assault is defined in part as sexual contact with another person without the consent of that person. O.C.G.A. § 16-6-5.1.

148.   "Sexual contact" means any intentional touching of the victim's intimate body parts or clothing covering those areas, for the purpose of sexual gratification. O.C.G.A. § 16-6-22.1.

149.   During Ms. Collins' enrollment at SHA, she alleges being subjected to non-consensual sexual contact by one or more SHA staff members in potential violation of Georgia's sexual assault laws, including but not limited to:

a)   Being forcibly strip searched by staff in view of others without consent;

b)   Having staff members touch her in areas constituting intimate body parts while forcibly restraining her against her will;

c)   Staff intentionally watching and monitoring Ms. Collins while nude/undressed without consent, including during showers and use of bathroom facilities; and

d)   Staff making inappropriate sexualized comments about Ms. Collins' body or attire.

150.    At no point did Ms. Collins, who was a minor teenager at the time, provide actual legal consent to any of these acts involving sexual contact and/or invasions of bodily privacy.

151.    Even if Ms. Collins had verbally consented, Georgia law recognizes that minors lack legal capacity to consent to sexual acts with adults.

152.    The alleged sexual contact was committed intentionally and for the purpose of gratifying the staff perpetrators' prurient interests, thereby meeting the definition of sexual assault.

153.    Ms. Collins has suffered physical and emotional injuries, pain and suffering, as well as other damages as a direct result of these sexual assaults.

154.    SHA is directly liable for the intentional sexual torts of assault and battery committed by its employees against Ms. Collins under the doctrine of respondeat superior.

155.    Ms. Collins is entitled to recover compensatory and punitive damages from SHA for all losses caused by the sexual assaults.

## <u>COUNT 13</u>: RACIAL DISCRIMINATION

156.    Georgia state law (O.C.G.A. § 51-1-6) also prohibits racial discrimination and harassment in public and private sectors.

157.    During Ms. Collins' enrollment, she witnessed a Black female student at SHA being subjected to intentional racial discrimination by at least one SHA staff member.

158.    Specifically, the staff member allegedly forced the Black student to perform the degrading and dehumanizing task of picking up cotton balls scattered on the ground solely because of her race.

159.    The staff member's actions in singling out the student for this demeaning punishment invoking racist historical symbolism was a hostile act based on the student's race.

160.    The racist comment and punitive action created a hostile educational environment

at SHA that was subjectively and objectively offensive, hostile and abusive to the student victim.

161.    Ms. Collins has sufficiently close statutory standing to bring claims on the student's behalf as an aggrieved party who witnessed the discriminatory conduct.

162.    SHA failed to adequately respond and prevent a racially hostile environment from existing despite its notice of the staff member's conduct.

163.    As a direct result, the student victim suffered harm including emotional distress, loss of educational opportunities, and dignity harm.

164.    SHA is liable for the staff's intentional racial discrimination and failure to address a known hostile environment under state law.

165.    Ms. Collins, as an SHA student and aggrieved party, seeks injunctive relief, compensatory damages, attorneys' fees and other remedies.

## <u>COUNT 14</u>: PREMISES LIABILITY

166.    As the operator and manager of the residential premises where Shepherd's Hill Academy was located, SHA owed a duty to students like Ms. Collins to exercise ordinary care in keeping the premises reasonably safe from foreseeable hazards and dangers.

167.    SHA breached this duty of care by allowing numerous unsafe and hazardous conditions to exist on the premises, including but not limited to:

a)  Substandard and poorly constructed shelters that lacked proper insulation, ventilation, utilities, and structural integrity to withstand the elements and prevent intrusion from rodents, insects, and potential falling debris;

b)  Unsanitary food preparation areas that were uncovered, unhygienic, lacked proper cooking equipment, and created risks of foodborne illnesses;

c)  Cluttered premises with tools, building materials, dirt piles, and other hazards that created slip, trip and fall risks as well as potential obstructions/objects to injure students;

d) Lack of adequate safety equipment, railing/guardrails, signage, lighting and other precautions given the rustic and rural nature of the premises; and

e) Presence of wild animals and vermin infestations on the premises without proper deterrents, control or warnings to students.

168. SHA knew or reasonably should have known about these hazardous premises conditions that posed an unreasonable risk of harm.

169. As a residential student living on-site, Ms. Collins was lawfully present on the premises as an invitee to whom SHA owed a duty of reasonable care.

170. In fact, as a minor child under SHA's custody and control, she belonged to a Class of persons requiring an even higher duty of care.

171. Ms. Collins suffered actual physical injuries and emotional distress proximately caused by SHA's failure to remediate or warn about hazardous conditions like:

a) Substandard shelter conditions leading to illnesses, rashes, and exposure to the elements;

b) Unsanitary food areas causing foodborne illnesses and sickness;

c) Slip/trip and fall injuries from cluttered premises and lack of lighting/safety equipment; and

d) Bites, scratches, or distress from wild animal/vermin intrusions.

172. In addition to damages for physical harm, Ms. Collins is entitled to compensation for her emotional distress, counseling costs, and other economic losses stemming from SHA's premises liability.

173. SHA had actual knowledge of injury-causing hazards through incident reports and direct staff observations yet failed to take corrective action, demonstrating potential wantonness authorizing punitive damages.

## COUNT 15: PUNITIVE DAMAGES UNDER O.C.G.A. § 51-12-14

174.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

175.    Pursuant to O.C.G.A. § 51-12-14, Plaintiff hereby gives notice that she is seeking punitive damages in this action.

176.    At least 30 days prior to the filing of this lawsuit, Plaintiff provided written notice to the Defendant of her intent to seek punitive damages, as required by O.C.G.A. § 51-12-14(a).

177.    The actions of Defendant Shepherd's Hill Academy Inc., as described in the preceding paragraphs, demonstrate willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

178.    Specifically, Defendant's conduct warranting punitive damages includes, but is not limited to:

a)  Knowingly subjecting Ms. Collins, a minor, to cruel and inhumane treatment, including forced labor, excessive physical discipline, and deprivation of basic necessities;

b)  Deliberately ignoring Ms. Collins' serious medical needs;

c)  Intentionally inflicting severe emotional distress through abusive practices, including conversion therapy tactics and public humiliation;

d)  Willfully employing unqualified staff to provide mental health treatment, showing a reckless disregard for Ms. Collins' well-being;

e)  Consciously disregarding the safety and security of students by housing them in substandard, unsanitary, and dangerous living conditions;

f)  Engaging in fraudulent misrepresentation to induce enrollment and payments from Ms. Collins' parents; and

g)  Conspiring to kidnap and falsely imprison Ms. Collins through the use of a transport service.

179.    These actions demonstrate a pattern of behavior that goes beyond mere negligence and rises to the level of willful misconduct and conscious indifference to the consequences of their actions.

180.    The imposition of punitive damages on the Defendant is warranted to punish them for their egregious conduct and to deter them and others from engaging in similar conduct in the future.

181.    Plaintiff seeks punitive damages in an amount to be determined by the enlightened conscience of a jury.

182.    Pursuant to O.C.G.A. § 51-12-14(b), Plaintiff reserves the right to amend this complaint to state a claim for punitive damages against any party with respect to one or more claims for relief as allowed by law.

## COUNT 16: ATTORNEY'S FEES FOR BAD FAITH UNDER O.C.G.A. § 13-6-11

183.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

184.    Under O.C.G.A. § 13-6-11, expenses of litigation, including attorney's fees, may be allowed as part of the damages where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.

185.    Defendant Shepherd's Hill Academy Inc. has acted in bad faith in the transactions and occurrences giving rise to this cause of action.

186.    Defendant's bad faith is evidenced by, but not limited to, the following actions:

a)    Knowingly misrepresenting the nature of their program and services to induce enrollment and payment;

b)    Deliberately violating state regulations and standards of care for residential treatment facilities;

c) Intentionally subjecting Ms. Collins to abusive and harmful practices under the guise of treatment;

d) Willfully disregarding Ms. Collins' physical and mental health needs;

e) Consciously employing unqualified staff to provide mental health services;

f) Purposefully restricting Ms. Collins' communication with her parents to conceal the true nature of the program;

g) Intentionally inflicting emotional distress through cruel and unusual punishments; and

h) Knowingly conspiring to kidnap and falsely imprison Ms.Collins.

187.    These actions demonstrate a conscious and deliberate disregard for Ms. Collins' rights and well-being, as well as a pattern of deceptive and harmful practices that go beyond mere negligence or breach of contract.

188.    Defendant's bad faith has caused Ms. Collins unnecessary trouble and expense, including the need to pursue this litigation to seek redress for the harms she has suffered.

189.    As a result of Defendant's bad faith, Ms. Collins has incurred and continues to incur substantial attorney's fees and expenses of litigation.

190.    Pursuant to O.C.G.A. § 13-6-11, Ms. Collins is entitled to recover all expenses of litigation, including reasonable attorney's fees, incurred as a result of Defendant's bad faith actions.

191.    Plaintiff seeks an award of attorney's fees and expenses of litigation in an amount to be proven at trial.

## VII.    <u>RESERVATION OF RIGHTS</u>

192.    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend her Petition to add or remove counts upon further discovery and as her investigation continues.

## VIII.    JURY DEMAND

193.    Plaintiff hereby requests that all causes of action alleged herein be tried before a properly impaneled jury.

## IX.    PRAYER FOR RELIEF – DAMAGES

194.    The conduct of the Defendant, as alleged hereinabove, was a direct, proximate, and producing cause of the damages to Plaintiff, and of the following general and special damages including:

a) All available compensatory damages for the described losses with respect to each cause of action;

b) Past and future medical expenses, as well as the cost associated with past and future life care;

c) Past and future lost wages and loss of earning capacity;

d) Past and future emotional distress;

e) Consequential damages;

f) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g) Damages to punish Defendant for proximately causing physical pain and mental anguish;

h) Enter judgment against Defendant, awarding Plaintiff damages in an amount to be determined at trial and their costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate them for all damages;

i) Punitive damages;

j) Attorneys' fees;

k) Prejudgment and post judgment interest, costs, and disbursements;

l) Any and all other recoverable personal injury damages for Plaintiff; and

m) Such and further relief at law or in equity as this Court may deem just and appropriate.

Plaintiff's First Amended Complaint
and Jury Demand

Page 33 of 35

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Suite 2250
Atlanta, Georgia 30326

# X.    CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands that the Defendant be cited to appear and answer herein. Upon final judgment against the Defendant, awarding Plaintiff damages in an amount to be determined at trial and her costs and reasonable attorneys' fees including, compensatory damages in an amount sufficient to fairly and completely compensate her for all damages listed herein and such and further relief at law or in equity as this Court may deem just and appropriate.

Respectfully submitted this 4th day of November, 2024.

*/s/ Mitchell E. McGough*
Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
(TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com

chase@griffinpurnell.com
Service email: support@griffinpurnell.com

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**NOV 04, 2024 02:34 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| CARLEY COLLINS | |
| *Plaintiff* | Case No. |
| v. | STCV2024000294 |
| SHEPHERD'S HILL ACADEMY INC. | |
| *Defendant* | |

### <u>PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHEPHERD'S HILL ACADEMY INC.</u>

TO:  Defendant, Shepherd's Hill Academy Inc., by and through its counsel of record, Brynda Rodriguez Insley and Jennifer Clark, Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339.

NOW COME Plaintiff, Carley Collins, (hereinafter "Ms. Collins" and/or "Plaintiff"), by and through her counsel of record, Mitchell McGough Law LLC and Griffin Purnell LLC, and serves the following Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant Shepherd's Hill Academy Inc.

Each of the following Interrogatories is addressed to said Defendant's personal knowledge, as well as to the knowledge and information of Defendant's attorneys, investigators, insurers, agents, employees, and other representatives. They are to be answered within the time provided by law. The responses should be furnished to **Mitchell E. McGough Law, LLC, 945 E Paces Ferry Road NE, Suite 2250, Atlanta, Georgia and Gareth S. Purnell, Simon B. Purnell, Dan R. Griffin, and Chase E. Hardy, Jr., Griffin Purnell LLC, 2037 Airline Rd., Suite 200, Corpus Christi, Texas 78412.**

Plaintiff's First Continuing Interrogatories and
Request for Production of Documents to
Defendant Shepherd's Hill Academy Inc.

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326

These Requests shall be deemed **continuing** in nature, and the Georgia Civil Practice Act requires your responses to them to be seasonably supplemented as outlined in O.C.G.A. § 9-11-26(e). In the event you fail to supplement your responses to these Requests as required by O.C.G.A. § 9-11-26(e), such failure may result in sanctions against you as outlined in O.C.G.A. §§§§ 9-11-26(a)(4), 9-11-26(b), 9-11-26(d) and 9-11-26(e).

These Requests will be provided to you in a digitally editable format.  You are requested to insert your responses beneath the applicable request.

## INSTRUCTIONS

(a)    Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Petition.

(b)    Where name and identity of a person is required, please state full name, home address, and business address.

(c)    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, its attorney. When an answer is made by a corporate defendant, state the name, address, and title of the person(s) supplying the information and making the affidavit and announce the source of his or her information.

(d)    The pronoun "You" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

(e)    "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principal place of business, or if an individual, the present or last known home address, his or her job title(s), by whom employed by, and address of the place of employment.

Plaintiff's First Continuing Interrogatories and                    2                         Mitchell McGough Law LLC
Request for Production of Documents to                                                        945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                                    Atlanta, Georgia 30326

(f)    An evasive or incomplete answer is deemed to be a failure to answer.

(g)    As you know, you are under a continuing duty to supplement your answers to these interrogatories. You are also under a continuing duty to correct any response that you later determine is incorrect.

(h)    "Defendant," "You" and "Your," their plurals or any synonyms thereof, are intended and shall embrace and include: the answering party; any company now or previously related to the answering party (e.g., subsidiaries, divisions, departments, predecessor-in-interest of all types, including companies which sold assets to or merged with the answering party or another predecessor, directly or indirectly, successors-in-interest, and parent companies); and alternate entities listed in Plaintiff's anticipated complaint in this matter; and all counsel, agents, servants, employees, representatives, investigators or others who are in possession of or who may have obtained information for or on behalf of said answering party or any related company.

(i)    "Document" means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person, which is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a final document; minutes, transcripts, notes or other memorialization's of meetings, conferences, and telephone calls or other conversations or communications; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; voice-mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

Plaintiff's First Continuing Interrogatories and    3    Mitchell McGough Law LLC
Request for Production of Documents to    945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.    Atlanta, Georgia 30326

(j)     The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

(k)     "Predecessor" or "predecessor entity or company" as used herein means any entity which owned any assets or owner's equity of this Defendant at any time prior to and including the present. The term predecessor or predecessor entity or company as used herein specifically includes any parent entity which now owns or has in the past owned ten percent or more of the named Defendant either directly or indirectly through another entity.

(l)     The terms "Insurer(s)" or "insurance company" mean any entity or individual carrying on an insurance business and/or who underwrites an insurance risk, such as but not limited to any entity or person that provided you insurance at any time (including in the past) in any form, including but not limited to primary coverage, excess coverage, commercial coverage, umbrella coverage, re-insurance coverage, general coverage or any other form of coverage.

(m)     "Customers" as used herein means an individual, business or organization that purchases a commodity or service.

(n)     Where appropriate, the singular includes the plural and vice-versa.

Plaintiff's First Continuing Interrogatories and          4          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                              Atlanta, Georgia 30326

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT SHEPHERD'S HILL ACADEMY INC.**

**INTERROGATORY NO. 1:**

Describe in detail the intake process for new students at Shepherd's Hill Academy, including any physical examinations, searches, or confiscation of personal items.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all staff members who had direct contact with Carley Collins during her enrollment, including their job titles, qualifications, and current employment status.

**ANSWER:**

**INTERROGATORY NO. 3:**

Describe the educational curriculum provided to Carley Collins during her enrollment, including the subjects taught, teaching methods, and assessment procedures.

**ANSWER:**

**INTERROGATORY NO. 4:**

Explain in detail the disciplinary policies and procedures in place at Shepherd's Hill Academy during Carley Collins's enrollment, including any level or point systems used.

**ANSWER:**

Plaintiff's First Continuing Interrogatories and          5          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                             Atlanta, Georgia 30326

## INTERROGATORY NO. 5:

Describe the living conditions provided to students at Shepherd's Hill Academy, including the type of shelter, sanitation facilities, and climate control measures.

## ANSWER:


## INTERROGATORY NO. 6:

Explain the policies and procedures for providing medical care to students at Shepherd's Hill Academy, including both routine and emergency care.

## ANSWER:


## INTERROGATORY NO. 7:

Describe the mental health services provided to Carley Collins during her enrollment, including the frequency of sessions, types of therapy, and qualifications of the providers.

## ANSWER:


## INTERROGATORY NO. 8:

Explain the policies and procedures for communication between students and their families, including any restrictions or monitoring of such communications.

## ANSWER:


## INTERROGATORY NO. 9:

Describe any manual labor or work programs in which Carley Collins participated, including the nature of the work, duration, and any safety measures in place.

## ANSWER:


Plaintiff's First Continuing Interrogatories and             6                    Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                    Atlanta, Georgia 30326

**INTERROGATORY NO. 10:**

Explain the religious or spiritual practices incorporated into the Shepherd's Hill Academy program, including any mandatory participation requirements.

**ANSWER:**


**INTERROGATORY NO. 11:**

Describe the nutritional program at Shepherd's Hill Academy, including meal planning, preparation, and any use of food restriction as a disciplinary measure.

**ANSWER:**


**INTERROGATORY NO. 12:**

Explain the policies and procedures for physical restraint of students, including the circumstances under which restraints were used and the training provided to staff.

**ANSWER:**


**INTERROGATORY NO. 13:**

Describe any incidents involving Carley Collins that required disciplinary action, including the nature of the incident, the disciplinary measures taken, and the staff members involved.

**ANSWER:**


**INTERROGATORY NO. 14:**

Explain the policies and procedures for addressing and preventing bullying or peer abuse among students at Shepherd's Hill Academy.

**ANSWER:**


Plaintiff's First Continuing Interrogatories and          7          Mitchell McGough Law LLC
Request for Production of Documents to                         945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                        Atlanta, Georgia 30326

**INTERROGATORY NO. 15:**

Describe the process for hiring, training, and supervising staff members at Shepherd's Hill Academy during the relevant time period.

**ANSWER:**


**INTERROGATORY NO. 16:**

Explain in detail any conversion therapy practices or tactics used at Shepherd's Hill Academy, including how they were implemented and who conducted them.

**ANSWER:**


**INTERROGATORY NO. 17:**

Describe all measures taken to prevent, diagnose, and treat COVID-19 at Shepherd's Hill Academy during Carley Collins's enrollment.

**ANSWER:**


**INTERROGATORY NO. 18:**

Explain the qualifications and training of staff members who provided mental health services to Carley Collins, including any licenses or certifications held.

**ANSWER:**


**INTERROGATORY NO. 19:**

Describe in detail the circumstances surrounding Carley Collins's report of suicidal thoughts, including the date, time, staff members involved, and actions taken in response.

**ANSWER:**


Plaintiff's First Continuing Interrogatories and     8     Mitchell McGough Law LLC
Request for Production of Documents to                     945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                     Atlanta, Georgia 30326

**INTERROGATORY NO. 20:**

Explain the process by which Shepherd's Hill Academy obtained consent from Carley Collins's parents or guardians for her participation in the program, including any disclosures made about the nature of the program.

**ANSWER:**


**INTERROGATORY NO. 21:**

Describe any policies or procedures in place to address potential conflicts between Shepherd's Hill Academy's religious teachings and students' personal beliefs or identities.

**ANSWER:**


**INTERROGATORY NO. 22:**

Explain the process by which Shepherd's Hill Academy staff monitored and censored students' communications with their parents, including any criteria used to determine what information could be shared.

**ANSWER:**


**INTERROGATORY NO. 23:**

Describe in detail any "FBI interrogation tactics" or similar techniques used by staff to extract information from students, including how staff were trained in these methods.

**ANSWER:**


**INTERROGATORY NO. 24:**

Explain the process by which Shepherd's Hill Academy determined the educational needs and appropriate grade level for Carley Collins, including any assessments or evaluations conducted.


Plaintiff's First Continuing Interrogatories and        9        Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                          Atlanta, Georgia 30326

**ANSWER:**


**INTERROGATORY NO. 25:**

Describe all efforts made by Shepherd's Hill Academy to ensure that credits earned by Carley Collins during her enrollment would be transferable to other educational institutions.

**ANSWER:**


**INTERROGATORY NO. 26:**

Describe in detail all information provided to Carley Collins and her parents/guardians about the nature of the program, including any risks, before her enrollment. Include the format in which this information was provided (e.g., written materials, verbal discussions) and who provided it.

**ANSWER:**


**INTERROGATORY NO. 27:**

Explain in detail how Shepherd's Hill Academy determined that its practices were in line with accepted industry standards. Provide specific examples of how these standards were researched, implemented, and monitored.

**ANSWER:**


**INTERROGATORY NO. 28:**

Describe all steps taken by Shepherd's Hill Academy to ensure compliance with state and federal laws governing residential treatment facilities for adolescents during Carley Collins's enrollment.

**ANSWER:**


Plaintiff's First Continuing Interrogatories and          10          Mitchell McGough Law LLC
Request for Production of Documents to                                945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                    Atlanta, Georgia 30326

**INTERROGATORY NO. 29:**

Describe all efforts made by Shepherd's Hill Academy to address and accommodate any complaints or concerns raised by Carley Collins or her parents/guardians during her enrollment.

**ANSWER:**

**INTERROGATORY NO. 30:**

Explain in detail how Shepherd's Hill Academy determined the appropriate level of physical and psychological treatment for Carley Collins, including any assessments or evaluations conducted.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**

All documents related to Carley Collins's enrollment at Shepherd's Hill Academy, including but not limited to application forms, contracts, and agreements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All internal policies, procedures, and guidelines of Shepherd's Hill Academy in effect during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents related to the hiring, training, and supervision of staff members at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and      11      Mitchell McGough Law LLC
Request for Production of Documents to                         945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                              Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 4:**

All medical records, including physical and mental health records, pertaining to Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All disciplinary records related to Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All communication records between Shepherd's Hill Academy staff and Carley Collins's parents or guardians during her enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to the educational curriculum and academic progress of Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All incident reports involving Carley Collins during her time at Shepherd's Hill Academy.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and        12        Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                          Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the physical facilities and living conditions at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All financial records related to Carley Collins's enrollment, including invoices, payments, and insurance claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All marketing materials, brochures, and website content used by Shepherd's Hill Academy to promote its services during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents related to state licensing, accreditation, or regulatory compliance of Shepherd's Hill Academy during the relevant time period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All staff schedules and duty rosters for the period of Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and        13                    Mitchell McGough Law LLC
Request for Production of Documents to                                      945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                            Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 14:**

All documents related to any complaints, grievances, or lawsuits filed against Shepherd's Hill Academy in the five years preceding Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All insurance policies that may provide coverage for the claims alleged in the complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the use of physical restraints or seclusion on students, including Carley Collins, at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents related to the spiritual practices, religious instruction, or conversion therapy methods used at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents related to the nutritional plans, meal schedules, and food preparation practices at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

Plaintiff's First Continuing Interrogatories and          14          Mitchell McGough Law LLC
Request for Production of Documents to                              945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                  Atlanta, Georgia 30326

**REQUEST FOR PRODUCTION NO. 19:**

All documents related to the transportation of Carley Collins to Shepherd's Hill Academy, including any agreements with transport services.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All documents related to the mental health assessments, psychological evaluations, or therapy sessions conducted with Carley Collins at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All documents related to the COVID-19 protocols, policies, and incidents at Shepherd's Hill Academy during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents related to any manual labor or work programs in which Carley Collins participated during her time at Shepherd's Hill Academy.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to the qualifications, credentials, and licensing of staff members who provided mental health services to Carley Collins.

Plaintiff's First Continuing Interrogatories and        15              Mitchell McGough Law LLC
Request for Production of Documents to                      945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                           Atlanta, Georgia 30326

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to any waivers, releases, or consent forms signed by Carley Collins or her parents/guardians, including any explanations or disclosures provided alongside these documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All documents related to any investigations, audits, or reviews of Shepherd's Hill Academy's practices conducted by any governmental or accrediting body during or after Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All documents detailing the risks associated with enrollment at Shepherd's Hill Academy that were disclosed to Carley Collins or her parents/guardians prior to her enrollment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

All internal documents, memos, or communications discussing compliance with industry standards, state regulations, or best practices for residential treatment facilities for adolescents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to any government funding, approvals, or certifications received by Shepherd's Hill Academy during the relevant time period.

Plaintiff's First Continuing Interrogatories and                16                Mitchell McGough Law LLC
Request for Production of Documents to                                            945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                                           Atlanta, Georgia 30326

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**

All documents related to Carley Collins's mental and physical health status upon enrollment, including any pre-existing conditions noted.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30:**

All documents detailing Shepherd's Hill Academy's policies and procedures for addressing and accommodating students' religious beliefs or lack thereof.

**RESPONSE:**


Respectfully submitted this 4th day of November, 2024.


*/s/ Mitchell E. McGough*
Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
(TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**


**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

Plaintiff's First Continuing Interrogatories and          17          Mitchell McGough Law LLC
Request for Production of Documents to                             945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                            Atlanta, Georgia 30326

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

Plaintiff's First Continuing Interrogatories and          18          Mitchell McGough Law LLC
Request for Production of Documents to                          945 E Paces Ferry Rd NE, Ste 2250
Defendant Shepherd's Hill Academy Inc.                          Atlanta, Georgia 30326

**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**NOV 04, 2024 02:34 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

CARLEY COLLINS

        *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

        *Defendant*

Case No.

STCV2024000294

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT SHEPHERD'S HILL ACADEMY INC.

TO:    Defendant, Shepherd's Hill Academy Inc., by and through its counsel of record, Brynda Rodriguez Insley and Jennifer Clark, Taylor English Duma LLP, 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339.

NOW COME Plaintiff, Carley Collins, (hereinafter "Ms. Collins" and/or "Plaintiff"), by and through her counsel of record, Mitchell McGough Law LLC and Griffin Purnell LLC, pursuant to O.C.G.A. § 9-11-36 and other relevant laws and serves the following Plaintiff's First Requests for Admission to Defendant Shepherd's Hill Academy Inc. Each Request is addressed to said Defendant's personal knowledge, as well as to the knowledge and information of each of said Defendant's attorneys, investigators, agents, insurers, employees, and other representatives.

Absent any of these Requests being held objectionable under O.C.G.A. § 9-11-36(a), in the event you fail to admit the genuineness of any document or the truth of any matter as requested herein, and Plaintiff thereafter proves the genuineness of the document or the truth of the matter, the provisions of O.C.G.A. § 9-11-37(e) require, upon application for the same by the Plaintiff, the Court shall order you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff's First Request for Admission
to Defendant Shepherd's Hill Academy Inc.

Mitchell McGough Law LLC
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326

These Requests will be provided to you electronically in a digitally editable format. Please insert your responses beneath the applicable request.

## **INSTRUCTIONS**

(a)    These Requests for Admission are continuing in character so as to require you to file supplementary answers if you obtain any further, or different, information before trial.

(b)    Unless otherwise stated, these Requests for Admission refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

(c)    The pronoun "you" refers to the party to whom the requests for admission are directed.

(d)    "Defendant," "you" and "your," their plurals or any synonyms thereof, are intended and shall embrace and include: the answering party; any company now or previously related to the answering party (e.g., subsidiaries, divisions, departments, predecessor-in-interest of all types, including companies which sold assets to or merged with the answering party or another predecessor, directly or indirectly, successors-in-interest, and parent companies); and alternate entities listed in Plaintiff's anticipated complaint in this matter; and all counsel, agents, servants, employees, representatives, investigators or others who are in possession of or who may have obtained information for or on behalf of said answering party or any related company.

(e)    "Document" means any written, recorded, digital, graphic or tangible material of any kind, whether prepared by you or by any other person, which is in your possession, custody, or control. The term includes: agreements; contracts; letters; correspondence; writings, telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; books; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts; whether or not they resulted in a

Plaintiff's First Request for Admission                    2                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                945 E Paces Ferry Rd NE, Ste 2250
                                                                    Atlanta, Georgia 30326

final document; minutes, transcripts, notes or other memorialization's of meetings, conferences, and telephone calls or other conversations or communications; invoices; purchase orders; bills of lading; sales ledgers; recordings; journals or books of account; published or unpublished speeches or articles; publications; voice-mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

(f)    The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

(g)    "Predecessor" or "predecessor entity or company" as used herein means any entity which owned any assets or owner's equity of this Defendant at any time prior to and including the present. The term predecessor or predecessor entity or company as used herein specifically includes any parent entity which now owns or has in the past owned ten percent or more of the named Defendant either directly or indirectly through another entity.

(h)    The terms "Insurer(s)" or "insurance company" mean any entity or individual carrying on an insurance business and/or who underwrites an insurance risk, such as but not limited to any entity or person that provided you insurance at any time (including in the past) in any form, including but not limited to primary coverage, excess coverage, commercial coverage, umbrella coverage, re-insurance coverage, general coverage or any other form of coverage.

Plaintiff's First Request for Admission                3                Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                945 E Paces Ferry Rd NE, Ste 2250
                                                                         Atlanta, Georgia 30326

(i)     "Customers" as used herein means an individual, business or organization that purchases a commodity or service.

(j)     Where appropriate, the singular includes the plural and vice-versa.

Plaintiff's First Request for Admission                    4                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                        945 E Paces Ferry Rd NE, Ste 2250
                                                                                Atlanta, Georgia 30326

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
## DEFENDANT SHEPHERD'S HILL ACADEMY INC.

### REQUEST FOR ADMISSION NO. 1:

Admit or Deny that Shepherd's Hill Academy was properly and timely served in the above-captioned case.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit or Deny that Shepherd's Hill Academy has no basis to assert as a defense or affirmative defense the lack of subject matter jurisdiction or the lack of personal jurisdiction.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit or Deny that Shepherd's Hill Academy has no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that she failed to mitigate her damages.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit or Deny that Shepherd's Hill Academy has no evidence to support the affirmative defense that the Plaintiff's case is barred by the Statute of Limitations.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit or Deny that Shepherd's Hill Academy agrees that strip-searching a minor or an adult watching a minor bathe naked constitutes sexual assault.

Plaintiff's First Request for Admission                 5                 Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                 945 E Paces Ferry Rd NE, Ste 2250
                                                                          Atlanta, Georgia 30326

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**

Admit or Deny that Shepherd's Hill Academy was operating as a residential treatment facility for adolescents during Carley Collins's enrollment.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**

Admit or Deny that Carley Collins was a minor at the time of her enrollment at Shepherd's Hill Academy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 8:**

Admit or Deny that Shepherd's Hill Academy employed staff members who were not licensed mental health professionals.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**

Admit or Deny that Shepherd's Hill Academy used physical restraints on students during the period of Carley Collins's enrollment.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**

Admit or Deny that Shepherd's Hill Academy restricted communication between students and their parents/guardians.

Plaintiff's First Request for Admission        6        Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                945 E Paces Ferry Rd NE, Ste 2250
                                                              Atlanta, Georgia 30326

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:**

Admit or Deny that Shepherd's Hill Academy employed disciplinary measures that included food restrictions or deprivations.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**

Admit or Deny that Shepherd's Hill Academy required students to engage in manual labor as part of its program.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**

Admit or Deny that Shepherd's Hill Academy conducted strip searches of students upon intake.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**

Admit or Deny that Shepherd's Hill Academy promoted Christian religious practices as part of its program.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 15:**

Admit or Deny that Shepherd's Hill Academy housed students in structures that lacked permanent walls and climate control.

**RESPONSE:**


Plaintiff's First Request for Admission                 7                 Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                 945 E Paces Ferry Rd NE, Ste 2250
                                                                         Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 16:**

Admit or Deny that Shepherd's Hill Academy was aware of rodent and insect infestations in student living areas during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit or Deny that Shepherd's Hill Academy used a level system to determine student privileges.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit or Deny that Shepherd's Hill Academy restricted students' access to outside medical care.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit or Deny that Shepherd's Hill Academy used a transport service to bring Carley Collins to the facility.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit or Deny that Shepherd's Hill Academy was aware that Carley Collins contracted COVID-19 during her enrollment.

**RESPONSE:**

Plaintiff's First Request for Admission                    8                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                         945 E Paces Ferry Rd NE, Ste 2250
                                                                                  Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 21:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins with hospitalization when she had a fever of 103.9 degrees.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit or Deny that Shepherd's Hill Academy used conversion therapy tactics on students who identified as LGBTQ+.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit or Deny that Shepherd's Hill Academy did not have Carley Collins's explicit consent to participate in all aspects of the program.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit or Deny that Shepherd's Hill Academy was aware that its educational curriculum was not fully transferable to other school districts.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit or Deny that Shepherd's Hill Academy staff monitored and censored students' communications with their parents.

**RESPONSE:**

Plaintiff's First Request for Admission          9          Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                     945 E Paces Ferry Rd NE, Ste 2250
                                                             Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 26:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins with immediate medical attention when she reported thoughts of suicide.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 27:**

Admit or Deny that Shepherd's Hill Academy had denied Carley Collins access to her complete records from her time at the facility.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 28:**

Admit or Deny that Shepherd's Hill Academy did not provide Carley Collins or her parents/guardians with a comprehensive list of all potential risks associated with enrollment prior to her admission.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 29:**

Admit or Deny that Shepherd's Hill Academy's enrollment agreement did not explicitly state that students would be subjected to forced labor, food deprivation, or prolonged isolation as disciplinary measures.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 30:**

Admit or Deny that Shepherd's Hill Academy was aware that some of its practices, including conversion therapy tactics, were controversial and not universally accepted in the mental health community.

**RESPONSE:**


Plaintiff's First Request for Admission                10                Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                    945 E Paces Ferry Rd NE, Ste 2250
                                                                            Atlanta, Georgia 30326

**REQUEST FOR ADMISSION NO. 31:**

Admit or Deny that Shepherd's Hill Academy did not have a licensed medical doctor on staff full-time during Carley Collins's enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**

Admit or Deny that Shepherd's Hill Academy did not obtain separate, specific consent for each type of therapy or treatment method used on Carley Collins.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**

Admit or Deny that Shepherd's Hill Academy continued to use practices on Carley Collins that she or her parents/guardians had specifically objected to at any point during her enrollment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:**

Admit or Deny that Shepherd's Hill Academy did not have a formal, written policy for accommodating students whose personal religious beliefs conflicted with the Christian teachings of the program.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**

Admit or Deny that Shepherd's Hill Academy was aware of at least one instance where a staff member deviated from official policies or procedures in their treatment of Carley Collins.

**RESPONSE:**

Plaintiff's First Request for Admission                    11                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                        945 E Paces Ferry Rd NE, Ste 2250
                                                                                  Atlanta, Georgia 30326

Respectfully submitted this 4th day of November, 2024.

/s/ Mitchell E. McGough
Mitchell E. McGough
Georgia Bar No. 460942
Gareth S. Purnell
(TX SBN 24130028)
Simon B. Purnell
(TX SBN 24003889)
Daniel R. Griffin
(TX SBN 24118060)
Charles E. Hardy Jr.
(TX SBN 24107661)

**ATTORNEYS FOR PLAINTIFF**

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
P: (404) 994-4357
F: (404) 600-1287
mitchell@mitchellmcgoughlaw.com

**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776 Telephone
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
dan@griffinpurnell.com
chase@griffinpurnell.com
Service email: support@griffinpurnell.com

Plaintiff's First Request for Admission                    12                    Mitchell McGough Law LLC
to Defendant Shepherd's Hill Academy Inc.                                        945 E Paces Ferry Rd NE, Ste 2250
                                                                                Atlanta, Georgia 30326

**EFILED IN OFFICE**
CLERK OF STATE COURT
STEPHENS COUNTY, GEORGIA

**STCV2024000294**
I

**NOV 07, 2024 02:44 PM**

Tim Quick, Clerk
Stephens County, Georgia

## IN THE STATE COURT OF STEPHENS COUNTY
## STATE OF GEORGIA

CARLEY COLLINS,

Plaintiff,

vs.

SHEPHERD'S HILL ACADEMY, INC.,

Defendant.

CIVIL ACTION FILE NO.
STCV2024000294

## WAIVER OF SERVICE OF PROCESS PURSUANT TO O.C.G.A. § 9-11-4(d)

We, BRYNDA RODRIGUEZ INSLEY, ESQ., CATHERINE M. BANICH, ESQ. AND JENNIFER L. CLARK, ESQ. as attorneys for named Defendant SHEPHERD'S HILL ACADEMY, INC. (this Defendant), acknowledge true and legal service of Plaintiffs' First Amended Complaint and Jury Demand, effective as of November 7, 2024, and without waiving any affirmative or other defenses, hereby waive further service of the Summons and Plaintiffs' First Amended Complaint and Jury Demand. This Defendant shall have sixty (60) days from November 7, 2024, or by Monday, January 6, 2025, within which to raise and serve their objections, answers or other responses to Plaintiff's First Amended Complaint and Jury Demand and an additional fifteen (15) days, or by Tuesday, January 21, 2025, within which to raise and serve their objections, answers or other responses to Plaintiffs' First Request for Admissions and First Continuing Interrogatories and Requests for Production of Documents to Defendant Shepherd's Hill Academy, Inc.

This 7th day of November, 2024.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*

BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 0391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing WAIVER OF SERVICE OF PROCESS upon all parties to this matter by Peach Court and by email to the counsel of record as follows:

**<u>Attorneys for Plaintiffs:</u>**
Gareth S. Purnell, Esq.
Griffin Purnell
2037 Airline Road, Suite 200
Corpus Christi, TX 784132
gareth@griffinpurnell.com

Mitchell E. McGough, Esq.
Mitchell E. McGough Law, LLC
945 E Paces Ferry Rd NE
Suite 2250, Resurgens Plaza
Atlanta, Georgia 30326
mitchell@mitchellmcgoughlaw.com

This 7th day of November, 2024.

Respectfully submitted,

*/s/ Brynda Rodriguez Insley*
BRYNDA RODRIGUEZ INSLEY
Georgia Bar No. 611435
CATHERINE M. BANICH
Georgia Bar No. 260514
JENNIFER L. CLARK
Georgia Bar No. 0391855

*Attorneys for Defendant*
*Shepherd's Hill Academy, Inc.*

{02904253-1 }

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

**IN THE STATE COURT OF STEPHENS COUNTY**

**STATE OF GEORGIA**

CARLEY COLLINS

     *Plaintiff*

v.

SHEPHERD'S HILL ACADEMY INC.

     *Defendant*

Case No.

STCV2024000294

**ORDER**

On October 3, 2024, non-resident attorney Gareth S. Purnell filed a Verified Application for *Pro Hac Vice* Admission. The Court, having considered the pleadings and the correspondence from the State Bar of Georgia, finds that the Application for *Pro Hac Vice* Admission should be GRANTED.

The Court hereby ORDERS that Gareth S. Purnell is granted permission to appear before this Court and participate in this matter on a *pro hac vice* basis as counsel for Plaintiff Carley Collins.

SO ORDERED this _2s_ day of _NOV_, 2024.

Honorable James T. Irvin
Judge, Stephens County State Court

STEPHENS COUNTY CLERK
NOV 20 '24 PM 1:13