UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CARLEY COLLINS §<br>*Plaintiff* §<br> §<br>v. §<br> §<br>SHEPHERD'S HILL ACADEMY, INC. §<br>*Defendant* § | | Civil Action No. 2:24-cv-00292-RWS |

# PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

## RESPONSE

This is a personal injury, tort, and civil rights action arising from alleged abuse, sexual assault, neglect, and mistreatment of a minor at a residential treatment facility. The Plaintiff, Carley Collins, was a student at Shepherd's Hill Academy (SHA) from January 15, 2020 to December 16, 2020, when she was 16-17 years old. Plaintiff contends that SHA and its employees:

- Conspired with and/or knowingly encouraged the forcible transport of Plaintiff against her will to the facility through contracted services
- Subjected her to non-consensual sexual contact and privacy violations including:
    - Forced strip searches in front of multiple people
    - Inappropriate touching of intimate areas
    - Non-consensual observation during showers/bathroom use
    - Sexual harassment and inappropriate comments about her body
- Subjected her to inhumane living conditions in primitive shelters lacking basic utilities and proper sanitation
- Inflicted physical abuse through excessive forced exercise, manual labor, and physical restraints
- Imposed cruel punishments including food deprivation and prolonged

- isolation
- Denied appropriate medical care, including treatment for wrist injuries from restraints during transport
- Failed to provide adequate education, leading to non-transferable credits
- Employed unqualified staff lacking proper credentials
- Engaged in deceptive practices regarding the nature of their program
- Subjected students to discriminatory practices, including:
    - Anti-LGBTQ+ conversion therapy tactics
    - Racial discrimination against minority students
    - Religious indoctrination and punishment
- Caused severe emotional distress

The key legal issues include:

1. Whether SHA breached its duty of care and fiduciary duties to a minor in its custody

2. Whether SHA's actions constituted intentional torts including sexual assault, battery, false imprisonment, and kidnapping

3. Whether SHA engaged in fraudulent misrepresentation regarding its services

4. Whether SHA is liable for civil rights violations related to discrimination

5. Whether SHA's systematic misconduct constitutes RICO violations

6. Whether SHA's conduct constitutes gross negligence warranting punitive damages

7. Whether SHA violated state regulations regarding residential treatment facilities

8. Whether SHA is liable under respondeat superior for staff misconduct

9. Whether SHA's actions constitute intentional infliction of emotional distress

10. Whether the discovery rule tolls applicable statutes of limitations

The above factual outline and legal issues are supported by documentary evidence, witness testimony, and expert analysis to be developed through discovery.

(2)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**RESPONSE:**

    Georgia Statutory Authority:
      a. Tort Claims:
          i. O.C.G.A. § 51-1-1 et seq. (General Provisions - Torts)
          ii. O.C.G.A. § 51-1-6 (Breach of Legal Duty)
          iii. O.C.G.A. § 51-1-8 (Torts Stemming from Breach of Duty)
          iv. O.C.G.A. § 51-1-14 (Violent Injury)
          v. O.C.G.A. § 51-2-1 et seq. (Imputable Negligence)
          vi. O.C.G.A. § 51-2-4 (Liability for Torts of Independent Contractor)
          vii. O.C.G.A. § 51-2-5 (Employer Liability Exceptions)
      b. Sexual Assault/Battery:
          i. O.C.G.A. § 16-6-5.1 (Sexual Assault)
          ii. O.C.G.A. § 16-6-22.1 (Sexual Battery)
      c. False Imprisonment/Kidnapping:
          i. O.C.G.A. § 16-5-40 (Kidnapping)
          ii. O.C.G.A. § 16-5-41 (False Imprisonment)
      d. Child Protection:
          i. O.C.G.A. § 16-5-70 (Cruelty to Children)
          ii. O.C.G.A. § 19-7-5 (Reporting of Child Abuse)
          iii. O.C.G.A. § 49-5-1 et seq. (Children and Youth Services)
      e. Damages:
          i. O.C.G.A. § 51-12-1 et seq. (Damages Generally)
          ii. O.C.G.A. § 51-12-5.1 (Punitive Damages)
          iii. O.C.G.A. § 51-12-6 (Injury to Peace, Happiness, or Feelings)
          iv. O.C.G.A. § 13-6-11 (Recovery of Litigation Expenses)
      f. Business/Corporate:
          i. O.C.G.A. § 14-2-510(b)(1) (Corporate Venue)
      g. RICO:
          i. O.C.G.A. § 16-14-1 et seq. (Georgia RICO Act)
    Legal Principles and Standards:
      h. Duties of Care:
          i. Heightened duty to minors in custody
          ii. Fiduciary duty in special relationships
          iii. Professional standard of care

        iv. In loco parentis responsibilities
- i. Liability Theories:
    - i. Respondeat superior
    - ii. Direct corporate liability
    - iii. Agency principles
    - iv. Joint and several liability
- j. Negligence Standards:
    - i. Ordinary negligence
    - ii. Gross negligence
    - iii. Professional negligence
    - iv. Willful and wanton conduct
- k. Institutional Liability:
    - i. Corporate negligence
    - ii. Negligent hiring/retention
    - iii. Negligent supervision
    - iv. Negligent training

Regulations:
- l. State Regulations:
    - i. Ga. Comp. R. & Regs. r. 290-2-5 (Child Caring Institutions)
    - ii. Ga. Comp. R. & Regs. r. 290-9-2 (Rules for Child Caring Institutions)
- m. Professional Standards:
    - i. American Psychological Association Ethics Code
    - ii. National Association of Therapeutic Schools and Programs Standards
    - iii. Joint Commission Standards for Behavioral Healthcare

Relevant Case Law:
- n. Duty/Standard of Care:
    - i. *Ball v. Bright Horizons Children Ctr.*, 260 Ga.App.158 (2003) (noting the duty of care to a minor is that of an "average responsible parent").
- o. Sexual Assault/Battery:
    - i. *Madison v. State*, 329 Ga.App. 856 (2014) (stating consent obtained through either fear or intimidation does not amount to consent in law).
- p. False Imprisonment:
    - i. *Rehberger v. State*, 235 Ga.App. 827 (1998) (discussing the elements of false imprisonment and emphasizing that length of confinement is immaterial to the analysis).
- q. Punitive Damages:

    i. *Taylor v. Devereux Foundation, Inc.*, 316 Ga. 44 (2023) (noting the cap on punitive damages does not apply when the tortfeasor acted with the specific intent to cause harm).
  r. Impact Rule:
    i. *Phillips v. Marquis at Mt. Zion-Morrow, LLC.*, 305 Ga.App. 74 (2010) (discussing the exception to the impact rule requiring a physical injury and noting a pecuniary loss will satisfy the test if it results from an injury to the person that is not physical, i.e. mental injury).
  s. RICO:
    i. *Bazemore v. U.S. Bank National Association*, 363 Ga.App. 723 (2022).

Plaintiff will supplement this response as other legal authorities become relevant/apparent as this case progresses throughout discovery.

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:**

Please see Attachment A.

(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**RESPONSE:**

Please see Attachment B.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:**

Please see Attachment C.

(6)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

**RESPONSE:**

Please see Attachment D.

(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Please see Attachment E.

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**RESPONSE:**

Plaintiff is not aware of any person or legal entity who has a subrogation interest that is relevant to this matter at this time. Plaintiff reserves the right to supplement or amend this disclosure after Defendant has responded to this disclosure.

Respectfully Submitted,

**MITCHELL E. MCGOUGH LAW, LLC**
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
(404) 994-4357
(404) 600-1287 Fax
mitchell@mitchellmcgoughlaw.com

BY: */s/ Mitchell E. McGough*
    Mitchell E. McGough
    Georgia Bar No. 460942

and

Gareth S. Purnell (*Admitted Pro Hac Vice*)
Simon B. Purnell (*Admitted Pro Hac Vice*)
**GRIFFIN PURNELL LLC**
2037 Airline Road, Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
(361) 356-4348 Fax
gareth@griffinpurnell.com
simon@griffinpurnell.com
Service email: support@griffinpurnell.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  This is to certify that on the 31st day of January 2025, the foregoing document was served on all known counsel of record in accordance with the Federal Rules of Civil Procedure.

Brynda Rodriguez Insley
Catherine M. Banich
Jennifer L. Clark
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

***Attorneys for Defendant***
***Shepherd's Hill Academy, Inc.***

                */s/ Mitchell E. McGough*
                Mitchell E. McGough

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| CARLEY COLLINS § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. 2:24-cv-00292-RWS |
| § | |
| SHEPHERD'S HILL ACADEMY, INC. § | |
| *Defendant* § | |

# ATTACHMENT A

(1) Shepherd's Hill Academy, Inc.
Including but not limited to its employees, agents and representatives
c/o Brynda Rodriguez Insley
Catherine M. Banich
Jennifer L. Clark
**Taylor English Duma LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(404) 867-6609
Defendant.

(2) Carley Collins
c/o Griffin Purnell LLC
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
Plaintiff.

(3) Lauren Allison
c/o Griffin Purnell LLC
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
Plaintiff.

(4) Eliza Shepherd
c/o Griffin Purnell LLC
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
Plaintiff.

(5) Trace Embry
Founder
Shepherd's Hill Academy, Inc.
2200 Price Rd.
Martin, Georgia 30557
(706) 703-4188

(6) Beth Embry
Founder
Shepherd's Hill Academy, Inc.
2200 Price Rd.
Martin, Georgia 30557
(706) 703-4188

(7) Allison Wallace
Chief Executive Officer
Shepherd's Hill Academy, Inc.
2200 Price Rd.
Martin, Georgia 30557
(706) 703-4188

(8) Joshua Wallace
Director of Operations
Shepherd's Hill Academy, Inc.
2200 Price Rd.
Martin, Georgia 30557
(706) 703-4188

(9) Elise Thrift, LPC
(706) 207-5436

(10) Brandee Grissett
Piece of Mind Counseling

       1804 Brothers Blvd. Suite A
       College Station, Texas 77845
       Healthcare provider.

(11)    The Couch Therapy
       1312 W. Exchange Pkwy, Suite 2140
       Allen, Texas 75013
       (903) 392-0912
       Healthcare provider.

(12)    Madeleine Dale
       Tuesday Counseling PLLC
       614 W. Davis St, Suite 608
       Dallas, Texas 75208
       Healthcare provider.

(13)    Plaintiff also hereby discloses all witnesses listed by Defendants in this case and/or any Shepherd's Hill Academy, Inc. litigation cases.

(14)    All witnesses deposed in this case and/or any Shepherd's Hill Academy, Inc. litigation cases.

(15)    All witnesses listed in any deposition taken in this case and/or any Shepherd's Hill Academy, Inc. litigation cases.

(16)    Any and all records custodians, live or by deposition upon written questions.

(17)    Any and all healthcare providers identified in the medical records produced in this case.

(18)    Any and all witnesses necessary for rebuttal.

(19)    Other witnesses whose identities are not yet known or discoverable.

       Plaintiff reserves the right to supplement these disclosures in accordance with the Federal Rules of Civil Procedure as necessary.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| CARLEY COLLINS § | |
| *Plaintiff* § | |
| § | |
| v. § | Civil Action No. 2:24-cv-00292-RWS |
| § | |
| SHEPHERD'S HILL ACADEMY, INC. § | |
| *Defendant* § | |

# ATTACHMENT B

Plaintiff identifies individuals named in paragraph (3) above as individuals who may be used at trial to present evidence. Plaintiff will disclose Fed.R.Civ.P. 26(a)(2) witness(es) in accordance with the scheduling order entered in this matter. Discovery is ongoing and Plaintiff will supplement when information relevant to this paragraph becomes available.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CARLEY COLLINS §<br>    *Plaintiff* §<br>§<br>v. §<br>§<br>SHEPHERD'S HILL ACADEMY, INC. §<br>    *Defendant* § | Civil Action No. 2:24-cv-00292-RWS |

# ATTACHMENT C

The following documents are in the possession, custody, or control of the Plaintiff and may be used to support the allegations in this case:

- COLLINS 000001-000002 Madeleine Dale (B&M-AFF)
- COLLINS 000003-000004 Advanced Diagnosis and treatment plan – 32523181
- COLLINS 000005 Chart Note 2024-08-07 121816 611770445
- COLLINS 000006 Chart Note 2024-08-21 123700 617130850
- COLLINS 000007 Chart Note 2024-09-04 111637 622343437
- COLLINS 000008 Chart Note 2025-01-16 115335 677887647
- COLLINS 000009 Mental Status Exam 2024-07-31 123116 11436509
- COLLINS 000010-000011 Progress Note 2024-07-30 150000 609071947
- COLLINS 000012-000013 Progress Note 2024-08-06 150000 611767456

- COLLINS 000014-000015 Progress Note 2024-08-13 150000 614263282
- COLLINS 000016-000017 Progress Note 2024-08-20 150000 616830817
- COLLINS 000018-000019 Progress Note 2024-08-27 150000 619706279
- COLLINS 000020-000021 Progress Note 2024-09-10 150000 625168246
- COLLINS 000022-000023 Progress Note 2024-09-18 160000 628933279
- COLLINS 000024-000025 Progress Note 2024-09-24 150000 630852832
- COLLINS 000026-000027 Progress Note 2024-10-01 150000 633665750
- COLLINS 000028-000029 Progress Note 2024-10-09 130000 637030358
- COLLINS 000030-000031 Progress Note 2024-10-15 150000 639265676
- COLLINS 000032-000033 Progress Note 2024-10-29 150000 644999171
- COLLINS 000034-000035 Progress Note 2024-11-05 150000 648240715
- COLLINS 000036-000037 Progress Note 2024-11-26 150000 656843620
- COLLINS 000038-000039 Progress Note 2024-12-03 150000 659140986

- COLLINS 000040-000041 Progress Note 2024-12-11 150000 662855742

- COLLINS 000042-000043 Progress Note 2024-12-20 150000 667785685

- COLLINS 000044-000045 Progress Note 2024-12-26 150000 668504350

- COLLINS 000046-000047 Progress Note 2025-01-09 170000 674816274

- COLLINS 000048-000049 Progress Note 2025-01-14 130000 677289628

- Any and all documents produced by parties in this case and/or any other Shepherd's Hill Academy, Inc. litigation cases.

- All depositions and their associated exhibits taken in this case and/or in other Shepherd's Hill Academy, Inc. litigation cases.

- All discovery responses from Defendant in this and/or in other Shepherd's Hill Academy, Inc. litigation cases.

- All filings in this case and in other Shepherd's Hill Academy, Inc. litigation cases.

- All expert reports filed in this case and other Shepherd's Hill Academy, Inc. litigation cases.

Plaintiff reserves the right to supplement these disclosures in accordance with the Federal Rules of Civil Procedure as necessary.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CARLEY COLLINS<br>*Plaintiff* | §<br>§<br>§ | |
| v. | § | Civil Action No. 2:24-cv-00292-RWS |
| | § | |
| SHEPHERD'S HILL ACADEMY, INC.<br>*Defendant* | §<br>§<br>§ | |

## **ATTACHMENT D**

In general, Plaintiff seeks a final judgment against the Defendant to recover for damages as pled in the Complaint filed in this matter at Doc #1-1 and the First Amended Complaint at Doc 1-1. The categories of damages in this case will include, without limitation, compensatory damages in an amount sufficient to fairly and completely compensate Plaintiff for the harm done by the Defendant. More specifically Plaintiff seeks:

1. Economic Damages:

   a. Medical expenses

      i. Past psychological/psychiatric treatment from 2020-present

      ii. Ongoing and future mental health treatment

      iii. Specific amounts to be determined through medical billing records and expert testimony

      iv. Treatment for injuries sustained during transport

  b. Educational damages

   i. Additional schooling required due to non-transferable credits and/or remedial education costs

   ii. Exact amounts to be calculated based on educational records and expert analysis

  c. Lost earnings/reduced earning capacity

   i. Delayed entry into workforce

   ii. Impact on future earnings due to educational disruption

   iii. Calculation pending vocational and economic expert analysis

 2. Non-Economic Damages (amounts to be determined at trial):

  a. Severe emotional trauma and PTSD from:

   i. Sexual assault and privacy violations

   ii. Physical abuse and forced labor

   iii. Inhumane living conditions

   iv. Religious/conversion therapy trauma

   v. Isolation and communication restrictions

   vi. Transport trauma and physical restraints

  b. Ongoing psychological injuries including:

   i. Anxiety

   ii. Depression

   iii. Loss of trust/inability to form relationships

   iv. Sleep disorders

   v. Eating disorders

  c. Loss of dignity and self-worth

  d. Pain and suffering

  e. Loss of enjoyment of life

 3. Punitive Damages

  a. Amount to be determined by jury based on evidence of willful misconduct and conscious indifference

 4. Attorneys' Fees and Costs

  a. Pursuant to O.C.G.A. § 13-6-11 due to Defendant's bad faith

The precise calculation of damages, particularly regarding the profound mental and emotional toll on Ms. Collins, will be established through:

 - Mental health expert testimony

 - Treatment records

 - Witness testimony regarding changes in personality and behavior

 - Ms. Collins' testimony about ongoing impact

 - Family testimony about lasting effects

 - Economic expert analysis of lifetime impact

Plaintiff reserves the right to amend these damage calculations as additional evidence is developed through discovery. Plaintiff reserves the right to revise this list of damages as discovery progresses.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

CARLEY COLLINS §
    *Plaintiff* §
   §
v. § Civil Action No. 2:24-cv-00292-RWS
   §
SHEPHERD'S HILL ACADEMY, INC. §
    *Defendant* §

# ATTACHMENT E

- Markel Insurance Company

- Philadelphia Indemnity Insurance Company

Plaintiff reserves the right to supplement or amend this disclosure after Defendants have responded to this disclosure.