UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CARLEY COLLINS<br>*Plaintiff* | §<br>§<br>§ |
| v. | §   Civil Action No.<br>§   2:24-cv-00292-RWS<br>§ |
| SHEPHERD'S HILL ACADEMY, INC.<br>*Defendant* | §<br>§ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

This is a civil action brought by Carley Collins against Shepherd's Hill Academy, Inc. alleging multiple causes of action including breach of contract, fraud, breach of fiduciary duty, assault and battery, kidnapping, intentional and negligent infliction of emotional distress, negligence, gross negligence, willful misconduct, RICO violations, sexual assault, racial discrimination, and premises liability arising from her time as a student at the residential program from January 2020 to December 2020.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Carley Collins was enrolled at Shepherd's Hill Academy (SHA), a residential program in Georgia, from January 15, 2020 to December 16, 2020, when she was 16-17 years old. She alleges she was transported against her will to the facility, subjected to abusive conditions including inadequate living facilities, excessive discipline, restricted communication with family, inadequate medical care, and various forms of physical and emotional abuse. SHA denies all allegations of wrongdoing and maintains it operated in accordance with applicable rules, regulations and industry standards for Outdoor Child-Caring Programs.

(c) Defendant denies that there are any legal issues to be tried. Plaintiff contends that the legal issues to be tried are as follows:

1. Breach of Contract Issues:

2. Fraud and Misrepresentation Issues:

3. Fiduciary Duty Issues:

4. Assault and Battery Issues:

5. Kidnapping/False Imprisonment Issues:

6. Emotional Distress Issues:

7. Negligence Issues:

8. Gross Negligence Issues:

9. Willful Misconduct Issues:

10. RICO Issues:

11. Sexual Assault Issues:

12. Racial Discrimination Issues:

13. Premises Liability Issues:

14. Damages Issues:

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

- Lauren Allison v Shepherd's Hill Academy, Inc.; In the United States

District Court, Northern District of Georgia – Gainesville Division; Case No. 2:24-cv-00293-RWS; and

- Eliza Shepherd v Shepherd's Hill Academy, Inc.; In the United States District Court, Northern District of Georgia – Gainesville Division; Case No. 2:24-cv-00291-RWS.

(2) Previously Adjudicated Related Cases:

None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

|        |       |                                                                  |
|--------|-------|------------------------------------------------------------------|
| _____  | (1)   | Unusually large number of parties                                |
| X      | (2)   | Unusually large number of claims or defenses                     |
| _____  | (3)   | Factual issues are exceptionally complex                         |
| _____  | (4)   | Greater than normal volume of evidence                           |
| X      | (5)   | Extended discovery period is needed                              |
| _____  | (6)   | Problems locating or preserving evidence                         |
| _____  | (7)   | Pending parallel investigations or action by government          |
| _____  | (8)   | Multiple use of experts                                          |
| _____  | (9)   | Need for discovery outside United States boundaries              |
| _____  | (10)  | Existence of highly technical issues and proof                   |
| X      | (11)  | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff:</u>**

Gareth S. Purnell (Lead Counsel)
Griffin Purnell
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
(361) 356-4348 Fax

gareth@griffinpurnell.com

Simon B. Purnell
Griffin Purnell
2037 Airline Rd., Suite 200
Corpus Christi, Texas 78412
(361) 262-1776
(361) 356-4348 Fax
simon@griffinpurnell.com

Mitchell E. McGough
Mitchell E. McGough Law, LLC
945 E Paces Ferry Rd NE, Ste 2250
Atlanta, Georgia 30326
(404) 994-4357
(404) 600-1287 Fax
mitchell@mitchellmcgoughlaw.com

**Defendant:**

Brynda Rodriguez Insley (Lead Counsel)
Georgia Bar No. 611435
Catherine M. Banich
Georgia Bar No. 260514
Jennifer L. Clark
Georgia Bar No. 391855

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
770-434-6868- Telephone
770-434-7376- Facsimile
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com

4.   **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes   _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.   **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

**Plaintiff:**

None.

**Defendant:**

The individuals or entities whom Plaintiff contends transported Plaintiff to Shepherd's Hill Academy.

(b)   The following persons are improperly joined as parties:

**Plaintiff:**

None.

**Defendant:**

None; however, SHA denies that it transported Plaintiff to its campus or entered into any agreement concerning the transportation of Plaintiff to its campus.

(c)   The names of the following parties are either inaccurately stated or necessary

portions of their names are omitted:

**Plaintiff:** None.

**Defendant:** None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiff:** None.

**Defendant:** None.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a)    Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b)    Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Plaintiff:** Plaintiff does not object and will serve them on Defendant.

**Defendant:** Defendant does not object and will serve them on Plaintiff.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**RESPONSE:**

The parties do not request a Scheduling Conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff:**

1. Personnel and Training Records:
- Staff qualifications and credentials
- Staff training materials and procedures
- Personnel files for staff who interacted with plaintiff
- Hiring and supervision policies
- Staff disciplinary records
- Staff-to-student ratios

2. Policies and Procedures:
- Student discipline policies
- Medical care protocols
- Educational curriculum standards
- Communication restriction policies
- Religious instruction policies
- Transport policies
- Safety and emergency protocols
- COVID-19 response procedures
- Mental health treatment protocols

3. Facility Records:
- Building inspection records
- Maintenance records
- Health department inspections
- Fire safety inspections
- Occupancy permits
- Construction records for shelters/cabins
- Food service inspections
- Utility records

4. Medical/Treatment Records:
- Plaintiff's medical records
- Treatment plans
- Progress notes
- Medication records
- COVID-19 testing/treatment records
- Mental health evaluations
- Therapy session notes
- Staff qualifications to provide treatment

5. Educational Records:
- Academic records
- Curriculum materials
- Teacher qualifications
- Class schedules
- Academic progress reports
- Credit transfer policies
- Accreditation records

6. Marketing/Business Records:
- Marketing materials
- Website content
- Parent communications
- Enrollment agreements
- Fee structures
- Insurance billing records
- Financial records
- Corporate formation documents
- Business licenses

7. Incident Reports:
- Disciplinary reports involving plaintiff
- Accident/injury reports
- Staff misconduct reports
- Student complaints
- Parent complaints
- Regulatory compliance reports
- Health/safety incident reports

8. Communications:
- Internal staff communications about plaintiff
- Communications with plaintiff's parents
- Communications with transport company
- Communications with regulators
- Communications about facility conditions
- Communications about COVID-19 response

9. Regulatory/Compliance:
- State licensing records
- Regulatory inspections
- Compliance reports
- Corrective action plans
- Government investigations
- Accreditation records

10. Other Student Records:
- Records of other student complaints
- Records of disciplinary actions
- Records of medical incidents
- Records of facility conditions complaints
- Records related to racial discrimination claims

11. Transport Records:
- Agreements with transport companies
- Transport company policies
- Transport incident reports
- Staff training for transport
- Consent forms for transport
- Communications about transports

12. Corporate Records:
- Corporate structure documents
- Board meeting minutes
- Corporate policies
- Insurance policies
- Risk management procedures
- Relationship with other TTI programs

13. Visual/Audio Evidence:
- Photographs of facilities
- Video surveillance footage
- Audio recordings
- Property maps/diagrams
- Facility blueprints

14. Third Party Records:
- Records from the transport company
- Records from medical providers
- Records from educational authorities
- Records from regulatory bodies
- Records from accrediting organizations

15. Financial Records:
- Billing records
- Insurance claims
- Payment records
- Financial statements
- Tax returns relevant to operations

**Defendant:**

Defendant contends that discovery may be needed on Plaintiff's claims and the Defendants' defenses on liability, causation and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Plaintiff:**

Plaintiff agrees with Defendant's statement below.

**Defendant:**

As noted above, Plaintiff's Complaint contains an unusually large number of claims, and there are significant amounts of ESI to be preserved and searched. SHA

submits that the parties will pursue discovery diligently and, at this time, anticipate that discovery can be completed within the eight-month period.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Plaintiff:**

Plaintiff maintains that the cost burden of searching through and producing evidence remains the duty of the party in control. Plaintiff agrees to cost share the agreed upon platform used to maintain relevant documents that will be produced to Plaintiff.

**Defendant:**

Defendant anticipates that it will be unduly burdensome and costly to search and produce ESI, and requests cost sharing with Plaintiff. After conferring in good faith, the parties will raise any disagreements with Ms. Kemp and advise her that the party seeks relief with respect to a discovery matter. The issue will thereafter be handled in accordance with Section II b. iii of the Court's Standing Order.

(b) Is any party seeking discovery of electronically stored information?

　　_X_ Yes　　　　_____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Plaintiff:**

Plaintiff agrees with Defendant's statement below.

**Defendant:**

At this time, the parties to this Report have not agreed, one way or the other, to limit the scope of electronic production, and they believe it will be more efficient and productive to confer as those issues arise, and to raise any disagreements with Ms. Kemp and advise her that the party seeks relief with respect to a discovery matter. The issue will thereafter be handled in accordance with Section II b. iii of the Court's Standing Order. At this time, the parties do not expect to have discovery issues regarding electronic discovery specifically, but rather expect to have disagreements as to the subject matter of discovery.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Plaintiff:**

Plaintiff agrees with Defendant's statement below.

**Defendant:**

At this time, the parties to this Report have not agreed, one way or the other, regarding the format for the production of ESI, and they believe it will be more efficient and productive to confer as those issues arise, and to raise any disagreements with Ms. Kemp and advise her that the party seeks relief with respect to a discovery matter. The issue will thereafter be handled in accordance with Section II b. iii of the Court's Standing Order. At this time, the parties do not expect to have discovery issues regarding the format of ESI.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule

26(c) or under Rule 16(b) and (c)?

### Plaintiff:

The parties will submit a joint protective order to the Court addressing anticipated confidentiality concerns.

### Defendant:

The parties will submit a joint protective order to the Court addressing anticipated confidentiality concerns.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 23, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):    /s/ Gareth S. Purnell

Other participants:

For Defendant: Lead counsel (signature):    /s/ Brynda R. Insley

Other participants:    /s/ Catherine M. Banich
/s/ Jennifer L. Clark

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_) A possibility of settlement before discovery.
(X) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

(c)    Counsel (X) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The

proposed date of the next settlement conference is not yet decided upon by the parties.

  (d) The following specific problems have created a hindrance to settlement of this case.

 **Response:**
 None.

14. **Trial by Magistrate Judge:**

 Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

  (a) The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 20__.

  (b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

 This Joint Preliminary Report is submitted on February 14, 2025.

 Proposed order, signature page, and certificate page follow.

# **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the following time limits apply to this case:

- **The discovery period ends, and discovery must be completed by October 1, 2025.**

- **Motions for summary judgment must be filed by November 3, 2025.**

- **If no summary judgment motion is filed on November 3, 2025, then the parties shall submit a proposed consolidated pre-trial order no later than December 4, 2025. Otherwise, the proposed consolidated pretrial order must be filed within 30 days after the Court's ruling on any pending motions for summary judgment.**

The time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

This Report is submitted on February 14, 2025.

| | |
|---|---|
| */s/ Mitchell E. McGough* <br> Mitchell E. McGough, Esq. <br> Georgia Bar No 460942 <br> *(Signed with Express Permission Catherine M. Banich, Esq.)* <br><br> MITCHELL E. MCGOUGH LAW, LLC <br> 945 E Paces Ferry Rd NE, Ste 2250 <br> Atlanta, Georgia 30326 <br> mitchell@mitchellmcgoughlaw.com <br><br> */s/ Gareth S. Purnell* <br> Gareth S. Purnell, Esq. <br> Texas State Bar No. 24130028 <br> Simon B . Purnell <br> (TX SBN 24003889) <br> *(Signed with Express Permission Catherine M. Banich, Esq.)* <br><br> *Attorneys for Plaintiff* <br><br> GRIFFIN PURNELL, LLC <br> 2037 Airline Road, Suite 200 <br> Corpus Christi, Texas 784132 <br> gareth@griffinpurnell.com <br> simon@griffinpurnell.com <br> Service email: <br> support@griffinpurnell.com | */s/ Catherine M. Banich* <br> BRYNDA RODRIGUEZ INSLEY <br> Georgia Bar No. 611435 <br> CATHERINE M. BANICH <br> Georgia Bar No. 260514 <br> JENNIFER L. CLARK <br> Georgia Bar No. 391855 <br><br> *Attorneys for Defendant* <br> *Shepherd's Hill Academy, Inc.* <br><br> TAYLOR ENGLISH DUMA LLP <br> 1600 Parkwood Circle, Suite 200 <br> Atlanta, Georgia 30339 <br> 770-434-6868- Telephone <br> 770-434-7376- Facsimile <br> binsley@taylorenglish.com <br> cbanich@taylorenglish.com <br> jclark@taylorenglish.com |

## **CERTIFICATE OF SERVICE**

I certify that, on February 14, 2025, I served this **Joint Preliminary Report And Discovery Plan** by using the CM/ECF service, which automatically serve by electronic service the following counsel of record:

Brynda Rodriguez Insley
Catherine M. Banich
Jennifer Clark
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Cir, Ste 200
Atlanta, Georgia 30339
Tel: 770-434-6868
binsley@taylorenglish.com
cbanich@taylorenglish.com
jclark@taylorenglish.com
*Attorney for Defendant*
*Shepherd's Hill Academy, Inc.*

                                          */s/ Gareth S. Purnell*
                                            Gareth S. Purnell